IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NHI, INC., f/n/a NANTICOKE | ) | Bankruptcy Case No. 02-10651 (PJW) |
| HOME, INC., a Delaware Corp., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| NHI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLEETBOSTON FINANCIAL | ) | |
| CORPORATION, KMR MANAGEMENT, | ) | Adversary No. 04-52879 |
| INC., ROBERT RIESNER, and | ) | |
| WARING S. JUSTIS, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FLEETBOSTON FINANCIAL | ) | |
| CORPORATION, KMR MANAGEMENT, | ) | Civil Action No. 05-004 (SLR) |
| INC., ROBERT RIESNER, and | ) | |
| WARING S. JUSTIS, JR., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NHI, INC., | ) | |
| | ) | |
| Appellee. | ) | |

| | |
|---|---|
| FLEETBOSTON FINANCIAL            )<br>CORPORATION, KMR MANAGEMENT, )<br>INC., ROBERT RIESNER, and          )<br>WARING S. JUSTIS, JR.,                  )<br>                                                          )<br>         Appellants,                            )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>NHI, INC.,                                          )<br>                                                          )<br>         Appellee.                               )<br>_____) | Civil Action No. 05-659 (SLR) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE APPEALS BY APPELLANTS FLEETBOSTON FINANCIAL CORPORATION, KMR MANAGEMENT, INC., ROBERT RIESNER AND WARING S. JUSTIS, JR.

#### I.      INTRODUCTION

Pursuant to Rule 8011(b) of the Untied States Bankruptcy Rules, Appellants FleetBoston Financial Corporation, KMR Management, Inc., Robert Riesner and Waring S. Justis, Jr. (collectively, "Appellants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Consolidate Appeals. For the reasons set forth below, the Order submitted herewith should be entered consolidating Civil Action No. 05-654 into Civil Action No. 05-004 (collectively, the "Appeals").

#### II.     FACTS

**A.     Bankruptcy Court Procedural History**

On March 1, 2002, NHI, Inc. ("NHI") filed its voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the United States Bankruptcy Code.

On February 27, 2004, NHI filed an adversary complaint against Appellants in Adversary No. 04-52879 [D.I. 1]. The complaint contained counts for breach of contract, breach of covenant of good faith and fair dealing, gross negligence, breach of fiduciary duty, fraud, waste of corporate assets, tortuous interference with contract and prospective business advantage, fraudulent transfers pursuant to federal and state law (Delaware and Maryland), fraudulent conveyances pursuant to federal and state law (Delaware and Maryland), and avoidance of preferences pursuant to § 547 of the Bankruptcy Code. All acts in the complaint were alleged to have occurred from October 2000, when KMR entered into a consulting agreement with NHI, until NHI filed for bankruptcy on March 1, 2002.

### 1. Appellant's First Appeal (Civil Action No. 05-004)

Appellants filed a Motion to Dismiss the complaint on June 1, 2004 [D.I. 12]. NHI responded to the Motion to Dismiss and attached an amended complaint to the response [D.I. 17]. At the pretrial hearing on July 8, 2004, the parties orally stipulated on the record that the amended complaint attached as an Exhibit to plaintiff's answer to Appellants' motion to dismiss would be deemed filed as of July 8, 2004.

NHI alleged throughout its initial complaint and again through its first amended complaint that Appellants were acting as agents of Mercantile Safe Deposit and Trust Company ("Mercantile"). Appellants discovered that Plaintiff released Mercantile and its agents on February 26, 2002 in a written document filed with the Court in the main bankruptcy case and in the Cash Collateral Agreement and Consent Order [D.I. 34] stating that "no offsets, defenses or counterclaims to the [pre-petition indebtedness to Mercantile] exist . . ."

Accordingly, on August 5, 2004, Appellants filed a motion to dismiss [D.I. 26] the first amended complaint filed by NHI based on its February 26, 2002 release of Appellants.

NHI filed an answering brief to the motion to dismiss [D.I. 29] on September 8, 2004, wherein it repeated its allegations of agency on the part of Appellants as agent and Mercantile as principal. Appellants filed a reply brief in response to NHI's answering brief of in opposition to defendant's motion to dismiss NHI's amended complaint, which was filed on September 15, 2004 [Docket No. 30].

On October 8, 2004, the Bankruptcy Court entered a letter on the docket converting Appellants' motion for summary judgment and directing that NHI file a supplemental answering brief to its answering brief [D.I. 32]. The Court's letter stated in part:

> I believe it is incumbent upon Plaintiff to present facts which negate an agency relationship or otherwise show why the release provision does not apply to Defendants.

On October 29, 2004, NHI filed a Certification ("Certification") with the Bankruptcy Court [D.I. 33] requesting extensive discovery on the issue of agency to prove that, despite the allegations in its complaint, amended complaint and answering brief to the motion to dismiss, it had documents in its possession showing that Appellants were not agents of Mercantile. NHI further informed the Bankruptcy Court in its certification that it might amend its amended complaint further on the issue of agency. On November 12, 2004, Appellants filed a motion to strike certification of counsel for NHI. [D. I. 35] and a memorandum of law in support of Appellants' motion to strike NHI's certification of counsel [D.I. 36] on the basis that NHI"s Certification was improper and was in the nature of an *ex parte* communication to the Bankruptcy Court. On November 22, 2004, NHI filed an answer to motion to strike certification of counsel for NHI [Docket No. 39] and a memorandum of law in opposition to Appellants' motion to Strike Certification of Counsel for Plaintiff NHI, Inc. [Docket No. 40]. On November

30, 2004, Appellants filed a Reply Brief in Response to NHI's answer to Appellants' motion to strike NHI's certification of counsel [Docket No. 41].

On December 1, 2004, NHI filed an Agenda for the December 3, 2004 Omnibus Hearing ("Agenda") [D.I. 662]. In the Agenda, NHI requested a status conference on the adversary proceeding.

On December 3, 2004 counsel for NHI and the Appellants appeared at the Omnibus Hearing and the Bankruptcy Court conducted a status conference at which time it addressed the agency allegations. At the conclusion of the status conference, the Bankruptcy Court found that despite NHI's contention to the contrary, it had in fact alleged agency in paragraph 33 of its amended complaint. After the Bankruptcy Court found that NHI had alleged agency in its pleadings, NHI stated upon further questioning by the Court that it would not be pursuing the issue of agency. Thereafter, the Bankruptcy Court entered a bench ruling effectively denying Appellants' motion to dismiss and directing NHI to amend its amended complaint to remove all allegations of agency between Appellants and Mercantile. It is form the December 3, 2004 bench ruling that Appellant filed its first appeal which is docketed at Civil Action No. 05-004.

## 2. Appellant's Second Appeal (Civil Action No. 05-659)

On December 10, 2004, NHI filed a second amended complaint in which it removed paragraph 33 of its original complaint. [D.I. 45]. Appellants filed a motion to dismiss the second amended complaint because all the allegations of agency remained except for the most blatant and explicit allegation, paragraph 33, as pointed out by the Bankruptcy Court.

On February 10, 2005, the Bankruptcy Court denied Appellants motion to dismiss the second amended complaint [D.I. 66 Order and D.I. 65 Memorandum Opinion]. It is from the

February 10, 2005 Order and Memorandum Opinion that Appellant filed its Second Appeal which id docketed at Civil Action No. 05-654.

**B.    Appellate Procedural History**

On December 13, 2004, Appellants filed a motion for leave to appeal the Bankruptcy Court's December 3, 2004 bench ruling denying Appellants' motion to dismiss. On December 13, 2004, Appellants filed a notice of appeal of the Bankruptcy Court's Order [D.I. 47]. On January 12, 2005, a motion for stay pending appeal was file with the Bankruptcy Court [D.I. 58]. This appeal was designated Civil Action No. 05-004 (SLR).

On February 22, 2005, Appellants concurrently filed a motion for leave to appeal the Bankruptcy Court's February 10, 2005 Order denying Appellants' motion to dismiss the second amended complaint [D.I. 66], a notice of appeal of the Bankruptcy Court's Order [D.I. 156], and a motion seeking for a stay pending appeal [D.I. 69] . This appeal was designated Civil Action No. 05-659 (SLR).

## IV.    ARGUMENT

Bankruptcy Rule 8011(b) provides for the consideration and disposition of procedural issues that arise during the pendency of an appeal and states in pertinent part that "motions for procedural orders... may be acted on at any time, without awaiting a response thereto and without hearing." Fed. R. Bankr. P. 8011(b). Pursuant to Bankruptcy Rule 8011(b), Appellants seek a procedural order consolidating Civil Action No. 05-004 into Civil Action 05-659. Neither Rule 8011(b) nor any caselaw provide guidance as to the standard a district court should use when determining whether to consolidate appeals from a bankruptcy court. However, Federal Rule of Appellate Procedure 3(b) provides for the consolidation of appeals from a district court to a circuit court of appeals and provides guidance. The Tenth Circuit has held that Federal Rule

of Appellate Procedure 3(b) is analogous to Federal Rule of Civil Procedure 42(a) and has further recognized that the legal authority interpreting the effect of Rule 42(a) regarding consideration of trials and hearings is plentiful in providing guidance under which to analyze the consolidation of appeals. U.S. v. Tippett, 975 F.2d 713, 716 (10th Cir. 1992) (adopting Rule 42(a) in its consolidation analysis but distinguished from the facts of Appellants' case because appeals sought to be consolidated in Tippett related to separate criminal defendants as opposed to appeals of orders from the identical parties in the same underlying bankruptcy adversary proceeding). Similarly, the Fifth Circuit in interpreting the consolidation of appeals under Federal Rule of Appellate Procedure 3(b) looked to see whether the appeals arose from the same set of operative facts, which is the standard Courts use under Rule 42(a) of the Federal Rules of Civil Procedure. Medlin v. Palmer, 874 F.2d 1085, 1088 (5th Cir. 1989). Consequently, Rule 42(a) of the Federal Rules of Civil Procedure provides an appropriate analysis that a Court may employ when determining whether to consolidate Appeals pursuant to Rule 8011.

FRCP Rule 42(a) states as follows:

> **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a)

Under Rule 42(a), separate actions involving common questions of law or fact may, in the discretion of the Court, be consolidated for trial. Waste Distillation Technology, Inc. v. Pan American Resources, Inc., 775 F.Supp. 759 (D. Del.1991) (allowing consolidation where suits involved same plaintiff, identical factual setting, same witnesses, documents, and exhibits,

asserted identical legal issues, and differed only in additional claim for relief in one action); Rohm and Haas Company v. Mobil Oil Corporation, 525 F. Supp. 1298 (D. Del. 1981) (separate actions involving common questions of law or fact may, in the discretion of the court, be consolidated for trial). In determining whether to consolidate, the court balances the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that it might cause. U.S. v. Dentsply Intern., Inc., 190 F.R.D. 140, 142-43 (D.Del. 1999).

The appeal in Civil Action No. 05-004 and the appeal in Civil Action No. 05-659 (collectively, the "Appeals") involve the same sets of facts and questions of law relating to agency. The appeal in Civil Action No. 05-004 presents the issues of: (i) whether the Bankruptcy Court erred in converting Defendants' motion to dismiss NHI's first amended complaint to a motion for summary judgment, (ii) whether the Bankruptcy Court erred in denying Defendants' motion for summary judgment, (iii) whether the Bankruptcy Court erred in finding that only paragraph 33 of the first amended complaint made agency allegations. The appeal in Civil Action No. 05-659 presents the issues of: (i) whether the Bankruptcy Court erred in denying Defendants' motion to dismiss NHI's second amended complaint, (ii) whether the Bankruptcy Court erred in finding that the allegations in the Second Amended Complaint did not constitute agency allegations under the well established law of agency and/or apparent agency, and (iii) whether the Bankruptcy Court correctly applied the law as to preference claims against Defendants

The issues and facts in the Appeals both relate to NHI's judicial admission of KMR being NHI's agent and the Bankruptcy Court directing NHI to amend its complaint to remove the references to the agency relationship. Consolidating both of these appeals is not prejudicial to NHI, serves the best interests of judicial economy and avoids unnecessary costs or delay to both

NHI and Fleet. Accordingly, pursuant Bankruptcy Rule 8011(b), Civil Action No. 05-004 should be consolidated into Civil Action No. 05-659.

### V.  CONCLUSION

For the reasons set forth in this memorandum, the Fleet respectfully requests that the Court consolidate Civil Action No. 05-004 into Civil Action No. 05-659 and grant other such relief as it deems just and proper.

Dated: September 19, 2005

FLEETBOSTON FINANCIAL CORPORATION
By their attorneys,

_____
Stuart M. Brown, Esquire (#4050)
Denise Seastone Kraft (#2778)
William R. Firth, III (#4356)
EDWARDS & ANGELL, LLP
919 N. Market Street
Wilmington, DE 19801
302.777.7770
302.777.7263 - facsimile