# A00368-A00376
# INTENTIONALLY
# LEFT BLANK

A00367

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| f/n/a NANTICOKE HOMES INC. | : | Chapter 11 |
| Debtors. | : | |

|  |  |  |
|---|---|---|
| NHI, INC., | : | |
| Plaintiff, | : | Adversary No. 04-52879 |
| v. | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | |
| INC., ROBERT RIESNER and | : | |
| WARING S. JUSTIS, JR., | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE CERTIFICATION OF COUNSEL FOR PLAINTIFF NHI, INC.

EDWARDS & ANGELL LLP
Stuart M. Brown (No. 4050)
Denise S. Kraft (No. 2778)
919 North Market Street, 14th Floor
Wilmington, DE 19801
Tel. 302-777-7770
Fax 888-325-9741

Dated: November 12, 2004

Docket #: 36
Date: 11/12/04

WLM_500883_1/DKRAFT

A00377

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

NATURE AND STAGE OF PROCEEDING ............................................................. 1

FACTS ....................................................................................................................... 2

ARGUMENT .............................................................................................................. 2

    A.    Plaintiff's Certification Requests Discovery on its Own
           Factual Allegations of Agency in Order to Impeach Itself ....................... 2

    B.    Plaintiff's Allegations of Agency in its Complaint, Amended
           Complaint and Answering Brief are Judicial Admissions
           Upon Which Defendants are Entitled to Rely ......................................... 5

    C.    This Adversary Matter was Not Listed for Any Proceedings
           According to the Agenda Filed for the October 19, 2004
           Status Conference ..................................................................................... 7

    D.    The Certification is Taken by a Non-Delaware Attorney ......................... 8

CONCLSION ............................................................................................................. 8

WLM_500883_1/DKRAFT

A00378

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Davis v. A.G. Edwards & Sons, Inc.,*
  823 F.2d 105 (5th Cir. 1987) ......................................................................... 6

*Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.,*
  87 F. Supp. 2d 394, 405 (D.N.J. 2000) ........................................................ 6

*Garman v. Griffin,*
  666 F.2d 1156, 1159 (8th Cir. 1981) ............................................................ 7

*Giannone v. U.S. Steel Corp.,*
  238 F.2d 544, 547 (3d Cir. 1956) ................................................................. 6

*Glick v. White Motor Co.,*
  458 F.2d 1287 (3d Cir. 1972) ....................................................................... 5

*Greenwell v. Boatwright,*
  184 F.3d 492, 498 (6th Cir. 1999) ................................................................ 5

*In re Cendant Corp. Securities Litig.,*
  109 F. Supp.2d 225, 230 (D.N.J. 2000) ........................................................ 5

*In re Corland Corp.,*
  967 F.2d 1069, 1074 (5th Cir. 1992) ............................................................ 5

*Kean v. Adler,*
  2002 WL 31641650, *1-2 (D.V.I. Nov. 18, 2002) ....................................... 6

*McCalden v. California Library Ass'n,*
  955 F.2d 1214, 1219 (9th Cir. 1990) ............................................................ 7

*McCormick v. City of Chicago,*
  230 F.3d 319, 325 (7th Cir. 2000) ................................................................ 7

*Missouri Housing Dev. Comm'n v. Brice,*
  919 F.2d 1306, 1315 (8th Cir. 1990) ............................................................ 6

*Schott Motorcycle Supply, Inc. v. American Honda Motor Co.,*
  976 F.2d 58, 61 (1st Cir. 1992) ............................................................. 5, 6, 7

*Sobratti v. Tropical Shipping & Constr. Co.,*
  267 F. Supp. 2d 455, 462-463 (D.V.I. 2003) ............................................... 6

WLM_500883_1/DKRAFT

A00379

## RULES

Charles Alan Wright and Arthur R. Miller, et al.,
 *Federal Practice and Procedure* §§ 2722 ................................................................................. 5

WLM_500883_1/DKRAFT

A00380

## NATURE AND STAGE OF PROCEEDING

On August 5, 2004, Defendants filed a motion to dismiss [D.I. 26] the first amended complaint [D.I. 17] filed by NHI, Inc. ("NHI" or "Plaintiff") based on Plaintiff's release of Defendants. Plaintiff alleges throughout its initial and again through its first amended complaint that Defendants were acting as agents of Mercantile Safe Deposit and Trust Company ("Mercantile"). Plaintiff unquestionably released Mercantile and its agents.

The Plaintiff filed an answering brief to the motion to dismiss [D.I. 29] on September 8, 2004, wherein it repeated its allegations of agency on the part of Defendants as agent and Mercantile as principal. On October 8, 2004, the Court entered a letter on the docket converting Defendants' motion to one for summary judgment and directing the Plaintiff to file a supplemental answering brief to its answering brief [D.I. 32]. The Court's letter stated in part:

> I believe it is incumbent upon Plaintiff to present facts which
> negate an agency relationship or otherwise show why the release
> provision does not apply to Defendants.

When no reply brief was filed by Plaintiff in a timely manner in response to the Court's letter dated October 8, 2004 [D.I. 32] and Defendants' counsel were not contacted by Plaintiff requesting an extension to file such a supplemental answering brief, Defendants filed a Notice of Completion of Briefing [D.I. 33] on October 27, 2004[1]. On October 29, 2004, Plaintiff NHI, Inc. ("Plaintiff") filed the Certification in response to Defendants' Notice of Completion of Briefing [D.I. 33].

Defendants now file this motion to strike the Certification.

---

[1] In accordance with paragraph 9 of the Bankruptcy Court's Procedural Matters directive, effective October 5, 2001, all motions filed in adversary proceedings are subject to the briefing schedule set forth in District Court Local Rule 7.1.2, which provides that answering briefs and accompanying affidavit(s) shall be served and filed no later than ten (10) business days after service and filing of the opening brief and upon completion of briefing, a "Notice of Completion of Briefing" shall be filed with the Court.

## FACTS

Counsel's Certification requests additional time of at least 2 months to undertake an investigation into their own factual allegation of agency, including the taking of at least 6 depositions and the "[a]ssembly of documents, some of which Plaintiff has already uncovered, refuting any actual agency relationship between Mercantile and KMR or release of KMR." *See* Certification at p. 2, attached hereto as **Exh. 1**. Plaintiff's counsel also indicated that they may need to further amend their first amended complaint after conducting the above-requested discovery. *See* Certification at p. 3, attached hereto as **Exh.1**.

The Certification further states that at a scheduled October 19, 2004 status conference, Plaintiff's counsel "intended to advise the Court of the matters which needed to be taken in order to develop the record necessary for the Court to determine Defendants' motion," but that the status conference was "unfortunately" cancelled. *See* Certification at p. 2, attached hereto as **Exh. 1**. The Certification was signed by Guy A. Donnatelli of Lamb McErlane PC. *See* Certification at P. 4, attached hereto as **Exh. 1**.

## ARGUMENT

### A.   Plaintiff's Certification Requests Discovery on its Own Factual Allegations of Agency in Order to Impeach Itself.

In the Certification, Plaintiff's counsel requests that Plaintiff be allowed two months of discovery in order to formulate its supplemental brief. Plaintiff suggests that such discovery is required to respond to Defendants' factual allegations. The Court directed Plaintiff to supplement its own answering brief, if it can, to refute its own factual allegations of agency contained in its complaint, amended complaint and again in its answering brief to Defendants' motion to dismiss.

- 2 -

WLM_500883_1/DKRAFT

The motion to dismiss, and accordingly, the converted motion for summary judgment, are grounded in the release and highlight Plaintiff's factual allegations of agency, the same factual allegations of agency that Plaintiff again repeated in its answering brief.  Plaintiff's repeated factual allegations of agency, especially in its answering brief, are not immaterial, mistaken, inadvertent or pled in the alternative.  It is clear that the discovery requested by Plaintiff in its Certification was required to have been conducted prior to filing the initial complaint and certainly prior to filing the answering brief.  Fed. R. Bankr. P. 9011(b)(3) provides in pertinent part:

Rule 9011.

SIGNING OF PAPERS; REPRESENTATIONS TO THE COURT; SANCTIONS; VERIFICATION AND COPIES OF PAPERS

(b)  Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

* * *

(3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

Unbelievably, and perhaps unprecedented, Plaintiff is now attempting through post-complaint investigation (no discovery has been propounded by Plaintiff upon any Defendant), in lieu of Plaintiff's good faith, pre-complaint investigation obligation, to impeach itself and negate its very own factual allegations of agency as alleged throughout the complaint, amended complaint and alleged and argued in its answering brief to defendants' motion to dismiss.

- 3 -

WLM_500883_1/DKRAFT

**A00383**

It is inconceivable that Plaintiff is now representing the Court that it requires extensive discovery in order to negate its own factual allegations of agency. By Plaintiff's Counsel's own admission in the Certification, the recently discovered relevant documents were <u>assembled by the Plaintiff</u>. These documents obviously were under the Plaintiff's control previously, as Defendants have not been asked to produce and have not produced any documents. These documents should have been reviewed by the Plaintiff prior to commencing the instant proceeding and included prior to repeating the allegations of agency.

Throughout its pleadings, as recognized by the Court, the Plaintiff reiterates allegations of agency. In the Amended Complaint, the Plaintiff states that the defendants "served at the direction and pleasure of Mercantile." [D.I. 17, ¶ 33]. Likewise, in its answering brief, the Plaintiff states that the defendants "served and [sic] the direction and pleasure of Mercantile." [D.I. 29, p.5]. The plaintiff alleges the facts concerning agency to form a basis for the defendants' motive. *See, eg.,* D.I. 17, ¶111 ("[The Defendants] engaged in a scheme to waste the assets of NHI in order to liquidate it for the benefit of Mercantile."); D.I. 17, ¶104 ("[The Defendants] engaged in a scheme to defraud and to raid NHI for the purposes of stripping assets in satisfaction of bank debt and running down NHI to the point where NHI could only be liquidated for the benefit of Mercantile rather than turning the company around."). The Court can only perceive these allegations to be material to the Plaintiff and that the Plaintiff had the documents on which it based its allegations before filing its Amended Complaint. Clearly, the Plaintiff did not plead facts in the alternative or hypothetical, nor did the Plaintiff assert alternative or inconsistent theories of recovery. The Plaintiff is proceeding down a straight and narrow path from which it cannot now turn off in an effort to negate such allegations and escape summary judgment in favor of the defendants.

WLM_500883_1/DKRAFT

A00384

B.     **Plaintiff's Allegations of Agency in its Complaint, Amended Complaint and Answering Brief are Judicial Admissions Upon Which Defendants are Entitled to Rely.**

Facts contained in the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, are considered by the Court when deciding whether summary judgment is appropriate. Fed. R. Civ. P. 56(c). Further, the facts asserted in a pleading are considered "judicial admissions" and bind the party asserting the facts. *See Glick v. White Motor Co.*, 458 F.2d 1287 (3d Cir. 1972) (where a party offers deliberate, clear and unequivocal facts in a complaint, those assertions are binding on the party.); *In re Cendant Corp. Securities Litig.*, 109 F. Supp.2d 225, 230 (D.N.J. 2000); 10A Charles Alan Wright and Arthur R. Miller, *et al.*, Federal Practice and Procedure §§ 2722 and 2723 at 382 (3d ed. 1998) ("Wright & Miller").

The Third Circuit has held that "to be binding, judicial admissions must be unequivocal." *Glick,* 458 F.2d at 1291; *see also Greenwell v. Boatwright,* 184 F.3d 492, 498 (6th Cir. 1999) (holding that only "deliberate, clear and unambiguous" statements are judicial admissions); *Schott Motorcycle Supply, Inc. v. American Honda Motor Co.,* 976 F.2d 58, 61 (1st Cir. 1992) (affirming the District Court's finding of a judicial admission from a "clear[] and unambiguous[]" allegation in the complaint); *In re Corland Corp.,* 967 F.2d 1069, 1074 (5th Cir. 1992) (holding that only "deliberate, clear and unequivocal" statements can constitute conclusive judicial admissions). When a statement meets such a threshold, "even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." *Missouri Housing Dev. Comm'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir. 1990); *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.,* 87 F. Supp. 2d 394, 405 (D.N.J. 2000). The plaintiff should not be allowed to contradict its express factual assertion in an attempt to avoid summary judgment. *See Schott Motorcycle Supply, Inc.,* 976 F.2d at 61-62; *Brice,* 919 F.2d at 1315.

- 5 -

WLM_500883_1/DKRAFT

Accordingly, a party is not allowed to retreat from prior factual assertions in its pleading. *See Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956); *Kean v. Adler*, 2002 WL 31641650, *1-2 (D.V.I. Nov. 18, 2002) (government estopped from retreating from earlier factual assertions regarding the extent of another party's ownership interests in the disputed property). In particular, a party is precluded from retreating from a factual allegation that it affirmatively asserted in support of its cause of action in an effort to avoid summary judgment. *Sobratti v. Tropical Shipping & Constr. Co.*, 267 F. Supp. 2d 455, 462-463 (D.V.I. 2003); *see, e.g., Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105 (5th Cir. 1987) (summary judgment granted despite plaintiff's effort to recant by affidavit the factual assertions in pleading that would have resulted in dismissal of the claim based on statute of limitations); *Schott Motorcycle Supply, Inc.*, 976 F.2d at 61 (summary judgment granted where despite plaintiff's later arguments to the contrary, factual allegations in the pleadings established the contract issue).

The Federal Rules of Civil Procedure allow the pleading of hypothetical and alternate theories of recovery. Alternative or hypothetical pleadings will not be construed as judicial admissions. *See McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990); *Garman v. Griffin*, 666 F.2d 1156, 1159 (8th Cir. 1981); *see also* Fed. R. Civ. P. 8(e)(2) (allowing alternative and hypothetical pleading). However, the Federal Rules do not permit the pleading (and briefing) of alternate factual allegations and the Plaintiff does not, but for the Court's direction, attempt to do so. The Plaintiff alleges and realleges facts purporting agency, recognized by the court as such in its Letter. *See Schott Motorcycle Supply, Inc.*, 976 F.2d at 62; 5 Wright & Miller § 1282 at 525 (1990) (generally an alternative claim is drafted in the form of "either-or" and a hypothetical claim is in the form of "if-then"). Likewise, a party can plead himself out of court by alleging facts that show that he has no claim, even though he was not

- 6 -

required to allege those facts. *See McCormick v. City of* Chicago, 230 F.3d 319, 325 (7th Cir. 2000); 30B Wright & Miller § 7026 (2000).

Defendant's have expended a great sum of money in briefing and filing the motion to dismiss, only to be faced now with a moving target of factual allegations that Fed. R. Bankr. P. 9011(b)(3) was meant to eradicate. The doctrine of judicial admission will apply under notions of fair play and justice to hold Plaintiff accountable for its repeated clear, underlying and actual factual allegations of agency. At this point, Plaintiff must be made to stand on the factual allegations of agency in its multiple pleadings and answering brief, live with the release of defendants as agents of Mercantile and recognize judgment must be entered in favor of the defendants.

**C.**  **This Adversary Matter was Not Listed for Any Proceedings According to the Agenda Filed for the October 19, 2004 Status Conference.**

Plaintiff's Counsel is disingenuous in the Certification when he certifies that at a scheduled October 19, 2004 status conference, he "intended to advise the Court of the matters which needed to be taken in order to develop the record necessary for the Court to determine Defendants' motion," but that the status conference was "unfortunately" cancelled. *See* Certification at p. 2, attached hereto as **Exh. 1.** The Notice of Agenda of Matters Scheduled for Hearing on October 19, 2004 ("Agenda") was filed on October 15, 2004 [D.I. 645]. *See* Agenda for October 19, 2004 status conference attached hereto as **Exh. 2.** The Agenda, the only notice of matters to be or "intended" to be presented to the Court at that hearing and of which Defendants had notice, did not list this particular adversary proceeding anywhere.[2]

---

[2] "Only those items listed on the Notice of Agenda and the relevant pleadings delivered to Chambers before noon, two business days prior to the date of the hearing will be considered." Bankruptcy Court Procedural Matters directive, effective October 5, 2001, para.3.

WLM_500883_1/DKRAFT

A00387

**D.     The Certification is Taken by a Non-Delaware Attorney.**

The foregoing notwithstanding, the certification by Guy A. Donnatelli of Lamb McErlane

PC, a non-Delaware attorney, is a violation of Delaware District Court Local Rule 83.5(d) which

provides that:

> An attorney not admitted to practice by the Supreme Court of
> Delaware may not be admitted *pro hac vice* in this Court unless
> associated with an attorney who is a member of the Bar of this
> Court and who maintains an office in the District of Delaware for
> the regular transaction of business, upon whom all notices, orders,
> pleadings and other papers filed in the case shall be served and
> who shall be required to sign all papers filed with the Court where
> the signature of an attorney is required, and attend proceedings
> before the Court, Clerk, United States Magistrate, Bankruptcy
> Judge, Auditors, Trustees, Receivers, or other officers of the Court.

Plaintiff's Counsel's Certification, therefore, is not properly before this Court and must

be stricken and disallowed as procedurally improper.

## CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants respectfully request that the

Court strike and disallow Plaintiff's Certification in its entirety.

Dated: November 12, 2004

/s/Denise S. Kraft
Stuart M. Brown (#4050)
Denise S. Kraft (#2778)
EDWARDS & ANGELL, LLP
919 N. Market Street, 14th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263 - facsimile

Counsel for the Defendants

- 8 -

WLM_500883_1/DKRAFT

**A00388**

# EXHIBIT 1

A00389

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | : |  |
|  | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : |  |
| A DELAWARE CORPORATION | : | Chapter 11 |
|  | : |  |
| NHI, INC., | : |  |
|  | : |  |
| Plaintiff | : |  |
|  | : | Adversary No. 04-52879 |
| v. | : |  |
|  | : |  |
| FLEET BOSTON FINANCIAL | : |  |
| COPORATION, KMR MANAGEMENT, | : |  |
| INC., ROBERT RIESNER and WARING | : |  |
| S. JUSTIS, JR., | : |  |
|  | : |  |
| Defendants | : |  |

### CERTIFICATION OF COUNSEL FOR PLAINTIFF NHI, INC.

I, Guy A. Donatelli, Esquire, counsel to Plaintiff in the above captioned matter, hereby certify to the Honorable Peter J. Walsh, United States Bankruptcy Court, District of Delaware, the status of the above-captioned matter and more particularly, the intentions of Plaintiff regarding this Court's Letter dated October 8, 2004, directing Defendants' 12(b)(6) motion to be treated as a motion for summary judgment. This certification is also designed to address the recent and untimely filing by the Defendants of a Notice of Completion of Briefing where there has been no such completion.

1

Docket# 34
Date: 10/29/04

By letter dated October 8, 2004, the Court directed that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be treated as a Motion for Summary Judgment. The issues raised in that Motion and identified by the Court focused on a release provided to Mercantile and whether Defendants could take advantage of that release as agents of Mercantile. The Court directed that "all parties be given a reasonable opportunity to present material made pertinent to such a motion". The Court also directed Plaintiff to file a supplemental response to the motion, after which Defendants would be permitted to file a further reply. No dates or schedule were imposed for such supplemental briefing.

There was a conference scheduled before the Court on October 19, 2004, at which time Plaintiff's counsel intended to advise the Court of the matters which needed to be taken in order to develop the record necessary for the Court to determine Defendants' motion. Those matters to be completed included:

- Depositions of the individual defendants on the issue of agency and the release;

- A deposition of a designee of KMR on the issue of agency and the release;

- A deposition of a designee of Mercantile on the issue of agency and the release;

- A deposition of Plaintiff on the relationship with KMR and the release;

- Assembly of documents, some of which Plaintiff has already uncovered, refuting any actual agency relationship between Mercantile and KMR or release of KMR, and;

2

- A possible amendment to the First Amended Complaint based upon that discovery.

Plaintiff also intended to inform the Court of that it contemplated completing the discovery by the end of 2004 with briefing promptly thereafter.

Unfortunately, the status conference scheduled for October 19, 2004, was cancelled and no report was made to the Court. However, without notice to Plaintiff's counsel, on October 27, 2004, Defendants filed a Notice of Completion of Briefing. This Notice is ill-advised, without support and premature. Plaintiff will proceed to develop the materials necessary for the Court to determine the agency/release issue within a reasonable time and consistent with the plan set forth above. It is obvious at this stage that the materials necessary to present the supplemental briefs to the Court have not been developed, and Defendants' suggestion through their Notice that they have or could have been since the Court's October 8, 2004 Letter is unreasonable. Indeed, no discovery has been taken or made available to Plaintiff (an advantage Plaintiff would have if the issue had been raised after the pleadings had been closed) and Plaintiff has not had the opportunity to question Defendants on this specific affirmative defense.

This Certification is to advise the Court that Plaintiff will proceed with its plan to address the agency and release arguments through the discovery anticipated above in the time period set forth above. The information uncovered through the depositions will enable the Court to address the release/agency argument raised by Defendants in favor of Plaintiff and

3

A00392

Plaintiff respectfully suggests that it be given the reasonable opportunity to develop those materials and respectfully requests that Plaintiff be given the very reasonable time frame anticipated above in which to do so. [1]


Date:   October 29, 2004

Guy A. Donatelli, Esquire
LAMB MCERLANE PC
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000


Stephen W. Spence, Esquire (#2033)
PHILLIPS GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)

---

[1]     In any event, the Counts VIII through XII of the First Amended Complaint which assert causes of action under the United States Bankruptcy Code for fraudulent transfer, fraudulent conveyance and avoidance of preferences, are not affected by Defendants' claim of release.

4

A00393

## CERTIFICATE OF SERVICE

I, CELESTE A. HARTMAN, Senior Paralegal, hereby certify that I am not less than 18 years of age, and that service of this *Certification of Counsel for Plaintiff NHI, Inc.* was made on October 29, 2004 upon the persons on the listed below by U.S. First Class Mail.

President
KMR Management, Inc.
4 Sentry Parkway, Suite 200
Blue Bell, PA 19422

Mr. Waring Justis
1007 Cold Spring Road
Baltimore, MD 21220-4425

FleetBoston Financial Corporation
Corporation Trust Company,
Registered Agent
1209 Orange Street
Wilmington, DE 19801

Mr. Robert Riesner
c/o KMR Management, Inc.
4 Sentry Parkway, Suite 200
Blue Bell, PA 19422

President,
FleetBoston Financial Corporation
c/o Legal Dept.
100 Federal Street
Boston, MA 02110

Stuart M. Brown, Esquire
Edwards & Angell, LLP
919 N. Market Street
Wilmington, DE 19801

Richard Shepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Suite 2313,
Lockbox 35
Wilmington, DE   19801-3519

Nicole M. Nigrelli, Esquire
Klehr, Harrison, Harvey, Branzburg
    & Ellers, LLP
260 South Broad Street
Philadelphia, Pennsylvania  19102

Under penalty of perjury, I declare that the foregoing is true and correct.

_Celeste A. Hartman_
CELESTE A. HARTMAN

A00394

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    )
                                          )
NHI, INC. f/k/a NANTICOKE                 )    Chapter 11
HOMES, INC.,                              )    Case No. 02-10651 (PJW)
                                          )
        Debtors.                          )

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
## HEARING ON OCTOBER 19, 2004 AT 10:30 A.M.

CONTINUED MATTERS

1.    *Complaint of the Official Committee of Unsecured Creditors against Robert Bitler for
      Avoidance of Preferential Transfers under 11 U.S.C. § 547 and Recovery of Property
      Pursuant to 11 U.S.C. §§ 550 and 502(d)*, Adv. Pro. No. 04-52896 (PJW), [Docket No.
      1], filed on February 27, 2004.  [NO DOCUMENTS PROVIDED].

          Response/Answer Deadline:  June 29, 2004 [extended until July 20, 2004]

          Response/Objection Received:

              a.    *Letter Answer to Complaint* [Docket No. 6], filed on July 29, 2004.

          Related Pleadings:

              b.    *Alias Summons* [Docket No.5], filed on May 27, 2004](NO
                    DOCUMENT PROVIDED).

          Status: This matter will not be going forward as Counsel for the Committee of
          Unsecured Creditors will be filing a stipulation of dismissal shortly.


UNCONTESTED MATTERS WITH CERTIFICATE OF NO OBJECTION (C.N.O)

2.    *Motion for Order Authorizing and Approving Entry into Settlement and Compromise of
      Controversy with Superior Drywall, Inc. Pursuant to Section 105(a) of the Bankruptcy
      Code and Federal Rule of Bankruptcy Procedure 9019* [Docket No. 613].

          Date Filed: August 19, 2004

          Response/Answer Deadline:  October 12, 2004.

          Response/Objection Received:  N/A

PHIL1 586136-1

A00396

Related Pleadings:

  a.  *Certificate of No Objection Regarding Docket No. 613* [Docket No. 642], filed on October 14, 2004.

  b.  *Order Approving Motion of the Official Committee of Unsecured Creditors for Order Authorizing and Approving Entry into Settlement and Compromise of Controversy with Superior Drywall Pursuant to Section 105 (a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019* [CLEAN COPY].

Status:  Counsel respectfully requests that the Court enter the Order provided at Tab 2(B).

3. *Motion for Order Authorizing and Approving Entry into Settlement and Compromise of Controversy with Young Lumber Pursuant to Section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019* [Docket No. 620].

 Date Filed: August 25, 2004

 Response/Answer Deadline:  October 12, 2004

 Response/Objection Received:  N/A

 Related Pleadings:

  a.  *Certificate of No Objection Regarding Docket No. 620* [Docket No. 641], filed on October 14, 2004.

  b.  *Order Approving Motion of the Official Committee of Unsecured Creditors for Order Authorizing and Approving Entry into Settlement and Compromise of Controversy with Young Lumber Pursuant to Section 105 (a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019* [CLEAN COPY].

 Status:  Counsel respectfully requests that the Court enter the Order provided at Tab 3(B).

4. *First Interim Fee Application of Parente Randolph, LLC For Compensation For Services Rendered and Reimbursement of Expenses as Accountants and Financial Advisors to The Official Committee of Unsecured Creditors for the Period From April 1, 2003 Through July 31, 2004* [Docket No. 631].

 Date Filed: September 3, 2004

 Response/Answer Deadline:  September 23, 2004

 Response/Objection Received:  N/A

A00397

Related Pleadings:

    a.    *Certificate of No Objection Regarding Docket No. 631* [Docket No. 634], filed on October 1, 2004.

    b.    *Order Approving First Interim Fee Application of Parente Randolph, LLC for compensation for Services Rendered and Reimbursement of Expenses as Accountants and Financial Advisors to the Official Committee of Unsecured Creditors for the Period from April 1, 2003 through July 31, 2004* [CLEAN COPY].

    Status:  Counsel respectfully requests that the Court enter the Order provided at Tab 4(B).

5.    *Motion Of The Official Committee of Unsecured Creditors for Order Authorizing and Approving Entry Into Settlement and Compromise of Controversy with Custom Siding, Inc. Pursuant to Section 105(A) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019* [Docket No. 632].

    Date Filed: September 10, 2004

        Response/Answer Deadline:  October 12, 2004

        Response/Objection Received:  N/A

        Related Pleadings:

    a.    *Certificate of No Objection Regarding Docket No. 632* [Docket No. 643], filed on October 14, 2004.

    b.    *Order Approving Motion of the Official Committee of Unsecured Creditors for Order Authorizing and Approving Entry into Settlement and Compromise of Controversy with Custom Siding, Inc. Pursuant to Section 105 (a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019* [CLEAN COPY].

    Status:  Counsel respectfully requests that the Court enter the Order provided at Tab 5(B).

6.    *Fifth Interim Application of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP for Compensation and for Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from March 1, 2004 through August 31, 2004* [Docket No. 633].

    Date Filed: September 22, 2004

        Response/Answer Deadline:  October 12, 2004

PHIL1 586136-1

A00398

Response/Objection Received:  N/A

Related Pleadings:

    a.    *Certificate of No Objection Regarding Docket No. 633 [Docket No. 644], filed on October 14, 2004.*

    b.    *Order Approving Fifth Interim Application of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP for Compensation and for Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from March 1, 2004 through August 31, 2004 [CLEAN COPY].*

Status:  Counsel respectfully requests that the Court enter the Order provided at Tab 5(B).

                    PHILLIPS, GOLDMAN & SPENCE, P.A.

STEPHEN W. SPENCE, ESQUIRE (#110)
MICHAEL F. DUGGAN, ESQUIRE (#3269)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Counsel to the Debtor

Date:  October 15, 2004

PHIL1 586136-1

A00399

## CERTIFCATE OF SERVICE

I, CELESTE A. HARTMAN, Senior Paralegal, hereby certify that I am over the age of 18, and that on October 15, 2004, I caused the foregoing *Notice of Agenda of Matters Scheduled for Hearing on September 19, 2004 at 10:30 a.m.* to the persons on the attached list.

Under penalty of perjury, I certify the forgoing to be true and accurate.

*[signature]*

CELESTE A. HARTMAN

A00400

| | |
|---|---|
| Mr. Mcky Mevine, III<br>Fax: (410) 770-3929 | Richard Shepacarter, Esquire<br>Fax: 573-6497 |
| Neal J. Levitsky, Esquire<br>Fax: 656-8920 | Morton R. Branzburg, Esquire<br>Fax: (215) 568-6603 |
| James M. Smith, Esquire; Eric S. Schuster,<br>Esquire; William L. Hallam, Esquire<br>Fax: (410) 385-5119 | Eric M. Doroshow, Esquire<br>Andrea G. Green, Esquire<br>Fax: 998-9883 |
| Elwood T. Eveland, Jr., Esquire<br>Fax: 426-9020 | James E. Huggett, Esquire<br>Fax: 426-9193 |
| David N. Rutt, Esquire<br>Fax: (302) 855-9803 | Richard H. Cross, Jr., Esquire<br>Fax: 777-4224 |
| Securities and Exchange Commission<br>Washington, DC<br>Fax: (202) 942-9625 | IRS<br>Fax: (410) 962-2025 |
| Securities & Exchange Commission<br>Atlanta, GA<br>Fax: (404) 842-7666 | Bonnie Lyn Goff<br>Fax: (302) 398-6399 |
| Secretary of Treasury<br>Fax: (302) 739-5635 | Secretary of State, Franchise Tax<br>Fax: (302) 739-3812 |
| John J. Klusman, Esq.; Wilson Redfearn, Esq.<br>Fax: 658-4018 | Elihu Ezekiel Allinson, III, Esq.<br>Fax: 658-1192 |
| Mitchell J. Cornwell, Esq.<br>Fax: (410) 820-4270 | Traci L. Jordan<br>(410) 820-4270 |
| Nancy Brautigan, Credit Manager<br>Quality Roofing Supply<br>Fax: (717) 569-3589 | Stephen P. Doughty, Esq.<br>Fax: (856) 802-2801 |
| Elwyn Evans, Jr., Esq.<br>Fax: 654-3493 | State of Maryland, Dept. of Labor<br>Fax: (410) 333-5059 |
| Robert G. Gibbs, Esq.<br>(302) 856-7116 | R. Brandon Jones, Esquire<br>(302) 734-5532 |
| Paul G. Summers<br>Fax: (615) 741-2009 | Carol E. Momjian, Esq.<br>Fax: (215) 560-2202 |
| Allison E. Reardon, Esq.<br>Fax: 577-8656 | Deborah C. Sellis, Esq.<br>Fax: 652-8405 |

| | |
|---|---|
| Comptroller of Maryland Compliance Division - Claim B Fax: (410) 333-7499 | Patrick Scanlon, Esquire Fax: (302) 424-0221 |
| Henry C. Davis, Esquire Fax: (302) 856-1556 | Kristen Bowen Perry, Esquire Fax: (410) 625-7510 |
| Carl Greci, Esquire Fax: (574) 239-1900 | David Leadman, Esquire Fax: (215) 665-2013 |
| Mark Hurford, Esquire Fax: 426-9947 | Pamela Kessler, Esquire Fax: (410) 625-7510 |
| Kiah T. Ford, IV, Esquire Fax: (704) 335-9720 | Kevin J. Mangan, Esquire Fax: 656-2769 |
| Arthur R. Shuman, Esquire Fax: (302) 436-7490 | Robert Ratner, Esquire Fax: (212) 401-4430 |
| Patrick Scanlon, Esquire Fax: (302) 424-0221 | David T. Pryor, Esquire Fax: (302) 697-3391 |
| Eric S. French, Esquire Fax: (513) 287-3810 | Larry C. Bolla, Esquire Fax: (814) 835-2076 |
| Joseph P. Kempler, Esquire Fax: (410) 740-2005 | Paula Price, Esquire Fax: (410) 860-9737 |
| Paul Cianci, Esquire Fax: (215) 751-9310 | Jeff Schmitt, Esquire Fax: (410) 547-0699 |
| Carl N. Kunz, Esquire Fax: 571-1750 | Ronald Smith, Esquire Fax: (302) 734-5532 |
| David A. Jermann, Esquire Fax: (816) 221-0786 | Basil C. Kollias, Esquire Fax: (302) 678-9415 |
| Jim Whaler, Esquire Fax: (302) 856-7329 | Erik Howard, Esquire Fax: (302) 856-7116 |
| Charles Tatelbaum, Esquire Fax: (954) 766-7800 | Kathleen M. Miller, Esquire Fax: 652-8405 |
| John E. Tarburton, Esquire Fax: (302) 855-9509 | Stuart Brown, Esquire Fax: 428-0999 |
| Michael Johnson, Esquire Fax: (617) 574-5830 | |

# UNREPORTED
# DECISIONS

A00403

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
2002 WL 31641650 (D.Virgin Islands)
**(Cite as: 2002 WL 31641650 (D.Virgin Islands))**

**H**
Only the Westlaw citation is currently available.

District Court of the Virgin Islands, Division of St.
Thomas and St. John.

James KEAN, Earnest Kean, Alva Marsh, Warren
Marsh, Jewel Moolenaar-Marsh, and
Patricia Looney, Plaintiffs,
v.
Lelia ADLER, Irma Calijohni, Carolyn Ortiz,
individually and as Executor of the
Estate of Hallie Ortiz, Ouida Nelson, Nelinda
Nelson, Valentino Nelson, Joseph
Adler, the United States of America, the National
Park Service, and Uris
Dalmida, Defendants.

No. Civ. 98-176.

Nov. 18, 2002.

Richard Knoepfel, St. Thomas, U.S.V.I., for
plaintiffs James Kean, Earnest Kean, Alva Marsh,
Warren Marsh, Jewel Moolenaar Marsh, and
Patricia Looney.

Carol Ann Rich, St. Thomas, U.S.V.I., for
defendant Carolyn Ortiz.

Alan Smith, St. Thomas, U.S.V.I., for defendants
Ouida Nelson, Nelinda Nelson, and Valentino
Nelson.

Joycelyn Hewlett, Assistant U.S. Attorney, St.
Thomas, U.S.V.I., for defendant United States.

MEMORANDUM CLARIFYING
MEMORANDUM AND ORDER OF AUGUST 12,
2002 AND DENYING
RECONSIDERATION

MOORE, J.

**\*1** The United States claims that the Court illegally

imposed judgment by default against it on August
12, 2002, by entering the Consent Decree ["Consent
Decree"], the order voluntarily dismissing the cross
claim of Carolyn Ortiz ["Ortiz Order"], and the
order denying the United States leave to file an
answer to the amended complaint and a cross claim
against Carolyn Ortiz more than two years late
["United States Order"]. Nothing could be further
from the truth.

First, let me clarify and correct a statement in the
United States Order. The first sentence of the first
paragraph on page 4 of the slip opinion should read:
"The United States was named as a defendant in the
Territorial Court action because it holds a
three-elevenths (3/11) interest in *the remainder of*
the estate *which was the subject* of the 1961 deed."
It is undisputed that Harvey Monroe Marsh's
["Marsh"] March 27, 1961 deed reserved fee title to
himself and only conveyed out life estates in Estate
Maho Bay on St. John to various relatives. It is also
undisputed that Marsh had already conveyed the
three-acre Parcel No. 3A-3 Estate Maho Bay by
separate deed dated September 30, 1965, to Carolyn
Ortiz' predecessor in interest, Hallie Ortiz, in fee
simple absolute, some five years before the United
States received its 3/11th interest in the property in
1970. This three-acre parcel was not a subject of the
initial lawsuit filed in the Territorial Court and
removed by the United States to this Court.

In all other respects, the United States Order is
absolutely clear that the United States has asserted
no legal claim in this Court to a 3/11th interest in
the three acre parcel. On the contrary, it made a
binding judicial admission that it had no claim to
any interest in Parcel No. 3A-3 in its answer to the
original complaint. The plaintiffs acknowledged in
their initial complaint that Hallie Ortiz claimed a
fee simple ownership in these three acres and the
government admitted in its answer filed in the
Territorial Court on November 13, 1998, that
"Hallie Ortiz ... holds a life estate in a tract at Estate
Maho Bay, and *that she separately owns, in fee, a*
*three-acre tract at Estate Maho Bay that is*
*separate from the land, which is the subject of this*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

A00404

Not Reported in F.Supp.2d
2002 WL 31641650 (D.Virgin Islands)
(Cite as: 2002 WL 31641650 (D.Virgin Islands))

Page 2

*litigation."* Even when the plaintiffs amended their complaint to include a claim to Hallie Ortiz' separate three-acre Parcel No. 3A-3 Estate Maho Bay, the government did not revise its earlier judicial admission that Hallie Ortiz was the fee owner of these separate three acres. Indeed, the government did not even bother to answer the amended complaint. Finally, when Carolyn Ortiz filed her cross-claims, the United States answered by specifically *denying* Ortiz' allegation that the United States intended to file a claim challenging the validity of the 1965 Deed to the separate three-acre tract.

Consistent with its judicial admission of no claim to the three-acre piece, the United States took itself out of the mediation regarding Carolyn Ortiz' claim of title to three acres of the Maho Bay property by advising the parties in a letter dated January 26, 2001, that the United States would

*2 not participate in the mediation proceedings so long as the only issue that will be discussed is title to the three-acre parcel. The United States will allow the other parties (all family members) to resolve the issue of the three-acre parcel among themselves.

Mediation began on March 27, 2001, and successfully concluded nearly one year later, with the plaintiffs and Carolyn Ortiz reaching a settlement of the title disputes over the 1965 Deed and the 1961 Deed, leaving only the issue of partition of the property conveyed under the March 27, 1961 Deed to the eleven remainder interests for resolution. The Consent Judgment which I approved embodies this settlement.

Accordingly, I found and reiterate here that the United States has never asserted in this Court any claim to an interest in the separate three-acre parcel inherited by Carolyn Ortiz. And I therefore did not allow the United States to renege on its earlier consistent position and judicial admission and denied it leave to file a cross claim against Carolyn Ortiz two years out of time. The United States obviously knew that it took its interest *subject to the* duly recorded 1965 Deed of Gift. It is again undisputed that the United States suspected the validity of the 1965 Deed and knew of its potential claim for nearly thirty years. In 1969, a United States Department of Interior employee twice questioned the legitimacy of the three-acre

conveyance to Hallie Ortiz. I found the behavior of the United States was intentional, inexcusable, and egregious. By voluntarily refusing to participate in the mediation, I found that the United States consented to the settlement of title to the three-acre parcel as embodied in the Consent Decree. I found that the United States deliberately permitted the families to mediate the 1965 Deed's validity and Carolyn Ortiz' interests to the land, and then attempted to sandbag them by seeking to challenge the 1965 Deed at this late date. Obviously, it would not be in the interests of justice as required under Rule 13(f) to permit the United States to file and pursue its cross claim.

Accordingly, I have reexamined my approval of the Consent Decree, my order voluntarily dismissing the cross-claim of Carolyn Ortiz, and my order denying the United States leave to file an answer to the amended complaint and a cross-claim against Carolyn Ortiz more than two years and find that there is no reason to vacate or modify them, other than as may have been clarified herein. An appropriate order is attached.

ORDER

For the reasons set forth in the accompanying memorandum, it is ORDERED that the motion of the United States to reconsider the Consent Decree, the order voluntarily dismissing the cross claim of Carolyn Ortiz, and the order denying the United States leave to file an answer to the amended complaint and a cross claim against Carolyn Ortiz entered on August 12, 2002, is DENIED.

2002 WL 31641650 (D.Virgin Islands)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

A00405

## CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, certify that on this 12th day of November, 2004, I caused true and correct copies of the **Memorandum of Law in Support of Motion to Strike Certification of Counsel for Plaintiff NHI, Inc.** to be served on the following parties in the manner indicated:

### VIA HAND-DELIVERY

Stephen W. Spence
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801

### VIA U.S. FIRST-CLASS MAIL

Scott R. Withers, Esquire
Lamb McErlane PC
24 E. Market Street
P.O. Box 565
West Chester, PA 19381-0565

/s/Denise S. Kraft
Denise S. Kraft (#2778)

WLM_500883_1/DKRAFT

**A00406**

**File a Court document:**

04-52879-PJW NHI, Inc. v. Fleetboston Financial Corporation et al

U.S. Bankruptcy Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from Kraft, Denise Seastone entered on 11/12/2004 at 4:40 PM EST and filed on 11/12/2004

**Case Name:**        NHI, Inc. v. Fleetboston Financial Corporation et al
**Case Number:**    04-52879-PJW
**Document Number:** 36

**Docket Text:**
Brief *Memorandum of Law in Support of Motion to Strike Certification of Counsel for Plaintiff NHI, Inc.* (related document(s)[34], [35] ) Filed by Fleetboston Financial Corporation, Waring Justis, Jr., KMR Management, Inc., Robert Riesner (Attachments: # (1) Exhibit 1# (2) Exhibit 2# (3) Attachment Unreported Decisions# (4) Certificate of Service) (Kraft, Denise)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI1112Brief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/12/2004] [FileNumber=3164527-0] [41e7184faa7494c55ce4ee5de71d2c5625ccd3875d6c962ebb3a0e862e06e67b062 3115da6770c7e0db00e76defe8adafaa034c33feaa999c515fb050858e206]]
**Document description:** Exhibit 1
**Original filename:** C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI1112Exh1.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/12/2004] [FileNumber=3164527-1] [2144684ba5f1276e2c4a91b000ac7e4de2a135c4950f5224a7eb58d31ff8ecd1803 d97da1aa055b19f64b8c7d59c8e7bbd20cdf0328689b8365cad6a09bc6a4e]]
**Document description:** Exhibit 2
**Original filename:** C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI1112Exh2.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/12/2004] [FileNumber=3164527-2] [2a1d45a0f28dd50cf013a09d3cf44bca28cbdc163bd9a9bbc4b3f08079036776ce8 5659922c6b5f5b105ab0a568a45503d8c2bfea2c640ec66aedaf1cb86da00]]
**Document description:** Attachment Unreported Decisions
**Original filename:** C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI1112Unreported.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/12/2004] [FileNumber=3164527-3 .

] [94d36a79e1572337648b27df0aae99a0f8fc46ff928f911c370f5b1f787f73f95a4
e7e96948df2ff65aea9f8eaa3e61ed496147134eb25c6ec13333ce96a47ff]]

**Document description:**Certificate of Service
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner
Output\NHI111204COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/12/2004] [FileNumber=3164527-4
] [056a6bb106d2ed1afd61d0ff9b3ba9e335f891c29e00bc09f754f868ab05c4eeab1
f3291fe5f630891e7330d712d291c7b95752f129827923b26f6290dbafa7b]]

**04-52879-PJW Notice will be electronically mailed to:**

Stuart M. Brown      sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft      dkraft@edwardsangell.com

Stephen W. Spence      tap@pgslaw.com;th@pgslaw.com

**04-52879-PJW Notice will not be electronically mailed to:**

A00408

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| A DELAWARE CORPORATION | : | Chapter 11 |
| | : | |
| | : | |
| NHI, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | Adversary No. 04-52879 |
| v. | : | |
| | : | |
| FLEET BOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | Reference Docket No. 12 |
| INC., ROBERT RIESNER and WARING | : | |
| S. JUSTIS, JR., | : | |
| | : | |
| Defendants | : | |

PLAINTIFF'S ANSWER TO MOTION TO STRIKE
CERTIFICATION OF COUNSEL FOR PLAINTIFF NHI, INC.

Plaintiff, NHI, Inc., by and through its counsel, PHILLIPS GOLDMAN & SPENCE, P.A., hereby files this Answer to Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. of Defendants, Fleet Boston Financial Corporation, KMR Management, Inc., Robert Riesner and Waring Justis, Jr.

A Memorandum in Support of this Answer is filed contemporaneously herewith, is attached hereto and is incorporated herein by reference. Plaintiff respectfully requests that this Court enter the attached order denying Defendants' Motion to Strike and allowing Plaintiff to

Dkt. No. 39
Date Filed: 11/22/04

proceed as set forth in the October 29, 2004 Certification of Counsel for Plaintiff as authorized

by this Court's letter dated October 8, 2004.

Respectfully submitted,

OF COUNSEL
James C. Sargent, Esquire
PA Attorney I.D. No. 28642
Guy A. Donatelli, Esquire
PA Attorney I.D. No. 44205
Scot R. Withers, Esquire
PA Attorney I.D. No. 84309
LAMB MCERLANE PC
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000

Stephen W. Spence, Esquire (#2033)
PHILLIPS GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Counsel to NIH, Inc.

Date:  November 22, 2004

A00410

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                    :

NHI, INC.,                                :          Case No. 02-10651 (PJW)
A DELAWARE CORPORATION                    :
                                          :          Chapter 11
                                          :
NHI, INC.,                                :
                                          :
            Plaintiff                     :
                                          :
      v.                                  :          Adversary No. 04-52879
                                          :
FLEET BOSTON FINANCIAL                    :
CORPORATION, KMR MANAGEMENT,              :
INC., ROBERT RIESNER and WARING           :
S. JUSTIS, JR.,                           :
                                          :
            Defendants                    :

### ORDER

AND NOW, this ___ day of November, 2004, upon consideration of the Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. of Defendants, Fleet Boston Financial Corporation, KMR Management, Inc., Robert Riesner and Waring Justis, Jr. and the response of Plaintiff, NHI, Inc., thereto, it is hereby

ORDERED, that Defendant's Motion is denied, and Plaintiff may proceed in accordance with the Certification of Counsel for NHI, Inc. submitted on October 29, 2004.

BY THE COURT:

_____
THE HONORABLE PETER J. WALSH

A00411

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                    :
                                          :     Case No. 02-10651 (PJW)
NHI, INC.,                                :
A DELAWARE CORPORATION                    :     Chapter 11
                                          :
                                          :
NHI, INC.,                                :
                                          :
            Plaintiff                     :
                                          :     Adversary No. 04-52879
      v.                                  :
                                          :
FLEET BOSTON FINANCIAL                    :
CORPORATION, KMR MANAGEMENT, :
INC., ROBERT RIESNER and WARING :
S. JUSTIS, JR.,                           :
                                          :
            Defendants.                   :

## CERTIFICATE OF SERVICE

I, Stephen W. Spence, Esquire, hereby certify that true and correct copies of the Answer

to Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. of Defendants, Fleet Boston

Financial Corporation, KMR Management, Inc., Robert Riesner and Waring Justis, Jr. in the

above-captioned matter were served this day upon the following in the manner indicated below.

| Name: | Means of Service: | Date of Service |
|---|---|---|
| Office of the United States Trustee<br>844 King Street, Room 2207<br>Lockbox 35<br>Wilmington, DE 19801 | First Class Mail | November 22, 2004 |
| Stuart M. Brown, Esquire<br>Edwards & Angel, LLP<br>919 N. Market Street, 14th Floor<br>Wilmington, DE 19801 | First Class Mail<br>and Facsimile | November 22, 2004 |

2

Stephen W. Spence, Esquire          First Class Mail          November 22, 2004
Phillips, Goldman & Spence
1200 North Broom Street
Wilmington, DE 19806

PHILLIPS GOLDMAN & SPENCE, P.A.

Date:   November 22, 2004          By: _____
                                       Stephen W. Spence, Esquire

3

A00413

Internal CM/ECF Live Database                                    https://ecf.deb.uscourts.gov/cgi-bin/Dispatch.pl?786344608742826

## File an answer to a motion:

### 04-52879-PJW NHI, Inc. v. Fleetboston Financial Corporation et al

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Spence, Stephen W. entered on 11/22/2004 at 12:46 PM EST and filed on 11/22/2004

| | |
|---|---|
| Case Name: | NHI, Inc. v. Fleetboston Financial Corporation et al |
| Case Number: | 04-52879-PJW |
| Document Number: | 39 |

Docket Text:
Response to *Plaintiff's Answer to Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. (Certificate of Service)* (related document(s)[12] ) Filed by NHI, Inc. (Spence, Stephen)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:NHI Answer.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=11/22/2004] [FileNumber=3192746-0
] [3c7ac80e49c5cc4225b64c5f11748f2d072cd79736a087d39bc655c28ff27fc393
68179023848dbf4cc85c01403003d93666e708da313b62503169fda686bb3]]

04-52879-PJW Notice will be electronically mailed to:

Stuart M. Brown     sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft     dkraft@edwardsangell.com

Stephen W. Spence     tap@pgslaw.com;th@pgslaw.com

04-52879-PJW Notice will not be electronically mailed to:

A00414

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| f/n/a NANTICOKE HOMES INC. | : | Chapter 11 |
| Debtors. | : | |

_____

| | | |
|---|---|---|
| NHI, INC., | : | |
| Plaintiff, | : | Adversary No. 04-52879 |
| v. | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | |
| INC., ROBERT RIESNER and | : | |
| WARING S. JUSTIS, JR., | : | |
| Defendants. | : | |

### DEFENDANTS' REPLY BRIEF IN RESPONSE TO PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO STRIKE CERTIFICATION OF <u>COUNSEL FOR PLAINTIFF NHI, INC.</u>

EDWARDS & ANGELL LLP
Stuart M. Brown (No. 4050)
Denise S. Kraft (No. 2778)
919 North Market Street, 14th Floor
Wilmington, DE 19801
Tel. 302-777-7770
Fax 888-325-9741

Dated: November 30, 2004

Docket# 41
Date: 11/30/04

WLM_500979_1/DKRAFT

A00415