# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I.       INTRODUCTION ................................................................................................ 1

II.      ARGUMENT ........................................................................................................ 3

         A.      Plaintiff Clearly Alleged the Elements of Agency ................................... 3

         B.      Plaintiff's Allegations of Agency is a Judicial Admission Upon
                  Which Defendants are Entitled to Rely ..................................................... 3

         C.      The Release of an Agent Does Not Require Intent as Plaintiff
                  Prematurely Alleges ................................................................................... 7

         D.      The Certification was Improper ................................................................. 9

         E.      Plaintiff Should Pay All Legal Fees and Costs of Discovery it is
                  Seeking on the Issue of Agency Since it is Attempting to Invalidate
                  its Own Allegations to Escape Application of the Release ........................ 10

CONCLUSION ................................................................................................................. 12

WLM_500979_1/DKRAFT

A00416

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Jankouskas,*
   Del. Supr., 452 A.2d 148, 155-56 (1982) ................................................................... 9

*Billops v. Magness Constr. Co.,*
   Del. Supr., 391 A.2d 196 (1978) ................................................................................ 5

*Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.,*
   999 F.2d 745, 752-53 (3d Cir. 1993) ........................................................................ 11

*Chakov v. Outboard Marine Corp.,*
   Del. Supr., 429 A.2d 984 (1981) ................................................................................ 8

*Cinema Service Corp. v. Edbee Corp.,*
   774 F.2d 584 (3d Cir. 1985) ...................................................................................... 11

*Eavenson, Auchmuty & Greenwald v. Holtzman,*
   775 F.2d 535, 540 (3d Cir. 1985) .............................................................................. 12

*Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.,*
   87 F. Supp. 2d 394, 405 (D.N.J. 2000) ...................................................................... 7

*End of the Road Trust ex rel. Fruehauf Trailer Corp. v. Terex Corp.*
   *(In re Fruehauf Trailer Corp.),*
   250 B.R. 168, 194 (D. Del., 2000) .............................................................................. 9

*Finnegan Constr. Co. v. Robino-Ladd Co.,*
   Del. Super., 354 A.2d 142 (1976) .............................................................................. 5

*Fisher v. Townsends, Inc.,*
   Del. Supr., 695 A.2d 53, 57 (1997) ............................................................................ 4

*Ford Motor Co. v. Summit Motor Products, Inc.,*
   930 F.2d 277, 289 (3d Cir. 1991) ............................................................................. 11

*Gaiardo v. Ethyl Corp.,*
   835 F.2d 479 (3d Cir. 1987) ..................................................................................... 11

*Glick v. White Motor Co.,*
   458 F.2d 1287 (3d Cir. 1972) ..................................................................................... 6

*Hob Tea Room v. Miller,*
   Del. Supr., 89 A.2d 851 (1952) .................................................................................. 9

WLM_500979_1/DKRAFT

A00417

*In re BCI Pancake House, Inc.*,
    270 B.R. 15, 23 (Bankr. D. Del. 2001) ................................................................. 4

*In re Cendant Corp. Securities Litig.*,
    109 F. Supp.2d 225, 230 (D.N.J. 2000) ............................................................... 6

*Jones v. Pittsburgh National Corp.*,
    899 F.2d 1350, 1359 (3d Cir. 1990) ......................................................... 10, 11

*Landon v. Hunt*,
    977 F.2d 829, 833 n. 3 (3d Cir. 1992) .................................................................. 11

*Lony v. E.I. Du Pont De Nemours & Co.*,
    935 F.2d 604, 615 (3d Cir. 1991) ....................................................................... 11

*McCormick v. City of Chicago*,
    230 F.3d 319, 325 (7th Cir. 2000) ...................................................................... 7

*Missouri Housing Dev. Comm'n v. Brice*,
    919 F.2d 1306, 1315 (8th Cir. 1990) ................................................................. 6

*Rochen v. Huang*,
    Del.Super., 1989 WL 5374 (1989) ...................................................................... 9

*Tucker v. Albun, Inc.*,
    Del.Super., 1999 WL 1241073 (1999) ................................................................ 9

*Williams v. Stone*,
    109 F.3d 890, 893 (3d Cir. 1997) ....................................................................... 8

*Wilmington Trust Co. v. Calhoun (In re Geotek Communs., Inc.)*,
    282 B.R. 165, 169 (Bankr. D. Del., 2002) ......................................................... 8

Treatises

Charles Alan Wright and Arthur R. Miller, et al.,
    *Federal Practice and Procedure* §§ 2722 .......................................................... 6

WLM_500979_1/DKRAFT

A00418

## I.    **INTRODUCTION**

NHI, Inc. ("NHI" or "Plaintiff") is in a conundrum of its own creation. Plaintiff has painted itself into a corner and its request to the Court to aid it by ordering unwarranted and costly discovery to refute its own factual allegations are misdirected. Plaintiff continues to waste the Court's and the parties' time and resources in a desperate hope to extricate itself from its impossible situation.

The Plaintiff is seeking numerous depositions, written responses to discovery requests and at least two months for discovery. All for the express purpose of refuting "Defendants' assertion of an agency relationship with Mercantile." Answering Brief at p. 1. Plaintiff seeks such discovery in order to discredit its own allegations of agency that constitute the basis of its complaint and amended complaint. In short, successful discovery for the Plaintiff will establish that no agency existed between Fleet Boston Financial Corporation, KMR Management, Inc., Robert Riesner and Waring S. Justis, Jr. (collectively, "Defendants") and Mercantile Safe Deposit and Trust Company ("Mercantile")and that the factual allegations in its complaint, amended complaint and response to Defendants' motion to dismiss were false, and without a good faith factual basis.

The agency issue first arose when Plaintiff filed a complaint, and then an amended complaint alleging that Defendants were the agents of Mercantile. For the limited purpose[1] of testing the legal basis of Plaintiff's claims in accordance with the standards required to survive a motion to dismiss (now converted to one for summary judgment), Defendants accepted as true Plaintiff's factual allegations of agency in its complaint and amended complaint and asserted in

---

[1] Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, D.I. # 27, p.10, n.6. ( "Plaintiff alleges that Defendants acted as Mercantile's agent and acted in concert with Mercantile. For the purposes of the Motion to Dismiss only, Defendants take Plaintiff's allegations of agency as true. Defendants reserve the right to deny they acted as Mercantile's agent or in concert with Mercantile.")

their motion to dismiss that Plaintiff had released Mercantile and its agents in a release dated February 26, 2002 (the "Release"). In responding to Defendants' motion to dismiss, Plaintiff reiterated for the third time its allegation that Defendants were agents of Mercantile but refused to specifically address the significance of its allegations of agency and further stated that "NHI's relationship with Mercantile, is of no moment." NHI's Answering Brief to Defendants' Motion to Dismiss at p. 8 [D.I. 29].

In its answering brief to Defendants' motion to strike certification of counsel ("Answering Brief"), Plaintiff now reasserts *for the fourth time* its allegation that defendants were agents of Mercantile as follows:

- "Mercantile directed NHI to hire the Defendants." [Answering Brief at p.4].

- "Defendants were more interested in paying down the debt to Mercantile... than they were interested in returning NHI to profitability." [Answering Brief at p.4].

- "It almost appeared to me that defendants...were simply doing what Mercantile wanted them to do irrespective of the harm their conduct was having on NHI." [Answering Brief, Exhibit B, Mervine Affidavit at ¶ 7.]

Plaintiff then inexplicably requests that the Court order discovery of Defendants to prove that "Defendants were in fact not the agents of Mercantile...". *See* Answering Brief at p. 3. Plaintiff also attached to its Answering Brief and requested permission of the Court to propound requests for documents and interrogatories on Defendants. The discovery requests are mostly in the form of contention interrogatories requesting information on why Defendants believe they are agents of Mercantile. *See* Answering Brief, Exhibit A, Request for Document Nos. 1 and 4; Interrogatory Nos. 2, 5, 6, 10.

-2-

WLM_500979_1/DKRAFT

A00420

Defendants have *never* alleged that they were the agents of Mercantile. In making the request for discovery to determine why Defendants believe that they are agents of Mercantile, Plaintiff has completely and utterly disregarded the fact that *Plaintiff* is the party that made the agency allegations, not Defendants. As they are required to do under the Rules of Civil Procedure, Defendants merely accepted Plaintiff's factual allegation of agency in the complaint and amended complaint as true for the limited purpose[2] of testing the legal basis of Plaintiff's claims.

The discovery is improper under the circumstances and if allowed, would constitute an undue expense on the agency issue already judicially admitted by Plaintiff. Defendants are entitled to rely upon Plaintiff's repeated judicial admissions of agency for the purpose of going forward on its motion to dismiss, as converted to a motion for summary judgment by the Court on October 8, 2004 [D.I. 32], for the purpose of testing the basis of Plaintiff's legal claims, and thereafter as may be necessary or appropriate.

## II.    ARGUMENT

### A.    Plaintiff Clearly Alleged the Elements of Agency

Despite its protests to the contrary, Plaintiff's response to Defendants' motion to strike realleges in the fourth pleading[3] filed by Plaintiff in this proceeding, and multiple times in each pleading, an agency relationship between Mercantile and Defendants. Plaintiff's allegations of agency establish *at a minimum* an "apparent" agency between Defendants and Mercantile, if not a traditional agency relationship.

Under Delaware law, an agency relationship exists "when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent."

---

[2] *See* fn.1, *supra*.

[3] The agency allegations were previously stated in Plaintiff's complaint, amended complaint and response to motion to dismiss.

WLM_500979_1/DKRAFT

A00421

*Fisher v. Townsends, Inc.*, Del. Supr., 695 A.2d 53, 57 (1997); *In re BCI Pancake House, Inc.*, 270 B.R. 15, 23 (Bankr. D. Del. 2001). As recognized by this Court in its Letter of October 8, 2004 to the parties, Plaintiff's allegations clearly sound in agency. The Plaintiff's pleadings and motion papers are rife with agency allegations as follows:

- The defendants "served at the direction and pleasure of Mercantile." [Amended Complaint ¶ 33; NHI's Answering Brief to Defendants' Motion to Dismiss at p. 5]

- Mercantile directed NHI to hire the Defendants. [Amended Complaint ¶¶ 25, 71.]

- Defendants were more interested in paying down the debt to Mercantile than they were interested in returning NHI to profitability. [Amended Complaint ¶¶ 32, 48, 60, 77.]

- Mercantile insisted on NHI hiring KMR, and then KMR placed NHI into an insolvent condition in a fashion designed to protect only Mercantile. [Amended Complaint ¶¶ 105, 112.]

- Riesner and/or Justis were in contact with Mercantile at least daily during the term of the Consulting Agreement. [Amended Complaint ¶ 34.]

- KMR, Riesner and Justis engaged in a scheme to waste the assets of NHI in order to liquidate it for the benefit of Mercantile. [Amended Complaint ¶ 111.]

- KMR, Riesner and Justis engaged in a scheme to defraud and to raid NHI for the purposes of stripping assets in satisfaction of bank debt and running down NHI to the point where NHI could only be liquidated for the benefit of Mercantile rather than turning the company around. [Amended Complaint ¶ 104.]

Further, under the guise of claiming that certain facts speak to the "motivation of Defendants," rather than agency, the Plaintiff continues to repeat allegations of agency in its Answering Brief as follows:

- 4 -

WLM_500979_1/DKRAFT

- "Mercantile directed NHI to hire the Defendants." [Answering Brief at p.4].

- "Defendants were more interested in paying down the debt to Mercantile... than they were interested in returning NHI to profitability." [Answering Brief at p.4].

- "It almost appeared to me that defendants...were simply doing what Mercantile wanted them to do irrespective of the harm their conduct was having on NHI." [Answering Brief, Exhibit B, Mervine Affidavit at ¶ 7.]

Although Plaintiff has clearly alleged agency throughout its pleadings and motion papers filed with the Court as demonstrated above, in its Answering Brief, the Plaintiff now makes additional agency allegations that squarely meet the more relaxed "apparent" agency standard recognized by Delaware law. The concept of apparent agency or authority focuses not upon the actual relation of a principal and agent, but the apparent relationship. *Billops v. Magness Constr. Co.*, Del. Supr., 391 A.2d 196 (1978). Manifestations by the alleged principal that create a reasonable belief in a third party that the alleged agent is authorized to bind the principal, create an apparent agency from which spring the same legal consequences as those which result from an actual agency. *Id.*; *Finnegan Constr. Co. v. Robino-Ladd Co.*, Del. Super., 354 A.2d 142 (1976).

The Affidavit of John M. Mervine III attached to Plaintiff's response to Defendants' motion to strike (the "Mervine Affidavit") highlights the previous agency allegations in the complaint, amended complaint and Plaintiff's response to Defendants' motion to dismiss, when it states "It almost appeared to me that defendants...were simply doing what Mercantile wanted them to do irrespective of the harm their conduct was having on NHI." *See* Answering Brief, Exhibit B, Mervine Affidavit at paragraph 7. The Mervine Affidavit confirms that John M. Mervine, III, president of NHI, believed that at a minimum, an apparent agency relationship

- 5 -

allegations made by Plaintiff. Nevertheless, as President of NHI, he entered into the Release, thereby releasing the Defendants, which he admittedly believed to be the agents of Mercantile at the time. Rather than refuting Plaintiff's agency allegations, the Mervine Affidavit attached by Plaintiff to its Answering Brief actually supports its previous agency allegations.

**B.    Plaintiff's Allegations of Agency is a Judicial Admission Upon Which Defendants are Entitled to Rely**

Defendants are entitled to rely on Plaintiff's *repeated* judicial admissions of agency without further proof, evidence, or discovery being required from Defendants on the issue of agency.[4] Facts asserted in a pleading are considered "judicial admissions" and bind the party asserting the facts. *See Glick v. White Motor Co.,* 458 F.2d 1287 (3d Cir. 1972) (where a party offers deliberate, clear and unequivocal facts in a complaint, those assertions are binding on the party.); *In re Cendant Corp. Securities Litig.,* 109 F. Supp.2d 225, 230 (D.N.J. 2000); 10A Charles Alan Wright and Arthur R. Miller, *et al.*, Federal Practice and Procedure §§ 2722 and 2723 at 382 (3d ed. 1998) ("Wright & Miller"). Because Plaintiff's allegations of agency have been repeated time and again both in pleadings and in the Mervine Affidavit filed before this Court, there can be no doubt but that Plaintiff's factual allegations of agency are meant to be "deliberate, clear and unequivocal."

The discovery requested by the Plaintiff on the issue of agency is moot at this point because of Plaintiff's repeated judicial admission of agency. "[E]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." *Missouri Housing Dev. Comm'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir. 1990); *Electric Mobility*

---

[4] However, Defendants are not bound by Plaintiff's admissions.

WLM_500979_1/DKRAFT

A00424

*Corp. v. Bourns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 405 (D.N.J. 2000). This matter cannot be made more clear.

A party can plead himself out of court by alleging facts that show that he has no claim, even though he was not required to allege those facts. *See McCormick v. City of* Chicago, 230 F.3d 319, 325 (7th Cir. 2000); 30B Wright & Miller § 7026 (2000). Plaintiff and Plaintiff's counsel now faces a Hobsons Choice--they can stand and defend against the release of Defendants as agents of Mercantile as they have alleged four times, or they can withdraw their claim. A choice Plaintiff does not have—although it would have the Court believe—is the choice to amend its complaint yet again to withdraw its factual allegations of agency. The law is clear that Plaintiff has made judicial admissions of agency that are binding on Plaintiff and conclusively support summary judgment against it. The Answering Brief and the attached Mervine Affidavit should dispel any doubt that Plaintiff continues to allege agency, has not moved from its initial position of agency in its pleadings and motion papers and should be held to its judicial admissions of agency, without further proof required from Defendant at this stage in the proceedings.

**C.    The Release of an Agent Does Not Require Intent as Plaintiff Prematurely Alleges**

Although not an issue that must be decided prior to the Court's decision on the motion for summary judgment, Plaintiff has raised the legal issue of intent to release. Answering Brief at p. 5. Accordingly, Defendants briefly address the issue of intent here only to refute Plaintiff's bald contention that there was no intent to release Defendants and will address the release issues in more detail in their summary judgment papers.

First, the Plaintiff's statement that Defendants "were specifically excluded from the release for the purposes of suing them" finds no support in the Release dated February 26, 2002.

- 7 -

There is no exculpatory language in the Release and Plaintiff notably has not offered any exculpatory language to support its contention. The Court also specifically recognized in its October 8, 2004 letter to the parties that although the "Defendants are not named in the Release", nonetheless, "the release provision set forth in the February 26, 2002 Agreement releases not only Mercantile but its 'officers, directors, employees, attorneys and agents.'"

Second, intent is determined by the language of the Release. All that is required is unambiguous language releasing a described party. The Release is clear and unambiguous and requires that this Court find that Plaintiff released Defendants and there is no need to look at "the purpose for which the release was executed in determining the scope of the release." *See Wilmington Trust Co. v. Calhoun (In re Geotek Communs., Inc.)*, 282 B.R. 165, 169 (Bankr. D. Del., 2002) (J. Walsh). On February 26, 2002, the Debtor gave a broad release to Mercantile and its agents, including a release and discharge of issues pertaining to allegations that they improperly managed NHI.[5]

Releases are interpreted according to state law. *See Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997). Delaware law recognizes the validity of a general release. *Chakov v. Outboard Marine Corp.*, Del. Supr., 429 A.2d 984 (1981). Under Delaware law, the intent of the parties,

---

[5] Section 20 of the February 26, 2002 Agreement provides:

IN ORDER TO INDUCE [MERCANTILE] TO ENTER INTO THIS AGREEMENT, [NHI] FOREVER RELEASES AND DISCHARGES [MERCANTILE] AND [MERCANTILE'S] ... AGENTS (COLLECTIVELY, THE "RELEASED PARTIES") FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, SUITS AND DAMAGES (INCLUDING CLAIMS FOR ATTORNEYS' FEES AND COSTS) WHICH [NHI] ... EVER HAD OR MAY NOW HAVE OF ANY KIND OR NATURE AGAINST ANY OF THE RELEAED PARTIES ARSING OUT OF OR RELATED IN ANY WAY TO ANY OF THE LOANS, THE LOAN DOCUMENTS, THE OBLIGATIONS OR THE COLLATERAL OR THE ADMINISTRATION THEREOF OR THIS AGREEMENT, WHETHER KNOW OR UNKNOWN, INCLUDING BUT NOT LIMITED TO ANY AND ALL CLAIMS BASED UPON OR RELYING ON ANY ALLEGATIONS OR ASSERTIONS OF DURESS, ILLEGALITY, UNCONSCIONABILITY, BAD FAITH, BREACH OF CONTRACT, REGULATORY VIOLATIONS, IMPROPER CONTROL OF THE COMPANIES OR THEIR AFFAIRS, NEGLIGENCE, MISCONDUCT, OR ANY OTHER TORT, CONTRACT OR REGULATORY CLAIM OF ANY KIND OR NATURE. THIS RELEASE IS INTENDED TO BE FINAL, IRREVOCABLE AND IMMEDIATE AND IS NOT SUBJECT TO THE SATISFACTION OF ANY CONDITIONS OF ANY KIND.

WLM_500979_1/DKRAFT

A00426

as ascertained from the language of the document, controls interpretation of a release. *See End of the Road Trust ex rel. Fruehauf Trailer Corp. v. Terex Corp. (In re Fruehauf Trailer Corp.)*, 250 B.R. 168, 194 (D. Del., 2000); *Adams v. Jankouskas*, Del. Supr., 452 A.2d 148, 155-56 (1982). If the language of a release is clear and unambiguous then the court must follow that interpretation. *Id.* If a release is ambiguous its interpretation becomes a question of fact and the fact finder may consider extrinsic evidence. *See Tucker v. Albun, Inc.*, Del.Super., 1999 WL 1241073 (1999); *Rochen v. Huang*, Del.Super., 1989 WL 5374 (1989). Where the language of the release is clear and unambiguous, it will not lightly be set aside. *See Hob Tea Room v. Miller*, Del. Supr., 89 A.2d 851 (1952).

The Release describes Mercantile and its agents and Plaintiff supplied the matching description of Defendants as agents when it described the agency relationship between Mercantile and Defendants no less than four times in papers filed with this Court. If Plaintiff had meant to specifically exclude Defendants from the Release for the purpose of suing them, it could have done so and should have done so, especially in light of the apparent agency described in the Mervine Affidavit. *See* Mervine Affidavit at paragraphs 6, 7, 8, 9, 10, 11, 12. However, the undisputed fact is that Plaintiff did not specifically exclude Defendants from the Release, despite the reservations and suspicions of one of its principals just one month prior to executing the Release of Mercantile and its agents.

## D.   The Certification Was Improper

In its Answering Brief, Plaintiffs' charge that Defendants' argument that Delaware District Court Local Rule 83.5(d) was not followed because a Delaware attorney did not sign the certification is merely "form over substance". Answering Brief at p. 7. Dismissing a violation of the Court rules in such a manner trivializes the rules and requirements for submission of

- 9 -

A00427

papers to the Court. This Court should not countenance such conduct, especially where, as here,

Delaware counsel was available and the Rules could and should have been complied with.

E.   **Plaintiff Should Pay All Legal Fees and Costs of Discovery it is Seeking on the Issue of Agency Since it is Attempting to Invalidate its Own Allegations to Escape Application of the Release**

Counsel's Certification requests at least 2 months to undertake an investigation into their

own factual allegations of agency, including the taking of at least 6 depositions and the

"[a]ssembly of documents, some of which Plaintiff has already uncovered, refuting any actual

agency relationship between Mercantile and KMR or release of KMR." *See* Certification at p. 2,

attached to motion to strike as Exh. 1. Plaintiff's counsel also indicated that they may need to

further amend their first amended complaint after conducting the above-requested discovery.

*See* Certification at p. 3, attached motion to strike as Exh.1.

Under Fed. R. Civ. P. 11, as made applicable by Fed. R. Bankr. P. 9011 ("Rule 9011"),

the signer of a pleading has an obligation to make a reasonable inquiry into the facts and law that

support the pleading. *See Jones v. Pittsburgh National Corp.,* 899 F.2d 1350, 1359 (3d Cir.

1990). Rule 9011 provides that:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case....

Fed.R.Bankr.P. 9011 (emphasis added). The Court should impose upon the signer of a document

signed in violation of Rule 9011 an appropriate sanction, "which may include an order to pay to

the other party or parties the amount of the reasonable expenses incurred because of the filing of

the document, including a reasonable attorney's fee." *See id.* The purpose of Rule 9011 is

- 10 -

WLM_500979_1/DKRAFT

equivalent to that of Rule 11 and the applicable standard of review is the same under both rules. *See Landon v. Hunt*, 977 F.2d 829, 833 n. 3 (3d Cir. 1992); *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir. 1985). The U.S. Court of Appeals for the Third Circuit has summarized the essence of Rule 11 as follows:

> the rule imposes an obligation on counsel and client analogous to the railroad crossing sign, "Stop, Look and Listen." It may be rephrased, "Stop, Think, Investigate and Research" before filing papers whether to initiate a suit or to conduct the litigation. These obligations conform to those practices which responsible lawyers have always employed in vigorously representing their clients while recognizing the court's duty to serve the public efficiently.

*Gaiardo v. Ethyl Corp.*, 835 F.2d 479 (3d Cir. 1987).

Sanctions will be imposed for pleadings not well grounded in fact and law after reasonable inquiry. *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745, 752-53 (3d Cir. 1993) ("Even if not carried out for such an inappropriate purpose, a lack of reasonable investigation would nonetheless serve as a basis for the imposition of sanctions under Rule 11."). The legal standard for alleged violations of Rule 11 is "reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 546-547 (1991)). Reasonableness is defined as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Id.* (quoting *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). The objective reasonableness standard "seeks to discourage pleadings 'without factual foundation, even though the paper was not filed in subjective bad faith,' " and to ensure that pleadings are not made for improper purposes such as delay, harassment or to increase litigation expenses. *Lony v. E.I. Du Pont De Nemours & Co.*, 935 F.2d 604, 615 (3d Cir. 1991) (quoting *Lieb v. Topstone Indus.*, 788 F.2d 151, 157 (3d Cir.1986)). The Court will test the signer's conduct by inquiring what was

WLM_500979_1/DKRAFT

A00429

reasonable to believe at the time the pleading was submitted. *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir. 1985). Accordingly, no discovery should be allowed to refute Plaintiff's own factual allegations.

Under the circumstances of Plaintiff filing multiple pleadings and motion papers with the Court alleging agency, any attempt to now invalidate its own allegations of agency in order to survive a motion for summary judgment are improper and filed for the improper purpose of avoiding summary judgment.

## CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants respectfully request that the Court strike and disallow Plaintiff's Certification in its entirety and disallow Plaintiff's requested discovery on the issue of agency to refute its own allegations. In the alternative, if the Court allows the discovery requested by Plaintiff, then Plaintiff should pay Defendants' legal fees and costs related to preparing, filing and advocating the motion to dismiss, the converted motion for summary judgment and all proceedings related thereto.

Dated: November 30, 2004                    EDWARDS & ANGELL, LLP

                                            Stuart M. Brown (#4050)
                                            Denise S. Kraft (#2778)
                                            919 N. Market Street, 14th Floor
                                            Wilmington, DE 19801
                                            302.777.7770
                                            302.777.7263 - facsimile

                                            Counsel for the Defendants

- 12 -

WLM_500979_1/DKRAFT

A00430

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                  :

NHI, INC.,                              :        Case No. 02-10651 (PJW)
A DELAWARE CORPORATION                  :        Chapter 11
                                        :
_____            :

NHI, INC.,                              :

       Plaintiff                :        Adversary No. 04-52879

v.                                      :

FLEETBOSTON FINANCIAL                   :
CORPORATION, KMR MANAGEMENT,            :
INC., ROBERT RIESNER and                :
WARING S. JUSTIS, JR.,                  :

      Defendants               :

## ORDER

IT IS HEREBY ORDERED this ____ day of December, 2004 that Defendants' Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. is GRANTED.   It is hereby further ORDERED that Plaintiff is not allowed to request discovery on the issue of agency to refute its own allegations.

_____
Honorable Peter J. Walsh

WLM_500979_1/DKRAFT

A00431

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                              :

NHI, INC.,                          :    Case No. 02-10651 (PJW)
A DELAWARE CORPORATION              :    Chapter 11
                                    :
_____        :

NHI, INC.,                          :

            Plaintiff               :    Adversary No. 04-52879

v.                                  :

FLEETBOSTON FINANCIAL               :
CORPORATION, KMR MANAGEMENT,        :
INC., ROBERT RIESNER and            :
WARING S. JUSTIS, JR.,              :

            Defendants              :

### ORDER

IT IS HEREBY ORDERED this ____ day of December, 2004 that Defendants' Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. is DENIED.  It is hereby further ORDERED that:

1.      Plaintiff is allowed to request discovery on the issue of agency to refute its own allegations;

2.      Plaintiff shall pay Defendants' legal fees and costs related to engaging in such discovery;

WLM_500979_1/DKRAFT

**A00432**

3.      Plaintiff shall pay Defendants' legal fees and costs related to preparing, filing and advocating the motion to dismiss, the converted motion for summary judgment and all proceedings related thereto.

_____
Honorable Peter J. Walsh

WLM_500979_I/DKRAFT

A00433

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 02-10651 (PJW) |
| NHI, INC., f/n/a NANTICOKE HOMES, INC. | : | |
| A DELAWARE CORPORATION | : | Chapter 11 |

| | | |
|---|---|---|
| NHI, INC., | | |
| Plaintiff | : | Adversary No. 04-52879 |
| v. | | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | |
| INC., ROBERT RIESNER and | : | |
| WARING S. JUSTIS, JR., | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, certify that on this 30th day of November, 2004, I caused true and correct copies of the **Defendants' Reply Brief in Response to Plaintiff's Answer to Defendants' Motion to Strike Certification of Counsel for Plaintiff NHI, Inc.** to be served on the following parties in the manner indicated:

**VIA HAND-DELIVERY**

Stephen W. Spence
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801

**VIA U.S. FIRST-CLASS MAIL**

Guy A. Donatelli, Esquire
Scott R. Withers, Esquire
Lamb McErlane PC
24 E. Market Street
P.O. Box 565
West Chester, PA 19381-0565

Denise S. Kraft (#2778)

WLM_500979_1/DKRAFT

**A00434**

**File a Court document:**

04-52879-PJW NHI, Inc. v. Fleetboston Financial Corporation et al

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Kraft, Denise Seastone entered on 11/30/2004 at 5:07 PM
EST and filed on 11/30/2004
**Case Name:**      NHI, Inc. v. Fleetboston Financial Corporation et al
**Case Number:**     04-52879-PJW
**Document Number:** 41

**Docket Text:**
Brief *Defendants' Reply Brief in Response to Plaintiff's Answer to Defendants' Motion to Strike
Certification of Counsel for Plaintiff NHI, Inc.* (related document(s)[34], [35], [36], [39], [40] ) Filed by
Fleetboston Financial Corporation, Waring Justis, Jr., KMR Management, Inc., Robert Riesner
(Attachments: # (1) Proposed Form of Order # (2) Certificate of Service) (Kraft, Denise)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner
Output\NHI1130Brief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/30/2004] [FileNumber=3213036-0
] [9750ce1e4202b939921f58a0ca0224da6f3fc253294fba0b4359d22e52353e42cb1
dcc5bf1e978127acfe0debaeb34bedbefd23d676336e443e85aeb1c133e72]]
**Document description:**Proposed Form of Order
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner
Output\NHI1130Order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/30/2004] [FileNumber=3213036-1
] [37608447db4f70f5bf053e684fae45c2d26b6d3c07bd2937260826522329fb9093c
fe3e43e949b8a63f061286769ace158854e92bb217f04f6fcea4c9982c6e3]]
**Document description:**Certificate of Service
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner
Output\NHI1130COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/30/2004] [FileNumber=3213036-2
] [83307cb46bcdb429ed787db2364d04fc941247c2e3d3aabaa2c4aee7a133ae8030c
d6a3553be3fae50bc8e696ebbdc75ccaca19c87b7fa0f9c9d06f4be3c8163]]

**04-52879-PJW Notice will be electronically mailed to:**

Stuart M. Brown    sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft    dkraft@edwardsangell.com

Stephen W. Spence    tap@pgslaw.com;th@pgslaw.com

**04-52879-PJW Notice will not be electronically mailed to:**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                    :

NHI, INC.,                                :        Case No. 02-10651 (PJW)
A DELAWARE CORPORATION                    :        Chapter 11

                                          :

NHI, INC.,                                :

            Plaintiff                     :

                                          :        Adversary No. 04-52879

      v.                                  :

FLEET BOSTON FINANCIAL                    :
CORPORATION, KMR MANAGEMENT,              :
INC., ROBERT RIESNER and WARING           :
S. JUSTIS, JR.,                           :

            Defendants                    :

---

## MEMORANDUM OF LAW OF PLAINTIFF NHI, INC.
## IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CERTIFICATION OF
## <u>COUNSEL FOR PLAINTIFF NHI, INC.</u>

James C. Sargent, Esquire                 Stephen W. Spence, Esquire (#2033)
PA Attorney I.D. No. 28642                PHILLIPS GOLDMAN & SPENCE, P.A.
Guy A. Donatelli, Esquire                 1200 North Broom Street
PA Attorney I.D. No. 44205                Wilmington, DE 19806
Scot R. Withers, Esquire                  (302) 655-4200
PA Attorney I.D. No. 84309                (302) 655-4210 (fax)
LAMB MCERLANE PC                          Counsel to NHI, Inc.
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000
Of Counsel
November 22, 2004

Dkt. No. _____ 40 _____

Date Filed: __ 11/22/04 __

A00437

# TABLE OF CONTENTS

TABLE OF CITATIONS ......................................................................................... ii

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS....................1

II.  CONCISE STATEMENT OF THE FACTS ........................................................3

III. ARGUMENT ...............................................................................................3

    A.   PLAINTIFF HAS NEVER ALLEGED DEFENDANTS WERE AGENTS
        OF MERCANTILE..................................................................................4

    B.   PLAINTIFF HAS NOT ADMITTED ANY AGENCY
        RELATIONSHIP BETWEEN DEFENDANTS AND MERCANTILE ................5

    C.   THE CERTIFICATION WAS TAKEN BY AN ATTORNEY ADMITTED
        PRO HAC VICE AND WHO HAS PARTICIPATED ACTIVLEY IN
        THIS CASE FROM ITS INCEPTION .......................................................7

V.   CONCLUSION..............................................................................................8

i

**A00438**

# TABLE OF CITATIONS

## CASES

Coates Int'l, Ltd. v. DeMott, 1994 Del. Ch. LEXIS 20 (Del. Ch. 1994) ...........................................6

Fisher v. Townsends, Inc., 695 A.2d 53 (Del. 1997)....................................................................5

National Labor Relations Bd. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 19,
154 F.3d 137 (3d Cir. 1998)....................................................................................................5

Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355 (3d Cir. 1996)....................6

Scarano v. Central R. Co. of New Jersey, 203 F.2d 510 (3d Cir. 1953).........................................6

Seigman v. Palomar Med. Techs., Inc., 1998 Del. Ch. LEXIS 115 (Del. Ch. 1998) ......................6

Sutter Opportunity Fund 2 LLC v. Cede & Co., 838 A.2d 1123 (Del. Ch. 2003)...........................6

## RULES

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1

A00439

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is an adversary proceeding by NHI, Inc. seeking to recover the losses suffered as a result of the failure of KMR Management, Inc. ("KMR"), Robert Riesner ("Riesner") and Waring Justis, Jr. ("Justis"); and KMR's parent, Fleet Boston Financial ("Fleet"), to comply with the terms set forth in a consulting agreement between Plaintiff and Defendants and for avoidance of certain transfers under Sections 544, 547 and 548 of the Bankruptcy Code.

On August 5, 2004, Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. In that Motion, Defendants asserted, among other things, that a release given to Mercantile Safe Deposit and Trust Company ("Mercantile") applied to Defendants because Defendants were the agents of Mercantile and certain allegations of the First Amended Complaint could be construed as admissions that Defendants were agents of Mercantile. NHI opposed the motion to dismiss. The First Amended Complaint did not allege that Defendants were the agents of Mercantile; to the contrary, the First Amended Complaint sought damages based, in part on the failure of Defendants to discharge their independent obligations to NHI.

By letter dated October 8, 2004, the Court directed that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be treated as a Motion for Summary Judgment. The Court focused on a release provided to Mercantile and whether Defendants could take advantage of that release as agents of Mercantile. The Court noted that several allegations of the Complaint sounded like an allegation of an agency relationship and directed that "all parties be given a reasonable opportunity to present material made pertinent to Defendants' motion". The Court

1

**A00440**

also directed Plaintiff to file a supplemental response to the motion, after which Defendants would be permitted to file a further reply. No dates or schedule were imposed for such supplemental briefing.

By Certification of Counsel for NHI dated October 29, 2004, NHI proposed very narrow discovery designed to address the agency and the release issues, and on November 15, 2004, NHI served a very limited set of Interrogatories and Requests for Production of Documents upon Defendants consistent with the Court's letter and limited to agency and release. That discovery was signed by Guy A. Donatelli, Esquire who had been admitted to the bar of this court pro hac vice by order dated April 22, 2004, and whose firm was appointed as special counsel to NHI by Order dated April 27, 2004.[1]

On November 12, 2004, Defendants filed a motion to strike the Certification of Counsel.

---

[1]     Defendants objected to discovery, and demanded that it be withdrawn because it was not signed by a Delaware lawyer and was issued without a Court Order. Although these positions have no merit, especially in light of the Court's letter authorizing the parties to supplement the record to determine the release issue, NHI withdrew that discovery without prejudice to re-serve it. The identical discovery, with a signature line for NHI's Delaware attorney, is attached hereto as Exhibit "A". NHI respectfully requests the Court to permit NHI to conduct this limited discovery.

2

## II. CONCISE STATEMENT OF THE FACTS

On October 29, 2004, Counsel for NHI filed a certification informing the Court of the manner in which Plaintiff intended to supplemental its response to Defendants' motion to dismiss. Plaintiffs proposed very limited discovery of the two narrow defenses raised by Defendants - that of the release language contained in the February 26, 2002 agreement and Defendants' assertion of an agency relationship with Mercantile. Defendants were in fact not the agents of Mercantile, nor are they entitled to the protection of any release given to Mercantile. Attached hereto as Exhibit "B" is the Affidavit of John M. Mervine, III ("the Mervine Affidavit") supplementing NHI's position that the defense of release pursued by Defendants is unavailing.

## III. ARGUMENT

Defendants' reluctance to participate at all in the development of the defense they raised in their motion to dismiss speaks volumes. The Certification of Counsel for NHI seeks only to set forth a conventional procedure whereby the facts of agency can be developed and presented to the Court. The Mervine Affidavit provides the Court with the facts that NHI is able to assemble on the relationship between Defendants and Mercantile. Only Defendants would have the documentation necessary to meet their burden of establishing an agency with Mercantile. NHI simply seeks to put Defendants to their proofs.

A00442

A.    PLAINTIFF HAS NEVER ALLEGED DEFENDANTS WERE AGENTS
      OF MERCANTILE.

NHI has never – not once – alleged that Defendants were the agents of Mercantile, and

one will not find such an allegation anywhere in the First Amended Complaint.    Rather, the

allegations in the First Amended Complaint speak to the motivation of Defendants, not to

agency.  Mercantile directed NHI to hire the Defendants  (First Amended Complaint, ¶¶ 25, 71)

presumably for NHI's benefit.  But Defendants were more interested in paying down the debt to

Mercantile, and securing huge fees for KMR, than they were interested in returning NHI to

profitability.  (First Amended Complaint, ¶¶ 32, 48, 60, 77, 111).  While Defendants' conduct

clearly favored Mercantile, there is no allegation that Mercantile controlled Defendants.  Indeed,

based upon the assertions of Reisner and Justis, NHI pleaded that Defendants were taking their

instructions from Progress Financial Corporation, successor to Defendant Fleet. (First Amended

Complaint, ¶¶ 42, 43).


As set forth in the Mervine Affidavit, during the course of the events underlying this

cause of action, KMR took the position that Defendants were not acting on behalf of Mercantile

and none of the Defendants ever took the position that they were the agents of Mercantile; to the

contrary, they denied it and continued to confirm that NHI was their client and that they

answered to NHI for NHI's benefit.  (Mervie Affidavit, ¶ 11).  However, it appeared to Mr.

Mervine that Defendants, particularly KMR Management, Inc., Robert Riesner and Waring S.

Justis, Jr., were simply doing what Mercantile wanted them to do irrespective of the harm their

conduct was causing NHI.  Mr. Mervine questioned Mr. Riesner, President of KMR on who

4

**A00443**

KMR was serving, because it appeared that KMR was more interested in making the Bank happy than it was in looking out for NHI's interests. (Mervine Affidavit, ¶ 8). Mr. Riesner denied that KMR was working for Merantile's benefit, and assured Mr. Mervine that KMR Management was working for NHI and only NHI. (Mervine Affidavit, ¶9). And, by letter dated January 24, 2002, Mr. Riesner confirmed for Mr. Mervine in writing that:

> Further, allow me to reiterate my correction of your understanding of our fee payment. Mercantile Bank never did or would they pay our fees, nor would KMR accept fees from Mercantile. Our client is Nanticoke Homes, as evidenced by various written communications on record. We shall continue to provide the leadership and guidance that we have supplied in the past in an effort to bring the refinancing and asset sale to a successful conclusion so we may settle with the bank and continue the retail side of Nanticoke.

(Mervine Affidavit, ¶ 10 and Exhibit "A" thereto).

Accordingly, the release language contained in the February 26, 2002 Agreement with Mercantile was not intended to release Defendants (Mervine Affidavit, ¶ 12), and did not release Defendants. If Defendants are going to seek protection of a release at this stage of the litigation, they should participate in the discovery proposed in the Certification of Counsel.

B.    PLAINTIFF HAS NOT ADMITTED ANY AGENCY
      RELATIONSHIP BETWEEN DEFENDANTS AND MERCANTILE.

Defendants assert that Plaintiffs have admitted that Defendants were the agents of Mercantile. There is no such admission in the allegations of the First Amended Complaint, and, even construing the allegations in the light most favorable to Defendants, no such agency relationship is pleaded. In order to set forth an agency relationship one must allege that "one

5

party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." Fisher v. Townsends, Inc., 695 A.2d 53, 57-58 (Del. 1997); accord National Labor Relations Bd. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 19, 154 F.3d 137, 142-43 (3d Cir. 1998). "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Sutter Opportunity Fund 2 LLC v. Cede & Co., 838 A.2d 1123, 1128 (Del. Ch. 2003) (quoting RESTATEMENT (FIRST) OF AGENCY § 1(1) (1933)).    NHI has not alleged that Mercantile consented to Defendants acting on its behalf or that they were subject to Mercantile's control.  And while NHI has alleged that it hired the Defendants at the direction of Mercantile (First Amended Complaint, ¶ 71), NHI is unaware of any agency relation between Mercantile and NHI that would entitle Defendants to the benefit of the release.

Accordingly, the doctrine of judicial estoppel cannot apply. "Judicial estoppel, . . . prevent[s] a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding. It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from 'playing 'fast and loose with the courts.'" Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996) (quoting Scarano v. Central R. Co. of New Jersey, 203 F.2d 510, 513 (3d Cir. 1953)); accord Seigman v. Palomar Med. Techs., Inc., 1998 Del. Ch. LEXIS 115, *2 (Del. Ch. 1998) (under the doctrine of judicial estoppel, "a party may be precluded from asserting in a legal proceeding, a position inconsistent with a position previously taken by him in the same or in an earlier legal proceeding.") (quoting Coates Int'l, Ltd. v. DeMott, 1994 Del. Ch. LEXIS 20, *5 (Del. Ch. 1994)).

6

A00445

There is nothing inconsistent with NHI's allegations of the First Amended Complaint and the position that Defendants are not Mercantile's agents. Indeed, the only facts developed to date establish that Defendants were not Mercantile's agents.

C.    THE CERTIFICATION WAS TAKEN BY AN ATTORNEY ADMITTED PRO HAC VICE AND WHO HAS PARTICPATED ACTIVELY IN THIS MATTER FROM ITS INCEPTION.

The October 29, 2004 Certification was taken by counsel admitted pro hac vice and whose firm was appointed as special counsel to NHI by Order dated April 27, 2004. Defendants assert that because counsel admitted pro hac vice signed the Certification and not Stephen W. Spence, Esquire, Delaware counsel to NHI, the certification is not procedurally proper. To the extent that this argument has any procedural merit, it can be remedied at the pleasure of the Court. This argument is form over substance, as the Certification was discussed at length with, and reviewed by, Delaware counsel before its submission.

7

## IV.  CONCLUSION

If Defendants wish to make out the factual defense of release, they can do so as suggested in the Certification, or suggest some other equally narrow procedure for determining the issue. But the allegations in the First Amended Complaint do not rise to the level of judicial admissions of agency and the facts submitted to date establish that no such agency relationship between Mercantile and Defendants existed.  Accordingly, Defendant's motion to strike should be denied, and matter of the defense of release should be submitted to the Court only after the development of the facts related thereto.

James C. Sargent, Esquire
PA Attorney I.D. No. 28642
Guy A. Donatelli, Esquire
PA Attorney I.D. No. 44205
Scot R. Withers, Esquire
PA Attorney I.D. No. 84309
LAMB MCERLANE PC
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000
Of Counsel
November 22, 2004

Stephen W. Spence, Esquire (#2033)
PHILLIPS GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Counsel to NHI, Inc.

8

# Exhibit "A"

A00448

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                          :

NHI, INC.,                                      :        Case No. 02-10651 (PJW)
A DELAWARE CORPORATION                          :        Chapter 11
                                                :

NHI, INC.,                                      :
                                                :
                Plaintiff                       :
                                                :        Adversary No. 04-52879
        v.                                      :
                                                :
FLEET BOSTON FINANCIAL                          :
CORPORATION, KMR MANAGEMENT,:
INC., ROBERT RIESNER and WARING                 :
S. JUSTIS, JR.,                                 :
                                                :
                Defendants.                     :


## REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANTS
## FLEET BOSTON FINANCIAL CORPORATION, KMR MANAGEMENT, INC., ROBERT
## RIESNER AND WARING JUSTIS, JR.
## OF NHI, INC.


Pursuant to the applicable Rules of Civil Procedure, you are hereby requested to produce the following documents and things for inspection and copying in the office of the undersigned at 24 E. Market Street, P.O. Box 565, West Chester, PA  19381-0565, within thirty (30) days after service of this request.


In lieu of appearing in the office of the undersigned, you may submit true, correct and legible copies of the requested items.  Each document produced is to be identified by paragraph number being produced in response thereto.  Identification is to be made by writing the paragraph number in the upper right-hand corner of the document.

A00449

These requests are continuing in nature, so as to require supplemental responses if further or different information is obtained prior to the time of trial.

## DEFINITIONS

1.    The word "document" or "documents" as used herein shall include without limitation the original and any non-identical copy of any written, recorded or graphic matter, however produced or reproduced, including but not limited to any correspondence, memoranda, notes, minutes of meetings, telegrams, reports, transcripts of telephone conversations, e-mails, or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other photographic and retrievable matter in the possession, custody or control of you and/or your attorneys.

2.    All words herein shall have the same meaning as that given to them in NHI's First Amended Complaint.

3.    "Fleet" means Fleet Boston Financial Corporation.

4.    "KMR" means KMR Management, Inc.

5.    "Riesner" means Robert Riesner.

2

A00450

6.      "Justis" means Waring S. Justis, Jr.

8.      "Debtor" or" NHI" means NHI, Inc.

9.      "Mercantile" means Mercantile Safe Deposit and Trust Company.

10.     "You" or "your" means all Defendants.

11.     "The Release" means the agreement and release dated February 26, 2002.

## INSTRUCTIONS

If any form or privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document, set forth with respect to the document, the date, title, identity of the author, subject matter (without revealing the information for which a privilege is claimed), and all facts or bases on which you claim the privilege.  The claim should contain specificity so as to permit the Court to make a full determination of its validity.

## DOCUMENT REQUESTS

1.      All documents you assert establish that Fleet, KMR, Riesner or Justis acted as an agent of Mercantile with regards to your involvement with NHI.

A00451

3.    All documents you assert establish that the Release was intended to cover Fleet, KMR, Riesner or Justis.

4.    All documents which address the agency relationship between Fleet, KMR, Riesner or Justis and Mercantile.

5.    All documents identified in response to the interrogatories served contemporaneously herewith.

6.    All contracts you have with Mercantile regarding NHI.

7.    Any and all documents of any type, including e-mails, correspondence and internal memoranda, referring or relating to your relationship with Mercantile regarding NHI.

8.    Any and all documents of any type, including e-mails, correspondence and internal memoranda between you and Mercantile relating to the Release.

A00452

Respectfully submitted,

OF COUNSEL

James C. Sargent, Esquire
PA Attorney I.D. No. 28642
Guy A. Donatelli, Esquire
PA Attorney I.D. No. 44205
Scot R. Withers, Esquire
PA Attorney I.D. No. 84309
LAMB MCERLANE PC
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000

Stephen W. Spence, Esquire (#2033)
PHILLIPS GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Co-counsel to NHI, Inc.

5

A00453

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

IN RE:                                          :

NHI, INC.,                                      :          Case No. 02-10651 (PJW)
A DELAWARE CORPORATION          :          Chapter 11

                                                :

NHI, INC.,                                      :

              Plaintiff                         :

                                                :          Adversary No. 04-52879

       v.                                       :

FLEET BOSTON FINANCIAL          :
CORPORATION, KMR MANAGEMENT,:
INC., ROBERT RIESNER and WARING :
S. JUSTIS, JR.,                                 :

              Defendants.                       :


**INTERROGATORIES ADDRESSED TO DEFENDANTS FLEET BOSTON FINANCIAL
CORPORATION, KMR MANAGEMENT, INC., ROBERT RIESNER AND WARING
<u>JUSTIS, JR. OF NHI, INC.</u>**


       Pursuant to the applicable Rules of Civil Procedure, you are hereby requested to
answer the following interrogatories within thirty (30) days after service.    These
interrogatories are continuing in nature, so as to require supplemental responses if
further or different information is obtained prior to the time of trial.


<u>DEFINITIONS</u>


       1.     The word "document" or "documents" as used herein shall include without
limitation the original and any non-identical copy of any written, recorded or graphic

matter, however produced or reproduced, including but not limited to any correspondence, memoranda, notes, minutes of meetings, telegrams, reports, transcripts of t elephone c onversations, e-mails, o r a ny o ther w ritings o r d ocumentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other photographic and retrievable matter in the possession, custody or control of you and/or your attorneys.

2.    All words herein shall have the same meaning as that given to them in NHI's First Amended Complaint.

3.    "Fleet" means Fleet Boston Financial Corporation.

4.    "KMR" means KMR Management, Inc.

5.    "Riesner" means Robert Riesner.

6.    "Justis" means Waring S. Justis, Jr.

8.    "Debtor" or" NHI" means NHI, Inc.

9.    "Mercantile" means Mercantile Safe Deposit and Trust Company.

10.    "You" or "your" means all Defendants.

2