116.    At all times relevant to the instant case, NHI had contractual rights under all loans with Mercantile, and was ready, willing and able to institute, an actionable and meritorious lender liability claim against Mercantile.

117.    The conduct of KMR, Riesner and Justis, as set forth above, prejudiced NHI's ability to do business and made it impossible for NHI to maintain any semblance of equal bargaining power with Mercantile.

118.    As a direct cause of the conduct of KMR, Riesner and Justis, NHI's shareholders were compelled to provide to Mercantile personal guarantees of all of NHI's loans, secured by virtually all of their personal tangible assets.

119.    Accordingly, and as a direct result of the conduct of KMR, Riesner and Justis, NHI was placed in such a situation of economic duress and in such a disparate bargaining position that it was unable to protect its interests vis-à-vis Mercantile.

120.    Mercantile then was able, through threats against NHI's principals, to compel NHI to provide multiple general releases to Mercantile, foreclosing NHI's ability to enforce its rights under all of its loans or to institute an action against Mercantile for Mercantile's wrongful acts.

A00496

121.   The conduct of KMR, Riesner and Justis constitutes intentional interference with all loan agreements between NHI and Mercantile and interfered with NHI's prospective business advantage afforded through an action against Mercantile.

122.   The conduct of KMR, Riesner and Justis was intentional and wrongful, was done without justification and caused harm to NHI.

123.   Fleet is liable for the above referenced conduct as successor in interest to Progress.

124.   WHEREFORE, Plaintiff NHI seeks damages of in excess of $100,000 against Defendants Fleet, KMR, Riesner and Justis, plus punitive damages, and any such other and further relief as justice requires.

## COUNT VIII

### NHI v. Fleet, KMR, Riesner and Justis

### Fraudulent Transfer, 11 U.S.C. §§ 544(b), 548

125.   The allegations set forth in paragraphs 1 through 124 above are incorporated herein as though fully set forth at length.

126.   The transfers made to KMR, Riesner and Justis were made on or within four years before the date of filing of the Petition.

28

A00497

127.    The transfers made to KMR, Riesner and Justis were transferred or incurred with actual intent to hinder, delay or defraud any entity to which NHI was or became indebted to on or after the date that such transfers were made.

128.    The transfers made to KMR, Riesner and Justis were made when NHI was insolvent or became insolvent as a result of such transfers.

129.    The transfers from NHI to KMR, Riesner and Justis are voidable pursuant to the Uniform Fraudulent Transfer Act of Maryland or Delaware as incorporated pursuant to Section 544(b) of the United States Bankruptcy Code.

130.    To the extent that any of the above referenced transfers from NHI to KMR, Riesner and Justis were made within one year before the filing of the Petition, they are voidable pursuant to 11 U.S.C. § 548.

131.    Fleet is liable for the above referenced transfers as successor in interest to Progress.

132.    WHEREFORE, NHI respectfully requests judgment against Fleet, KMR, Riesner and Justis:

(a)    declaring that the transfer(s) be set aside and declared void;

29

## Complaint/Summons:

04-52879-PJW NHI, Inc. v. Fleetboston Financial Corporation et al

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Spence, Stephen W. entered on 12/10/2004 at 4:33 PM EST and filed on 12/10/2004

**Case Name:**         NHI, Inc. v. Fleetboston Financial Corporation et al

**Case Number:**      04-52879-PJW

**Document Number:** 45

**Docket Text:**

Second Amended Complaint *of Plaintiff* (Attachments: # (1) Exhibit A to B) (Spence, Stephen)

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**NANHO Complaint.pdf

**Electronic document Stamp:**

[STAMP bkecfStamp_ID=983460418 [Date=12/10/2004] [FileNumber=3249450-0
] [786dc89bf6a8ba329c937b56bb2a5e2d39e61e2bc21d4ea2874e403358ec3aff4c9
03b86484b58f19ea15dbea5d69afd5e19d5a55a0ccd6b27973cfce5bffc27]]

**Document description:**Exhibit A to B

**Original filename:**_1210162033_001.pdf

**Electronic document Stamp:**

[STAMP bkecfStamp_ID=983460418 [Date=12/10/2004] [FileNumber=3249450-1
] [a2f994517e3bf3e68c0673f0bf44c5397c0fd5918b6581c0e1b30c44da0a0054f1b
982f1b3f028c090c59313d4a9fcd53f94550bbac2957e7fc2334d4341d993]]

**04-52879-PJW Notice will be electronically mailed to:**

Stuart M. Brown      sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft      dkraft@edwardsangell.com

Stephen W. Spence      tap@pgslaw.com;th@pgslaw.com

**04-52879-PJW Notice will not be electronically mailed to:**

12/10/2004 4:36 PM

**A00499**

(b)     entering judgment in favor of the Trustee and against Defendants Fleet, KMR, Riesner and Justis in the amount of $1.9 million plus interest and costs;

(c)     ordering that the Defendants Fleet, KMR, Riesner and Justis immediately pay over the sum of $1.9 million to the Trustee in accordance with Section 550(a) of the Bankruptcy Code;

(d)     ordering that any claims which the Defendants Fleet, KMR, Riesner and Justis may hold against NHI be disallowed until such transfer(s) are surrendered in accordance with Section 502(d) of the Bankruptcy Code; and

(e)     granting Plaintiff NHI such other and further relief as may be just and appropriate.

## COUNT IX

### NHI v. Fleet, KMR, Riesner and Justis

### Fraudulent Conveyance

133.    The allegations set forth in paragraphs 1 through 132 above are incorporated herein as though fully set forth at length.

134.    The transfers made to KMR, Riesner and Justis as alleged above were made on or within four (4) years before the date of filing of the Petition.

30

135.    The transfers made to KMR, Riesner and Justis were made for less than reasonably equivalent value in exchange for such transfers.

136.    The transfers made to KMR, Riesner and Justis were made when NHI was insolvent or became insolvent as a result of such transfers.

137.    The transfers made to KMR, Riesner and Justis were not charitable contributions as defined in 11 U.S.C. § 548(d)(3).

138.    The transfers from NHI to KMR, Riesner and Justis are voidable pursuant to the Uniform Fraudulent Transfer Act of either Maryland or Delaware as incorporated pursuant to Section 544(b) of the United States Bankruptcy Code.

139.    To the extent that any of the above referenced transfers from NHI to KMR, Riesner and Justis were made within one year before the filing of the Petition, they are voidable pursuant to 11 U.S.C. § 548.

140.    Fleet is liable for the above referenced transfers as successor in interest to Progress.

141.    WHEREFORE, Plaintiff NHI respectfully requests judgment against the Defendants:

31

(a)    declaring that the transfer(s) be set aside and declared void;

(b)    entering judgment in favor of the Trustee and against the Defendants
Fleet, KMR, Riesner and Justis in the amount of $1.9 million plus interest
and costs;

(c)    ordering that the Defendants Fleet, KMR, Riesner and Justis immediately
pay over the sum of $1.9 million to the Trustee in accordance with Section
550(a) of the Bankruptcy Code;

(d)    ordering that any claims which the Defendants Fleet, KMR, Riesner and
Justis may hold against NHI be disallowed until such transfer(s) are
surrendered in accordance with Section 502(d) of the Bankruptcy Code;
and

(e)    granting Plaintiff NHI such other and further relief as may be just and
appropriate.


## COUNT X

### NHI v. Fleet, KMR, Riesner and Justis

### Fraudulent Conveyance


142.    The allegations set forth in paragraphs 1 through 141 above are incorporated
herein as though fully set forth at length.


143.    The transfers made to KMR, Riesner and Justis were made on or within four years
before the date of filing of the Petition.

A00502

144.     The transfers made to KMR, Riesner and Justis were made for less than reasonably equivalent value in exchange for such transfers.

145.     NHI was engaged in a business or a transaction or was about to engage in a business or a transaction for which any property remaining with NHI was an unreasonably small capital.

146.     The transfers made to KMR, Riesner and Justis were not charitable contributions as defined in 11 U.S.C. § 548(d)(3).

147.     The transfers from NHI to KMR, Riesner and Justis are voidable pursuant to the Uniform Fraudulent Transfer Act of Maryland or Delaware as incorporated pursuant to Section 544(b) of the United States Bankruptcy Code.

148.     To the extent that any of the above referenced transfers from NHI to KMR, Riesner and Justis were made within one year before the filing of the Petition, they are voidable pursuant to 11 U.S.C. § 548.

149.     Fleet is liable for the above referenced transfers as successor in interest to Progress.

33

150.    WHEREFORE, Plaintiff NHI respectfully requests judgment against the Defendants:

(a)    declaring that the transfer(s) be set aside and declared void;

(b)    entering judgment in favor of the Trustee and against the Defendants Fleet, KMR, Riesner and Justis in the amount of $1.9 million plus interest and costs;

(c)    ordering that the Defendants Fleet, KMR, Riesner and Justis immediately pay over the sum of $1.9 million to the Trustee in accordance with Section 550(a) of the Bankruptcy Code;

(d)    ordering that any claims which the Defendants Fleet, KMR, Riesner and Justis may hold against NHI be disallowed until such transfer(s) are surrendered in accordance with Section 502(d) of the Bankruptcy Code; and

(e)    granting Plaintiff NHI such other and further relief as may be just and appropriate.

## COUNT XI

### NHI v. Fleet, KMR, Riesner and Justis

### Fraudulent Conveyance

151.    The allegations set forth in paragraphs 1 through 150 above are incorporated herein as though fully set forth at length.

34

A00504

152.    The transfers from NHI to KMR, Riesner and Justis were made on or within four years before the date of filing of the Petition.

153.    The transfers from NHI to KMR, Riesner and Justis were made for less than reasonably equivalent value in exchange for such transfers.

154.    The transfers from NHI to KMR, Riesner and Justis were made when NHI was insolvent or became insolvent as a result of such transfers.

155.    The transfers from NHI to KMR, Riesner and Justis were made while NHI intended to incur debts beyond its ability to pay as such debt matured.

156.    The transfers from NHI to KMR, Riesner and Justis are voidable pursuant to the Uniform Fraudulent Transfer Act of Maryland or Delaware as incorporated pursuant to Section 544(b) of the United States Bankruptcy Code.

157.    The transfers from NHI to KMR, Riesner and Justis are not a charitable contribution as defined in 11 U.S.C. § 548(d)(3).

158.    To the extent that any of the above referenced transfers from NHI to KMR, Riesner and Justis were made within one year before the filing of the Petition, they are voidable pursuant to 11 U.S.C. § 548.

35

159.    Fleet is liable for the above referenced transfers as successor in interest to Progress.

160.    WHEREFORE, NHI respectfully requests judgment against the Defendants Fleet, KMR, Riesner and Justis:

(a)    declaring that the transfer(s) be set aside and declared void;

(b)    entering judgment in favor of NHI and against the Defendants Fleet, KMR, Riesner and Justis in the amount of $1.9 million plus interest and costs;

(c)    ordering that the Defendants Fleet, KMR, Riesner and Justis immediately pay over the sum of $1.9 million to the Trustee in accordance with Section 550(a) of the Bankruptcy Code;

(d)    ordering that any claims which the Defendants Fleet, KMR, Riesner and Justis may hold against NHI be disallowed until such transfer(s) are surrendered in accordance with Section 502(d) of the Bankruptcy Code; and

(e)    granting Plaintiff such other and further relief as may be just and appropriate.

## COUNT XII

### NHI v. Fleet, KMR, Riesner and Justis

36

A00506

## Avoidance of Preferences, 11 U.S.C. § 547

161.    The allegations set forth in paragraphs 1 through 160 above are incorporated herein as though fully set forth at length.

162.    During the one year period prior to the Petition Date (hereinafter the "Insider Preference Period"), KMR, Riesner and Justis received from NHI one or more transfers by check, wire transfer, or their equivalent (the "Transfers"), in the amounts and on or before the clear dates identified in Exhibit "B", attached hereto.

163.    Each Transfer identified in Exhibit B hereto was directly to or for the benefit of KMR, Riesner and Justis.

164.    KMR, Riesner and Justis were creditors of NHI at the time of the Transfers.  At the time of the Transfers, KMR, Riesner and Justis asserted a right to payment on account of an obligation owed to KMR, Riesner and Justis by NHI.

165.    The Transfers were to or for the benefit of creditors who were insiders within the meaning of 11 U.S.C. § 547(b)(1).

166.    The Transfers were made for or on account of an alleged antecedent debt owed by NHI because the Transfers were made on account of an alleged debt before the Transfers were made within the meaning of 11 U.S.C. § 101(2).

37

A00507

167.   NHI was insolvent throughout the Insider Preference Period.

168.   As a result of the Transfers, KMR, Riesner and Justis received more than they would have received if: (i) NHI's case was a case under chapter 7 of Title 11; (ii) the Transfers had not been made; and (iii) KMR, Riesner and Justis received payment on their debts under the provisions of Title 11.

169.   NHI is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b) and to recover for the benefit of its estate from KMR, Riesner and Justis under Section 550 of the Bankruptcy Code all Transfers to or for the benefit of KMR, Riesner and Justis or the aggregate value thereof.

170.   Fleet is liable for the above referenced transfers as successor in interest to Progress.

171.   WHEREFORE, Plaintiff NHI prays for entry of judgment in its favor and against the Defendants Fleet, KMR, Riesner and Justis:

    (a)    avoiding each of the Transfers set forth in Exhibit B;

    (b)    awarding NHI a judgment in an amount against Fleet, KMR, Riesner and Justis equal to the aggregate value of the Transfers to KMR, Riesner and

38

Justis and directing KMR, Riesner and Justis forthwith to return the amount awarded to NHI;

(c)     providing that any and all claims against NHI scheduled or filed in this case by Fleet, KMR, Riesner and Justis shall be disallowed in full if Fleet, KMR, Riesner and Justis fail or refuse to return to NHI the amount awarded;

(d)     awarding NHI interest on each amount for which judgment is entered at the maximum legal rate, from the initial date of this Complaint to the date judgment is entered; and, until the date the judgment is paid in full;

(e)     awarding costs incurred in this suit; and

(f)     awarding any such other relief as this Court may deem necessary and proper.

PHILLIPS GOLDMAN & SPENCE, P.A.

_____

STEPHEN W. SPENCE, ESQUIRE (#2033)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Counsel to NHI, Inc.

-and-

LAMB MCERLANE PC
GUY A. DONATELLI, ESQUIRE
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000

Co-counsel to NHI, Inc.

Date:  December ___, 2004

39

# EXHIBIT "A"

A00510

## CONSULTING AGREEMENT

Nanticoke Homes, Inc., Pawnee Homes, Inc., Shawnee Homes Inc. and John Mervine, Jr., Chairman (hereinafter referred to as "Nanticoke") agrees to enter into the Consulting Agreement (hereinafter referred to as the "Agreement") with KMR Management, Inc. and Waring S. Justis, Jr., (hereinafter referred to as "Consultant") effective October 19, 2000.

The Consultant shall provide services, including but not limited to statistical analysis, management evaluation, asset evaluation, and banking relations directed to effect an improvement in the operating structure and content of Nanticoke. Consultant shall have access to all of the books and records of Nanticoke and shall be in communication with whatever personnel it deems necessary to structure a proper business plan, cash flow projection and generation of reports for the secured lender to in develop a plan for the continuity of the business of Nanticoke. The Consultant shall use its best efforts to cause a change in operation and conduct of the business and to structure the business to profitable operation. The Consultant shall have the prerogative of hiring and/or discharging personnel in the implementation of the business plan. In its activities the Consultant shall advise and consent with the Board of Directors in the implementation of the business plan and shall be held harmless from any damages other than damages of fraud or illegal activity.

The Consultant shall maintain communication with the Secured Lender and shall be permitted to communicate with the Secured Lender for the purpose of funding the ongoing renovation of the business. The subject of such communication shall be made known to Nanticoke.

The Consultant shall use the following personnel in the initial stages of the business plan and shall be compensated as follows:

| | |
|---|---|
| Waring S. Justis, Jr., Regional Vice President; | $ 150.00 per hour plus bona fide business expense |
| Roman Fedirka, Senior Associate | $ 150.00 per hour plus bona fide business expense |
| Robert Riesner, President | $ 200.00 per hour plus bona fide business expense |

The Consultant reserves the right to call upon additional resources of KMR Management, Inc. as needed, upon identification of the cost of such additions. Consultants' fees shall be submitted on a weekly schedule and drawn against the initial retainer of $10,000.00, which retainer is payable upon execution of this Agreement. The retainer shall be replenished each week in order to service the agreed upon consulting fees.

The Agreement shall remain in full force and effect and shall be terminated only by written notice provided thirty (30) days in advance of termination by either party.

1

# KMR MANAGEMENT

Corporate Quarters

9300 Computer Ave.

Suite G-10

Willow Grove,

PA 19090

Tel: 215.830.1760

Fax: 215.657.7170

The Agreement shall be binding upon, and shall inure to the benefit of Consultant and Nanticoke and their respective heirs, personal and legal representatives, successors and assigns.

It is understood and agreed that the interpretation of this Agreement or any disputes pertaining to this Agreement, shall at all times and in all respects be governed by the laws of the State of Maryland.

This Agreement represents the full understanding between the parties and no change or modification hereof shall be valid or binding unless the same is in writing and signed by the party against whom such waiver is sought to be enforced; moreover, no valid waiver of any provision of this Agreement at any time shall be deemed a waiver of any other provision of this Agreement at such time or will be deemed a valid waiver of such provision at any other time.

The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of the provisions hereof shall not affect the validity and enforceability of the other provisions hereof.

Any notice required to be given hereunder shall be sufficient if in writing, and sent by hand delivery or certified or registered mail (return receipt requested and first class postage prepaid), to the following parties:

Waring S. Justis, Jr.
Regional Vice President
KMR Management, Inc.
1007 Cold Spring Road
Baltimore, MD 21220.4425

Mr. John Mervine, Jr.
Chairman
Nanticoke Homes, Inc.
P. O. Box F
Greenwood, DE 19950

IN WITNESS HEREOF, the parties hereto have duly executed this Agreement effective for all purposes and in all respects as of the day and year first above written.

KMR Management, Inc. by

Waring S. Justis, Jr., Regional Vice President

Date  10/25/04

Nanticoke Homes, Inc. by

John Mervine, Jr., Chairman

Date  10/25/2004

2

A00512

Meny FAX  392  6.2 #42

KMR

MANAGEMENT

November 12, 2001
Executive Committee
Nanticoke Homes, Inc.
PO Box F
Greenwood DE 19950

To: The Executive Committee of the Board of Directors of Nanticoke Homes, Inc:

Effective November 12, 2001, Nanticoke Homes, Inc. and its subsidiaries, divisions and associated Companies, ("Client") has proposed, and KMR Management, Inc. ("KMR") has accepted, an engagement to be the consultant to Client offering the following services:

KMR will perform the duties of Chief Executive Officer and Chief Operating Officer of Client subject to the terms and conditions of this agreement.
Justis shall perform the usual and customary duties of the CEO/COO and shall have the customary rights of this position including but not limited to authority over financial operations, production facilities, selling and marketing, and general administration and human resources.
Compensation for professional services rendered by KMR shall be based upon billing at the hourly rate(s) as indicated below, plus reimbursement for bona fide business expense. Bills will be rendered weekly with payment required upon presentation of Time and Expense reports.

Hourly Rates:

| CEO and COO per hour | Waring Justis | Billing rate $150 |

Additional staff, at rates to be determined by agreement between Client and KMR, will be provided upon approval of Client and to the extent a need for additional staff is determined to exist.

Client acknowledges that KMR is being engaged to exercise its judgment in making decisions and acting as CEO and COO of Client. KMR will not be held liable for errors in judgment.

Client agrees to indemnify, hold harmless, and defend KMR, its affiliated entities, directors, officers, employees and agents, including without limitation Waring Justis, upon demand, to the full extent lawful, from and

A00513

against any and all losses, actions, claims, damages, liabilities, or costs, including reasonable legal fees and costs, incurred directly or indirectly, caused by, relating to, based upon, or arising out of KMR's performance of its services. Client shall have no duty to indemnify or hold harmless KMR for any loss, action, claim, or damage that is found in a final judgement by a court of competent jurisdiction to have resulted from the gross negligence, willful misconduct, or unlawful activities of KMR.

KMR shall not be liable to Client other than for gross negligence, willful misconduct or unlawful activities. Client agrees that any recovery from KMR, to the extent not otherwise limited, indemnified or held harmless, is shall not exceed the amount of fees paid to KMR.

The agreement of Client to indemnify and hold KMR harmless, and to the limit on KMR's liability, shall survive the termination of KMR's duties as a consultant.

This agreement shall inure to the benefit of and be binding upon the parties and their respective administrators, assigns, heirs, and successors.

Sincerely,

KMR Management, Inc. by Robert Riesner, President

Accepted this 17th day of November, 2001:

ATTEST:

Christina M. Morgan

NANTICOKE HOMES, INC.

By

William H Mervine
Vice President and
Member of the
Executive Committee

A00514

**KMR**
**MANAGEMENT**

Executive Quarters

2200 Computer Ave.

Suite G-30

Willow Grove,

PA 19090

Tel: 215.830.1364

Fax: 215.657.7570

November 23, 2001
John "Mcky" Mervine, Jr.
Nanticoke Homes, Inc
11582 Sussex Highway
Greenwood, DE 19950

Dear Mcky:

Effective October 19, 2000, Nanticoke Homes, Inc (Client) proposed, and KMR Management, Inc. (KMR) has accepted an engagement to be the consultant to Client offering the services outlined in the Engagement Letter of that date.

Compensation for professional services rendered by KMR shall be based upon billing at the rates as indicated below, plus reimbursement for bona fide business expense. Staff for the engagement will be based upon KMR's judgment of need and Client's approval. Bills will be rendered weekly, with payment required upon presentation, including reimbursement for bona fide business expense.

| Rate schedule | | |
|---|---|---|
| Project Leader | Waring Justis, Jr | $150 per hour |
| Staff | Roman Fedirka | $150 per hour |
| | John Devlin | $150 per hour |
| | Michael Fodel | $120 per hour |
| KMR Oversight | Robert Riesner | $200 per hour |

Client agrees to indemnify, hold harmless, and defend KMR, its affiliated entities, directors, officers, employees and agents, upon demand, to the full extent lawful and from time to time, from and against any and all losses, actions, claims, damages, liabilities, or costs, including reasonable legal fees and costs, incurred directly or indirectly, caused by, relating to, based upon, or arising out of KMR performing its services. Client shall have no duty to indemnify or hold harmless KMR for any loss, action, claim, or damage which is found in a final judgment by a court of competent jurisdiction to have resulted from the gross negligence, willful misconduct, or unlawful activities of KMR.

KMR will not be held liable for errors in judgment.

Client agrees that KMR's liability to it to the extent not otherwise limited, indemnified or held harmless, is limited to the amount of fees paid by Client to KMR.

This agreement of Client to indemnify and hold harmless shall survive the termination

A00515

KMR
MANAGEMENT

of KMR's duties as a consultant.

This agreement shall inure to the benefit of and be binding upon the parties and their respective administrator, assigns, heirs, and successors.

Sincerely

KMR Management, Inc

By: Robert RJesner, President

Accepted

Nanticoke Homes Inc.

By John Mervine, Jr.

November 23, 2001

Executive Quarters

2300 Computer Ave.

Suite C-30

Willow Grove,

PA 19090

Tel: 215,637,1160

Fax: 215,637,7150

A00516

# EXHIBIT "B"

A00517

ATTORNEY WORK PRODUCT

Nanticoke Homes, Inc.
Preference Analysis

| Rank | Company | Account | Vendor | Pmt Type | Check Number | Check Amount | Check Date | Invoice Amount | Invoice Date | Invoice Number | Invoice Terms | Clear Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | KMR Management | | | 50,000.00 | 03/08/01 | | | | | |
| | | | KMR Management | | | 50,000.00 | 03/16/01 | | | | | |
| | | | KMR Management | | | 50,000.00 | 03/22/01 | | | | | |
| | | | KMR Management | | | 50,000.00 | 03/29/01 | | | | | |
| | | | KMR Management | | | 50,000.00 | 04/05/01 | | | | | |
| | | | KMR Management | | | 35,000.00 | 04/12/01 | | | | | |
| | | | KMR Management | | | 30,000.00 | 04/20/01 | | | | | |
| | | | KMR Management | | | 30,000.00 | 04/27/01 | | | | | |
| | | | KMR Management | | | 30,000.00 | 05/04/01 | | | | | |
| | | | KMR Management | | | 30,144.00 | 05/11/01 | | | | | |
| | | | KMR Management | | | 25,000.00 | 05/17/01 | | | | | |
| | | | KMR Management | | | 30,000.00 | 05/25/01 | | | | | |
| | | | KMR Management | | | 35,000.00 | 05/31/01 | | | | | |
| | | | KMR Management | | | 25,000.00 | 06/08/01 | | | | | |
| | | | KMR Management | | | 25,000.00 | 06/15/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 06/21/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 06/27/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 07/05/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 07/13/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 07/20/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 07/27/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 08/06/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 08/10/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 08/17/01 | | | | | |
| | | | KMR Management | | | 25,000.00 | 08/27/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 08/31/01 | | | | | |
| | | | KMR Management | | | 25,000.00 | 09/06/01 | | | | | |
| | | | KMR Management | | | 25,000.00 | 09/13/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 09/20/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 09/27/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 10/05/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 10/12/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 10/19/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 10/26/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 11/05/01 | | | | | |
| | | | KMR Management | | | 20,000.00 | 11/13/01 | | | | | |
| 3 | Nanticoke | 6514774 | KMR Management | Check | 25032 | 5,000.00 | 11/27/01 | 5,000.00 | 04/15/01 | | | 12/03/01 |
| 3 | Nanticoke | 6514774 | KMR Management | Check | 25033 | 5,000.00 | 11/27/01 | 5,000.00 | 04/15/01 | | | 12/04/01 |
| 3 | Nanticoke | 6514774 | KMR Management | Check | 25034 | 5,000.00 | 11/27/01 | 5,000.00 | 04/15/01 | | | 12/05/01 |
| 3 | Nanticoke | 6514774 | KMR Management | Check | 25035 | 5,000.00 | 11/27/01 | 5,000.00 | 04/15/01 | | | 12/06/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8727 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/14/01 |
| 3 | Shawnee | 6514804 | KMR??? | Check | 8728 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/17/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8729 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/17/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8730 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/17/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8731 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/19/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8732 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/19/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8734 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/21/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8735 | 5,000.00 | 12/11/01 | 5,000.00 | | | | 12/24/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8807 | 5,000.00 | 12/13/01 | 5,000.00 | | | | 12/24/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8808 | 5,000.00 | 12/13/01 | 5,000.00 | | | | 12/24/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8809 | 5,000.00 | 12/13/01 | 5,000.00 | | | | 12/24/01 |
| 3 | Shawnee | 6514804 | KMR Management | Check | 8810 | 5,000.00 | 12/13/01 | 5,000.00 | | | | 12/24/01 |
| | | | | | | 1,060,144.00 | | | | | | |

Note: Total of payments listed on SOFA Question 3(b) was $1,005,144. Unknown difference of $55,000.

A00518

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| _____Debtor._____: | : | Chapter 11 |
| NHI, INC., | : | |
| Plaintiff | : | Adversary No. 04-52879 |
| v. | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | **Hearing Date: TBD** |
| INC., ROBERT RIESNER and | : | **Objection Deadline: TBD** |
| WARING S. JUSTIS, JR., | : | |
| Defendants. | : | |

### NOTICE OF MOTION FOR LEAVE TO APPEAL

TO:    The Office of the United States Trustee and counsel to the Debtor.

Defendants FleetBoston Financial Corporation ("Fleet"), KMR Management Inc. ("KMR"), Robert Reisner ("Reisner"), and Waring S. Justis ("Justis") (collectively, the "Defendants") has filed a **Motion For Leave To Appeal**.

You are required to file a response (and the supporting documentation required by Local Rule 4001-1(d) to the attached motion at least five business days before the above hearing date. At the same time, you must also serve a copy of the response upon counsel for the Defendants:

> Stuart M. Brown (No. 4050)
> Denise Seastone Kraft (No. 2778)
> Mark D. Olivere (No. 4291)
> Edwards & Angell LLP
> 919 N. Market Street, 14th Floor
> Wilmington, DE 19801

WLM_501055_1/DKRAFT

46
12/8/04

A00519

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated:  December 13, 2004           EDWARDS & ANGELL LLP

_Denise S. Kraft_

Stuart M. Brown, Esquire (No. 4050)
Denise Seastone Kraft (No. 2778)
Mark D. Olivere (No. 4291)
919 N. Market Street
Wilmington, DE 19801
Tel: 302.777.7770
Fax: 302.777.7263

Counsel for Defendants
FleetBoston Financial Corporation,
KMR Management Inc.,
Robert Reisner and
Waring S. Justis

- 2 -

WLM_50105S_1/DKRAFT

A00520

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| | : | |
| Debtor. | : | Chapter 11 |
| NHI, INC., | : | |
| | : | |
| Plaintiff | : | Adversary No. 04-52879 |
| | : | |
| v. | : | |
| | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | **Hearing Date: TBD** |
| INC., ROBERT RIESNER and | : | **Objection Deadline: TBD** |
| WARING S. JUSTIS, JR., | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR LEAVE TO APPEAL

Defendants FleetBoston Financial Corporation ("Fleet"), KMR Management Inc. ("KMR"), Robert Reisner ("Reisner") and Waring S. Justis ("Justis") (together, the "Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to 28 U.S.C. § 158(a) of the Bankruptcy Code and Fed. R. Bankr. P. 8003, for leave to appeal under 28 U.S.C. § 158(a) to the United States District Court for the District of Delaware from the United States Bankruptcy Court for the District of Delaware's December 3, 2004 bench ruling denying Defendants' motion for summary judgment. Defendants further appeal the conversion of Defendants' motion to dismiss to one for summary judgment. In support of this Motion, Defendants respectfully represent as follows:

## BACKGROUND

1.    On March 1, 2002, NHI filed its voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the U.S. Bankruptcy Code.

2.    On February 27, 2004, NHI filed an adversary complaint against the Defendants. [D.I. 1]. The complaint contained counts for breach of contract, breach of covenant of good faith and fair dealing, gross negligence, breach of fiduciary duty, fraud, waste of corporate assets, tortuous interference with contract and prospective business advantage, fraudulent transfers pursuant to federal and state law (Delaware and Maryland), fraudulent conveyances pursuant to federal and state law (Delaware and Maryland), and avoidance of preferences pursuant to § 547 of the Bankruptcy Code. All acts in the complaint were alleged to have occurred from October 2000, when KMR entered into a consulting agreement with NHI, until NHI filed for bankruptcy.

3.    Defendants filed a Motion to Dismiss the complaint on June 1, 2004 [D.I. 12].

4.    NHI responded to the Motion to Dismiss and attached an amended complaint to the response [D.I. 17]. At the pretrial hearing on July 8, 2004, the parties orally stipulated on the record that the amended complaint attached as an Exhibit to plaintiff's answer to Fleet's motion to dismiss would be deemed filed as of July 8, 2004.

5.    NHI alleged throughout its initial complaint and again through its first amended complaint that Defendants were acting as agents of Mercantile Safe Deposit and Trust Company ("Mercantile"). Defendants discovered that Plaintiff released Mercantile and its agents on February 26, 2002 in a written document filed with the Court in the main bankruptcy case and in the Cash Collateral Agreement and Consent Order [D.I. 34] stating that "no offsets, defenses or counterclaims to the [pre-petition indebtedness to Mercantile] exist . . .".

- 2 -

WLM_501055_1/DKRAFT

A00522

6.    Accordingly, on August 5, 2004, Defendants filed a motion to dismiss [D.I. 26] the first amended complaint filed by NHI based on its February 26, 2002 release of Defendants.

7.    NHI filed an answering brief to the motion to dismiss [D.I. 29] on September 8, 2004, wherein it repeated its allegations of agency on the part of Defendants as agent and Mercantile as principal.

8.    Defendants filed a Reply Brief in Response to Answering Brief of Plaintiff NHI, Inc. in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint filed September 15, 2004 [Docket No. 30].

9.    On October 8, 2004, the Court entered a letter on the docket converting Defendants' motion to one for summary judgment and directing that NHI file a supplemental answering brief to its answering brief [D.I. 32]. The Court's letter stated in part:

> I believe it is incumbent upon Plaintiff to present facts which
> negate an agency relationship or otherwise show why the release
> provision does not apply to Defendants.

10.    On October 29, 2004, NHI filed a Certification ("Certification") with the Court [D.I. 33] requesting extensive discovery on the issue of agency to prove that, despite the allegations in its complaint, amended complaint and answering brief to the motion to dismiss, it had documents in its possession showing that Defendants were not agents of Mercantile. NHI further informed the Court in its certification that it might amend its amended complaint further on the issue of agency.

11.    On November 12, 2004, Defendants filed a Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. [D. I. 35] and Memorandum of Law in Support of Defendants' Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. [D.I. 36] on the basis that NHI''s Certification was improper and was in the nature of an ex parte communication to the Court.

- 3 -

WLM_501055_1/DKRAFT

A00523

12.    On November 22, 2004, NHI filed an Answer to Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. [Docket No. 39] and Memorandum of Law of Plaintiff NHI, Inc. in Opposition to Defendants' Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. [Docket No. 40].

13.    On November 30, 2004, Defendants filed a Reply Brief in Response to Plaintiff's Answer to Defendants' Motion to Strike Certification of Counsel for Plaintiff NHI, Inc. [Docket No. 41].

14.    On December 1, 2004, NHI filed an Agenda for the December 3, 2004 Omnibus Hearing ("Agenda") [D.I. 662].  In the Agenda, NHI requested a status conference on the adversary proceeding.

15.    On December 3, 2004 counsel for NHI and the Defendants appeared at the Omnibus Hearing and the Court conducted a "Status Conference".  At the conclusion of the "Status Conference", the Court found that despite NHI's contention to the contrary, it had in fact alleged agency in paragraph 33 of its amended complaint.  After the Court found that NHI had alleged agency in its pleadings, NHI stated upon further questioning by the Court that it would not be pursuing the issue of agency.  Thereafter, the Court entered a bench ruling directing Plaintiff to amend its amended complaint to remove all allegations of agency between Defendants and Mercantile.

16.    In allowing the Plaintiff to amend its amended complaint, the Court denied Defendants motion to dismiss, as converted into a motion for summary judgment, and ignored the judicial admissions of agency made by the Plaintiff in its complaint, amended complaint and prior moving papers.  The Court's ruling has effectively allowed NHI to escape its own judicial

- 4 -

WLM_501055_1/DKRAFT

A00524

admissions of agency and foreclosed Defendants' opportunity to have NHI address the release issue based on NHI's own judicial admissions.

## QUESTIONS PRESENTED

17.    The issue on appeal is whether the Court can deny Defendants' motion to dismiss and/or for summary judgment after allowing NHI to amend its complaint to remove judicial allegations of agency.  Amendment of the amended complaint allows NHI to slip out of the agency noose it created in its own factual pleadings after releases were discovered showing that NHI entered into a release with Mercantile that also released Mercantile's agents, including Defendants, in accordance with the agency allegations plead by NHI.

18.    A separate issue on appeal is whether it was proper for the Court to convert Defendants' motion to dismiss to one for summary judgment on October 8, 2004.  The February 28, 2002 release referenced in and attached to the motion to dismiss and the Cash Collateral Agreement and Consent Order were part of the judicial record in the main bankruptcy case and were not outside the record before the Court.  Accordingly, it was improper to convert the Defendants' motion to dismiss to a motion for summary judgment.

## STATEMENT OF REASONS WHY AN APPEAL SHOULD BE GRANTED

19.    If an Order or Ruling is interlocutory, an appeal should be granted for at least three reasons. First, the Order involves an important and controlling question of law.  If allowed to stand, NHI and other parties to litigation will be able to escape their judicial admissions by simply amending their pleadings to allege more favorable factual allegations when confronted with a motion to dismiss or for summary judgment.   Second, there are now substantial differences in how this issue is handled by different judges, which will create confusion and inconsistent rulings below.  Third, an immediate appeal will advance the termination of the litigation and foster judicial efficiency.

WLM_501055_1/DKRAFT

A00525

**RELIEF REQUESTED**

20.    This Court has held that an interlocutory order may be appealed where a district court finds that: "1) the order from which the appeal is taken involves a controlling question of law; 2) there is substantial ground for difference of opinion as to the controlling question of law; and 3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Marvel Entertainment Group, Inc.*, 209 B.R. 832, 837 (D. Del. 1997).

21.    **The Bankruptcy Court's Ruling involves a controlling question of law.**  This Court, in accordance with the Third Circuit, has held that "[a] controlling question of law at the very least encompasses a ruling which, if erroneous, would be reversible error on final appeal." *Id.* (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)).  In addition, matters that are "serious to the conduct of the litigation, either practically or legally," are controlling questions of law. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755(3d Cir. 1974).  Allowing the Plaintiff to simply amend its complaint to remove judicial admissions of agency so as to escape a motion to dismiss and/or for summary judgment is reversible error and is a serious issue in this litigation.  Reversal is appropriate where substantial rights are affected by an error.  See, *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995) (citing *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 923-28 (3d Cir. 1985)).  Allowing amendments of judicial admissions makes a mockery Rule 11 of the Federal Rule of Civil Procedure and Rule 9011 of the Bankruptcy Rules of Civil Procedure and is absolutely inappropriate and prejudicial when the amendment is not the result of newly discovered evidence but merely a change in strategy by the amending party to escape dismissal of its action or summary judgment.

22.    **There are substantial grounds for differences of opinion as to the controlling question of law.**  The Delaware Bankruptcy Court continues to preside over a substantial

WLM_501055_1/DKRAFT

A00526

number of adversary proceedings in this country. Defendants are entitled to rely on Plaintiff's *repeated* judicial admissions of agency. The issue of what is the proper standard for determining whether a party may amend its complaint to remove judicial admissions is now subject to differing decisions given the recent December 3, 2004 ruling allowing the amendment of the amended complaint. Other courts have held that facts asserted in a pleading are considered "judicial admissions" and bind the party asserting the facts. *See* *Glick v. White Motor Co., 458 F.2d 1287 (3d Cir. 1972)* (where a party offers deliberate, clear and unequivocal facts in a complaint, those assertions are binding on the party.); *In re Cendant Corp. Securities Litig., 109 F. Supp.2d 225, 230 (D.N.J. 2000)*; 10A Charles Alan Wright and Arthur R. Miller, *et al.*, Federal Practice and Procedure §§ 2722 and 2723 at 382 (3d ed. 1998) ("Wright & Miller"). "[E]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." *Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1315 (8th Cir. 1990)*; *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F. Supp. 2d 394, 405 (D.N.J. 2000)*. A party can plead himself out of court by alleging facts that show that he has no claim, even though he was not required to allege those facts. *See* *McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000)*; 30B Wright & Miller § 7026 (2000). The difference of opinion between the existing case law and the decision being appealed is apparent. In its brief, NHI did not offer any case law on the issue of judicial admission; instead, it addressed the concept of judicial estoppel, a completely separate legal concept. If this Court does not address this issue, then there will be confusion as to whether a party may simply amend its complaint when confronted with its own judicial admissions in the complaint, all to the detriment of the

- 7 -

WLM_501055_1/DKRAFT

consistent and orderly application of the law.  It is vital that this Court grant appellate review of this very important issue.

23.     **An immediate appeal will advance the ultimate termination of the litigation.** This Court has found that where an immediate appeal would terminate the ligitation and result in little for the bankruptcy court to do on remand, leave to appeal is appropriate.  *See In re Marvel Entertainment Group, Inc.*, 209 B.R. 832, 838 (D. Del. 1997); *see In re B.S. Livingston & Co., Inc.*, 186 B.R. 841, 850 (D. N.J. 1995).  The heart of the requested relief denied by the Bankruptcy Court would not only completely end the litigation, it would end an abusive use of the judicial system by NHI.  The relief requested would relieve the Court of further hearings and promote judicial economy, which is at the heart of the third prong of the Third Circuit test.

## COPY OF ORDER

A transcript of the hearing at which the bench ruling was made has been ordered but is not yet available.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant the Motion for Leave to Appeal from the December 3, 2004 Ruling of the Bankruptcy Court, and that it may have such other and further relief as is just and proper.

- 8 -

WLM_501055_1/DKRAFT

A00528

Dated: December 13, 2004

EDWARDS & ANGELL LLP

Stuart M. Brown, Esquire (No. 4050)
Denise Seastone Kraft (No. 2778)
Mark D. Olivere (No. 4291)
919 N. Market Street
Wilmington, DE 19801
Tel: 302.777.7770
Fax: 302.777.7263

Counsel for Defendants
FleetBoston Financial Corporation,
KMR Management Inc.,
Robert Reisner and
Waring S. Justis

WLM_501055_1/DKRAFT

A00529

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| | : | |
| Debtor. | : | Chapter 11 |
| NHI, INC., | : | |
| | : | |
| Plaintiff | : | Adversary No. 04-52879 |
| | : | |
| v. | : | |
| | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | Related Docket No. 1 and 17 |
| INC., ROBERT RIESNER and | : | |
| WARING S. JUSTIS, JR., | : | |
| | : | |
| Defendants. | : | |

### ORDER GRANTING MOTION FOR LEAVE TO APPEAL

Upon the Motion For Leave to Appeal (the "Motion") of Defendants FleetBoston Financial Corporation ("Fleet"), KMR Management Inc. ("KMR"), Robert Reisner ("Reisner"), and Waring S. Justis ("Justis") (collectively, the "Defendants") seeking entry of an Order granting Defendants leave to appeal the Court's December 3, 204 bench ruling denying Defendants' motion to dismiss, as converted to a motion for summary judgment [D.I. __], it is hereby

ORDERED that the Motion for leave to appeal is GRANTED.

Dated:_____, 2004

_____
United States Bankruptcy Court Judge

WLM_501055_1/DKRAFT

**A00530**

## CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, certify that on this 13th day of December, 2004, I caused true and correct copies of the **Notice of Motion for Leave to Appeal and Motion for Leave to Appeal** to be served on the following parties in the manner indicated:

**VIA HAND-DELIVERY**

Stephen W. Spence
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801

**VIA U.S. FIRST-CLASS MAIL**

Scott R. Withers
Lamb McErlane PC
24 E. Market Street
P.O. Box 565
West Chester, PA 19381-0565

Denise S. Kraft (#2778)

WLM_501055_1/DKRAFT

A00531

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 02-10651 (PJW) |
| NHI, INC., f/n/a NANTICOKE HOMES, INC. | : | |
| A DELAWARE CORPORATION | : | Chapter 11 |
| ——————————————— | : | |
| | : | |
| NHI, INC., | : | |
| | : | |
| Plaintiff | : | Adversary No. 04-52879 |
| | : | |
| v. | : | |
| | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | |
| INC., ROBERT RIESNER and | : | |
| WARING S. JUSTIS, JR., | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF APPEAL PURSUANT TO FEDERAL
### BANKRUPTCY PROCEDURES 8001 AND 28 U.S.C. SECTION 158(a)(3)

Defendants Fleet Boston Financial Corporation, KMR Management, Inc., Robert Riesner

and Waring S. Justis, Jr. (collectively, "Defendants"), pursuant to 28 U.S.C. 158(a)(3) and Rule

8001 of the Federal Rules of Bankruptcy Procedure, hereby appeal to the United States District

Court for the District of Delaware from the bench ruling denying Defendants' motion for

summary judgment issued by the United States Bankruptcy Court for the District of Delaware on

December 3, 2004. Defendants further appeal the conversion of Defendants' motion to dismiss

to one for summary judgment. A copy of the transcript of the hearing at which the bench ruling

was made has been ordered but is not yet available.

The parties and their counsel of record are:

47
12/13/04

| Party | Counsel |
|-------|---------|
| NHI, Inc. | Stephen W. Spence<br>Phillips, Goldman & Spence<br>1200 N. Broom Street<br>Wilmington, DE 19806<br>(302) 655-4200 (telephone)<br>(302) 655-4210 (fax)<br><br>Scott R. Withers<br>Lamb McErlane PC<br>24 E. Market Street<br>P.O. Box 565<br>West Chester, PA 19381-0565 |
| Fleet Boston Financial Corporation<br>KMR Management, Inc.<br>Robert Riesner<br>Waring S. Justis, Jr. | Stuart M. Brown<br>Denise S. Kraft<br>Edwards & Angell LLP<br>919 N. Market Street, 14th Floor<br>Wilmington, DE  9801<br>(302) 777-7770 (telephone)<br>(302) 777-7263 (fax) |
| U.S. Trustee | Office of the United States Trustee<br>844 King Street, Room 2207<br>Lockbox 35<br>Wilmington, DE 19801 |

Dated: December 13, 2004

EDWARDS & ANGELL, LLP

Stuart M. Brown (#4050)
Denise S. Kraft (#2778)
919 N. Market Street, 14th Floor
Wilmington, DE 19801
(302) 777-7770 - telephone
(302) 777-7263 - facsimile

Counsel for the Defendants
FleetBoston Financial Corporation,
KMR Management Inc.,
Robert Reisner and
Waring S. Justis

- 2 -

WLM_501044_1/DKRAFT

## CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, certify that on this 13th day of December, 2004, I caused true and correct copies of the **Notice of Appeal Pursuant to Federal Bankruptcy Procedure 8001 and 28 U.S.C. Section 158(a)(3)** to be served on the following parties in the manner indicated:

### VIA HAND-DELIVERY

Stephen W. Spence
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801

### VIA U.S. FIRST-CLASS MAIL

Scott R. Withers
Lamb McErlane PC
24 E. Market Street
P.O. Box 565
West Chester, PA 19381-0565

_____
Denise S. Kraft (#2778)

WLM_501044_1/DKRAFT

A00534

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Case No. 02-10651 (PJW) |
| NHI, INC., f/n/a NANTICOKE HOMES, INC. : <br> A DELAWARE CORPORATION : | Chapter 11 |
| ———————————————— : | |
| NHI, INC., : | |
| Plaintiff : | Adversary No. 04-52879 |
| v. : | |
| FLEETBOSTON FINANCIAL : <br> CORPORATION, KMR MANAGEMENT, : <br> INC., ROBERT RIESNER and : <br> WARING S. JUSTIS, JR., : | |
| Defendants. : | |

## DESIGNATION OF THE RECORD AND STATEMENT OF ISSUES PURSUANT TO (A) FEDERAL RULE OF APPELLATE PROCEDURE 6(a) AND (B) BANKRUPTCY RULE 8006

Defendants Fleet Boston Financial Corporation, KMR Management, Inc., Robert Riesner and Waring S. Justis, Jr. (collectively, "Defendants"), by and through their undersigned counsel, hereby files this designation of the record on appeal and statement of issues to be presented pursuant to (A) Federal Rule of Appellate Procedure 6(a) and (B) Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Designation"). This Designation relates to the Defendants' Notice of Appeal [D.I. 47] dated December 13, 2004.

**Designation Of Items To Be Included In Record On Appeal**

Defendants hereby designate the following items for inclusion in the record on appeal:

Docket# .49

Date: 12/22/04

A00535