Not Reported in A.2d
1988 WL 32012 (Del.Super.)
(Cite as: 1988 WL 32012 (Del.Super.))

not substantially change the cause of action or introduce a different claim or defense. *Geyser*, 229 A.2d 499.

In *Wagner v. Olmedo*, Del.Super., 323 A.2d 603 (1974), the Court allowed for relation back of an amendment to add as a ground of recovery that the doctor negligently failed to advise plaintiffs of possible side effects of an operation and thus did not obtain informed consent of a patient (as opposed to the original complaint concerning the *manner of treatment* ). The Court held that defendants were on notice that the transaction between the plaintiffs and defendants, which culminated in plaintiffs' injury, was in issue. Similarly, defendants here were on notice that the alleged breach of contract and aftermath were in issue. However, *Wagner* noted that the damages were the same between the original complaint and proposed amendment. Here, treble damages are available for misappropriation of trade secrets and thus are not the same as those allowed in the original complaint.

In *Blaustein v. Standard Oil Co.*, Del.Super., 70 A.2d 716 (1949), plaintiffs were allowed to amend their complaint, even though statements of legal obligation and duty on defendant's part and breaches by it were different, because both the original and amended pleading asserted responsibility on defendant's part for the same basic situation. Further, the Court held that the filing of lengthy answers did not preclude amendment of the declarations. *Id.* at 722. It also allowed plaintiffs to substitute different allegations with respect to damages. *Id.* at 720.

In *Dunfee v. Black Rock Van & Storage*, Del.Super., 266 A.2d 187 (1970), a bailor sued a bailee for loss of her goods by fire while stored in defendant's warehouse. The Court held that where the bailor admitted limitation of liability set forth in the warehouse receipt and purchased extra insurance to protect herself against loss, she did not suffer surprise or prejudice by raising of the defense of limitation of liability under the warehouse receipt on the *morning of the trial.* The motion to amend the answer to include the defense should have been permitted, according to the Court. "Although better practice requires that defenses be set forth earlier in the proceedings, the Court finds ... that defendant's

motion to amend under Rule 15(c) should be sustained, for the reason and upon the grounds that plaintiff has not suffered surprise or prejudice thereby." *Id.* at 189.

The deposition of former Rhoads vice-president Ken Bull indicates earlier questioning regarding the distributorship list (Def.'s appendix, Ex. 5). Defendants in their opening brief in support of summary judgment also addressed the list (Def.'s brief, pp. 6-7). Thus, it is apparent that the parties earlier recognized the import of the customer list to the situation in dispute. The charges of misappropriation did arise out of the conduct described in the original complaint and the proposed amendment came four months before trial.

A case which disallowed an amended complaint adding a consumer fraud charge differs from the instant case. In *Stephenson v. Capano Develop. Co.*, Del.Ch., C.A. No. 6186, Brown, V.C. (December 12, 1980), plaintiff presented a motion, *two days before trial,* to amend her complaint to add a new claim seeking compensatory and statutory damages against the defendant for alleged violations of the consumer fraud statutes. Decision was reserved so that the trial could proceed. The motion to amend was denied as being untimely filed, as the possibility of punitive and treble damages altered the possible gravity of relief (the action was first for specific performance of a real estate contract). *Stephenson* involved an amendment proposed two days before trial, unlike the instant case, and a change from seeking equitable relief.

*16 In *Wilson Contracting Co. v. State*, Del.Supr., 224 A.2d 396 (1966), while a motion for summary judgment was pending, but after argument, plaintiffs filed a motion to amend the complaint to add a charge of fraud. The Court granted summary judgment to defendants, but did not pass on fraud allegations. It then granted plaintiff's application to amend the complaint, if it did so within ten days. Plaintiff did not file the complaint within the ten-day period or by the date of its appeal from summary judgment in favor of the defendant. Plaintiff, therefore, was precluded from complaining on appeal of Court's failure to rule on the issue. Clearly, the plaintiffs amended complaint exceeds the ten-day notice period that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1988 WL 32012 (Del.Super.)
(Cite as: 1988 WL 32012 (Del.Super.))

would have been allowed in *Wilson.*

Based on the foregoing, plaintiff's amendment will be allowed.

### MORE DEFINITE STATEMENT

Defendants have moved for a more definite statement for Counts II and III of the Third Amended Complaint in the above-referenced case, pursuant to Superior Court Rule 12(e). Under Rule 12(e), if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. *Id.*

Defendants first assert that plaintiff in Count II failed to state what section of the Deceptive Trade Practices Act allegedly was violated; i.e., 6 Del.C. § 2532(a)(1), (2) etc. Although the allegations logically could be matched to the statutory violation; the probable matchup is not absolutely certain.

Case law indicates that it is essential for the precise theory of fraud, with supporting specifics, to appear in the complaint *Nutt v. A.C. & S, Inc.*, Del.Super., 466 A.2d 18 (1983), aff'd sub. nom. *Mergenthaler v. Asbestos Corp. of Am.*, Del.Super., 480 A.2d 647 (1984). Superior Ct.Civ.R. 9(b) also requires that the circumstances constituting fraud be stated with particularity. Further, the pleading is to be concise and direct. Superior Ct.Civ. Rule 8(e). Because defendants failed to specify what section or subsection of the act defendants are alleged to have violated, defendants are entitled to a more definite statement of the theory of deceptive trade practice in Count II. See *Strasburger v. Mars, Inc.*, Del.Super., 83 A.2d 101 (1951) (averments of fraud must be stated with particularity so as to apprise opposing party what fraudulent acts are charged.)

In Count III of the Third Amended Complaint, Rhoads alleges that defendants violated Delaware's Uniform Trade Secrets Act, 6 *Del.C.*, § 2001 et seq., causing it actual loss and unjustly enriching Ammeraal by a series of enumerated acts. It failed to point out the theory of misappropriation sued

upon under § 2001(2). Although the theory proceeded upon under the statute likely can be inferred in light of the allegation, it is not absolutely certain. Thus defendants' motion is GRANTED on that section.

\*17 Next, defendants assert that the plaintiff in Count III fails to allege the type of loss suffered and the manner in which plaintiff was unjustly enriched, rendering it impossible to formulate an answer.

As to the specifics of the type of loss suffered, Rule 9(g) provides that a party shall demand damages generally, with out specifying the amount, except when special items are claimed. General damages are the necessary result of the acts complained of. Special damages are the natural but not necessary result of the wrongful acts or injury. 25 C.J.S. *Damages* § 131(c)(1). The latter must be averred particularly. *Id.* Recall that the purpose of alleging special damages with certainty is to prevent surprise and to afford the defendant fair notice and opportunity to meet the allegations at trial. *Hollenbacker v. Bryant*, Del.Super., 30 A.2d 561 (1943). Some cases have held that *only* special damages may be recovered in unfair competition actions. See, e.g. *Landstrom v. Thorpe*, 8th Cir., 189 F.2d 46, 55, cert. denied, 342 U.S. 810 (1951).

Because of the complexity of this case and the right of defendants to have time to prepare a defense for alleged actual loss and unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss (6 *Del.C.* § 2003) , plaintiff must at least provide notice to defendants as to the theories of actual loss and unjust enrichment it plans to pursue. Defendant need not produce evidence in the pleading; rather, it must specify the type of loss which Rhoads suffered and the manner in which Ammeraal was unjustly enriched. See *Int'l Industries v. Warren Petrol Corp.*, 3d.Cir., 248 F.2d 696 (1957); 11 A.L.R. 4th 12 *Damages--Misappropriation of Trade Secrets* (1982).

Defendant's motion for a more definite statement as to the type of actual loss and the manner of unjust enrichment is GRANTED.

Pursuant to Rule 12(e), the defendants are ordered to file a more definite statement, pursuant to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1988 WL 32012 (Del.Super.)
(Cite as: 1988 WL 32012 (Del.Super.))

instructions above.

*MOTIONS TO STRIKE AND DISMISS*

Defendants Ammeraal, Inc. (hereinafter "Ammeraal") and Ammeraal Conveyor Belting B.V. (hereinafter "Belting") also move to strike and dismiss certain counts of the complaint, as well as certain phrases of the counts.

First, defendants move to dismiss Counts II and III as the acts complained of took place outside of the State of Delaware.

Count II deals with alleged willful engagement in deceptive trade practices, to include luring away Rhoads' customers and misrepresenting facts to them. Count III alleges willful and malicious misappropriation of trade secrets, to include a Rhoads' customer list, information on Mars, and information on Rhoads' customers and prices. The above acts allegedly occurred upon the contact of Rhoads' customers by defendant. This contact originated via phone calls from Michigan (Depo. Spicer, Ex.D., Def.'s Brief in Support of Motion, pp. 243-245) and concluded with customer contact at locations throughout the country. (*See,* e.g., Depo. Spicer, App. to Plain.'s Answering Brief in Summary Judgment Motion, p. 282).

It is agreed that the *lex loci delecti* for negligent torts is the place of injury. *See, Johnson Associates Inc. v. Rohm & Haas, Co.,* D.Del., 560 F.Supp. 916, 918 (1983); *Tew v. Sun Oil Co.,* Del.Super., 407 A.2d 240, 242 (1979). Therefore, the law of the State where the economic injury is felt will apply for a tort claim based on negligence. The parties disagree over whether Delaware choice of law principles differ for intentional torts, as alleged in the disputed counts. [FN1]

**\*18** A 1973 case involving Delaware law held that in an action for misrepresentation, the wrong is deemed to occur where the misrepresentation operated to cause the injury or loss, not where the fraudulent misrepresentations were made. *Autrey v. Chemitrust Industries Corp.,* D.Del., 362 F.Supp. 1085 (1973). The Court decided that since the fraudulent misrepresentations made by defendant, a Delaware corporation, in regards to sales to plaintiffs caused business losses in Florida, Florida

substantive law would apply. In the instant case, like in *Autrey,* plaintiff's Count II alleges that defendants made willful misrepresentations to Rhoads customers. This case supports plaintiff's allegation that the place of injury should govern the application of substantive law.

Two years later, the Delaware Court of Chancery applied the law of the place where defendant improperly traced plaintiff's logic design of a minicomputer to plaintiff's common law suit for misappropriation of a trade secret and unfair competition. *Data General Corp. v. Digital Computer Controls, Inc.,* Del.Ch., 357 A.2d 105 (1975). New Jersey was the site of the improper use of the document, or the wrongful act, according to the court; i.e., the tracing of the design and the evolvement of the design into a competing product occurred there. The court cited *Friday v. Smoot,* Del.Supr., 211 A.2d 594 (1965) as the basis for its holding. *Friday* upheld Delaware's traditional *lex loci delecti* rule, applying the law of the place of the wrong.

A more recent case involving a choice of law problem was *Johnson Associates, Inc. v. Rohm & Haas Co.,* D.Del., 560 F.Supp. 916 (1983). The Court there held that the place of injury rule is appropriate only to negligent torts. *Id.* It cited for support a District Court of Vermont case noting that courts have preferred to apply the law of the place of defendant's conduct, rather than injury, in intentional torts. *Id.* and *Marra v. Bushee,* D.Vt., 317 F.Supp. 972, 974 (1970), aff'd in relevant part, reversed in part, 2d Cir., 447 F.2d 1282 (1971). It further cited *Bushee* for the guidance that when a punitive element is dominant, the conduct which is offensive to morals is critical in applying the law. *Id.* The court, therefore, borrowed the law of the state where most of the tortious interference with the contract occurred--Massachusetts. *Id.* The Court noted that the result was in accord with the modern trend to apply the law of the state with the most significant relationship to the occurrence in a contract case. *Id.*

In the instant case, there is no clear situs of improper conduct, as in *Johnson* or *Data General.* Rather, the alleged misrepresentations and misuse of information occurred when defendants contacted Rhoads customers throughout the United States;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1988 WL 32012 (Del.Super.)
(Cite as: 1988 WL 32012 (Del.Super.))

i.e., the misrepresentation occurred when and where the customers answered the phone. Even if this Court were to look at the place of conduct as urged in *Johnson,* as opposed to the place of injury, as dictated by *Autrey,* there is no clear situs for the conduct. Therefore, the Court will look to the law of the place of injury, Delaware.

**\*19** The same result would apply under the modern trend, as discussed in *Johnson.* The *Restatement of Conflict of Laws* 2d, § 145, outlines contacts to be taken into account in determining the law applicable to an issue in an interests analysis. They are: 1) place of injury, 2) place of conduct, 3) domicile, residence, place of incorporation and business, 4) place where relationship entered. In the instant case, the place of injury is Delaware. The place of conduct is not clearly ascertainable, although if it were, it would be heavily weighed. Ammeraal and plaintiff are incorporated in Delaware; Belting is a foreign corporation, with a foreign domicile. Plaintiff's principal place of business is Delaware; Ammeraal's is Michigan. The relationship does not appear to be centered in one particular place, as plaintiff placed orders with defendants and then distributed the merchandise to their customers. The letter agreement originated with defendants, but was mailed to defendants in Delaware, and presumably was accepted there. From the foregoing, it appears that Delaware has the most significant relationship to the issue.

In addition to the foregoing, the conduct complained of is actionable at common law in Michigan and defendants, therefore, cannot assert unfair surprise that such conduct is prohibited. Further, since Ammeraal is a Delaware corporation with a history of involvement with a one-time exclusive Delaware distributor of its products, it should not be surprised to find itself subject to the laws of this State.

For the foregoing reasons, defendants' motion to dismiss the statutory counts is DENIED.

Defendants also move to strike Count III on the basis that none of the items enumerated constitute trade secrets. This includes 1) the Rhoads customer list, 2) information on the Mars account, 3) the compilation of information on Rhoads' customers and prices. Defendants state that there

was no agreement to keep the items secret and that the information was known to the industry or easily ascertainable. The plaintiffs dispute the degree of public knowledge regarding the items.

*Customer List*

Rhoads gave the list to Ammeraal with no understanding limiting its use, according to defendants, and the information was generally available to Ammeraal through its sales invoice records and the phone book. Plaintiff asserts that Ammeraal asked for the list because it did not know who its customers were, and that secrecy was implied and reasonably guarded. All parties agree that Rhoads was told the list was to be used to reduce wasted efforts in duplicating contacts by Ammeraal and plaintiff.

*Mars*

**\*20** It is agreed that Ammeraal was given Mars marketing information for use in its worldwide survey, using existing distribution channels. Defendants state that there was no secrecy agreement and that the information was readily available from Mars itself. Plaintiff contends that the information was considered proprietary by Ammeraal's past president and that it was used by Ammeraal to get the Mars business.

*Information on Rhoads' Customers, Pricing, Shipments & Materials*

This information was put together by Ammeraal employees using their records relating to Rhoads. Plaintiff contends that the information was not readily available.

A trade secret is defined in 6 *Del.C.* § 2001 as follows:

(4)  "Trade secret" shall mean information, including a formula, pattern, compilation, program, device, method, technique or process, that:

a. Derives independent economic value, actual or potential, from *not being generally known to, and not being readily ascertainable* by proper means by, other *persons who can obtain economic value* from its disclosure or use; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00004-SLR    Document 15-5    Filed 10/11/2005    Page 5 of 35

b. Is the subject of *efforts that are reasonable under the circumstances* to maintain its secrecy. (63 Del. Laws, c. 218, § 1.)

The foregoing factual dispute as to whether the enumerated items fall under 6 *Del.C.* § 2001 precludes summary judgment on this issue. For example, *see, Wilmington Trust Co. v. Consistent Asset Management,* Del.Ch., C.A. No. 8867 (March 25, 1987) (secrecy can be express or implied; preliminary injunction granted as there was some support for finding that some aspects of the formula were treated with confidentiality, that reasonable steps were taken to keep certain elements secret and that plaintiffs realized some benefits from the fact that some elements were not generally known, despite defendant's assertion that all elements can be derived from published sources). *Newell v. O.A. Newton & Sons, Co.,* Del. 104 F.Supp. 162 (1952) (relationship may be of a nature where there is an implied covenant not to use or disclose information). *Jager Trade Secrets Law* § 301(2) (better rule is that valuable customer lists should be afforded trade secret protection unless customer identity is known or is easily obtainable from published sources). *Data General Corp. v. Digital Controls, Inc.,* Del.Ch., 357 A.2d 105 (1975) (although plaintiff distributed limited copies of design drawings for a limited purpose to its customers, they constituted trade secrets because plaintiff had not made them generally available to the public).

The following motions are DENIED for reasons fully set forth in the opinion regarding motions for summary judgment.

1. Motion to dismiss Counts II and III on the basis that they are barred by the statute of limitations. (The amendments relate back to the original filing.)

2. Motion to dismiss Count II on the grounds that it fails to set forth acts violating the Delaware Deceptive Trade Practices Act (also addressed in motion for a more definite statement).

3. Motion to dismiss Count IV regarding unfair competition because it fails to state a claim upon which relief can be granted. (Relief under 6 *Del.C.* § 2531 *et. seq.* is in addition to remedies available under the common law.)

*21 4. Motion to dismiss Belting from Counts I, II, III, and IV as the acts complained of were not performed by it or its employees (there is a question of fact as to whether Ammeraal was the agent of Belting).

Finally, defendants move to strike and dismiss certain language in the complaint, as follows:

1) The second phrase of paragraph 5, Count I, alleging a prior business relationship (ongoing distributorship relationship and course of dealing) between plaintiff and defendant's predecessors on the basis that it predated the 1982 letter agreement, was terminable at will and, thus, was immaterial to the breach of contract claim in Count I. (Plaintiff asserts the phrase is pertinent to a course of dealing, detrimental reliance, damages in the other counts, and as to the alleged intentional tort in Count I).

2) The section of paragraph 12, Count II, regarding open orders on the basis that Ammeraal offered to fill outstanding orders, at any time, for Rhoads. (Plaintiff asserts that even if this were so, it has no bearing on the allegation that defendants in their contract with Rhoads' customers *represented* that Ammeraal would fill any open orders with Rhoads.)

3) Paragraph 21(a), the first phrase of paragraph 21(b), the first three allegations of paragraph 21(c), and paragraphs (d) and (e) of Count IV because they sound in breach of contract, and thus are irrelevant to a claim of unfair competition. (Paragraphs (a) through (e) allege facts which would tend to show intent or motive going to improper interference with performance of a contract, or to show how Rhoads' trade with the customers was made more burdensome and expensive. Even the lack of proper notice cited in paragraph (e) tended to make servicing of Rhoads' customers more burdensome.)

Paragraph 21(f), (g), and (h) because (f) only elaborates (e) and because (g) and (h) allege the tort of intentional interference with business relationships. Paragraph 21(i), on the basis that plaintiff failed to allege defendants had any duty to advise Rhoads' customers regarding the hiring of Mol, and paragraph 22 on the basis that unjust enrichment is a quasi-contractual remedy.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                              Page 17
1988 WL 32012 (Del.Super.)
**(Cite as: 1988 WL 32012 (Del.Super.))**

4) Plaintiff's prayer for punitive and treble
damages, and attorneys' fees. (As the statutory
causes were not stricken, these remedies may be
pled by plaintiffs.)

Motions to strike under Super.Ct.Civ.R. 12(f) are
not favored and are granted sparingly. *Pack &
Process, Inc. v. Celotex Corp.,* Del.Super., 503
A.2d 646 (1985). Ammeraal's motion to strike
reaches formal defects only. Although there is a
question of relevancy and redundancy with some of
the language, none of the language sought to be
stricken appears to prejudice defendants. Because
of the proximity to trial, and the absence of any
substantive prejudice, the Court will DENY
defendants' motion to strike. *See, Fowler v.
Mumford,* Del.Super., 102 A.2d 535 (motions to
strike should be limited where there is no showing
of prejudice to the moving party if the attacked
allegations are left in the pleadings).

IT IS SO ORDERED.

> FN1. Although plaintiffs correctly state
> that statutory language does not require
> plaintiff to show an express intent or
> design on the part of defendant to injure, 6
> *Del.C.* § 2003, 2004, 2532(a), 2533(a)(6);
> *Air Reduction Co. v. Airco Supply Co.,*
> Del.Ch. 258 A.2d 302 (1969), their
> complaint alleges that the acts constituting
> violation of the acts were willful and/or
> malicious. This requires intent.

1988 WL 32012 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A00741

## CERTIFICATE OF SERVICE

I, Denise Seastone Kraft, certify that on this 12th day of January, 2005, I caused true and correct copies of the **Defendants' Reply Brief In Response To Memorandum Of Law Of Plaintiff NHI, Inc. In Opposition To Defendants' Motion To Dismiss Plaintiff's Second Amended Complaint** to be served on the following parties in the manner indicated:

### VIA HAND-DELIVERY

Stephen W. Spence
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801

### VIA U.S. FIRST-CLASS MAIL

Scott R. Withers
Lamb McErlane PC
24 E. Market Street
P.O. Box 565
West Chester, PA 19381-0565

Denise S. Kraft (#2778)

**A00742**

**File an answer to a motion:**

04-52879-PJW NHI, Inc. v. Fleetboston Financial Corporation et al

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Kraft, Denise Seastone entered on 1/13/2005 at 5:00 PM EST and filed on 1/13/2005

**Case Name:**       NHI, Inc. v. Fleetboston Financial Corporation et al
**Case Number:**    04-52879-PJW
**Document Number:** 60

**Docket Text:**
Reply *Defendants' Reply Brief in Response to Memorandum of Law of Plaintiff NHI, Inc. in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint* (related document(s)[45] ) Filed by Fleetboston Financial Corporation, Waring Justis, Jr., KMR Management, Inc., Robert Riesner (Attachments: # (1) Exhibit Unreported Cases# (2) Certificate of Service) (Kraft, Denise)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI111305ReplyBrief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/13/2005] [FileNumber=3357470-0] [6519ca2770c51c0103b9cc99df2566d593f28aad69764c565b1d94dfeabc3a91be20 4d02ad170ff0afc5caca810cb7e3e3612a6b82b01b247ef7a7cfc3a06a92]]
**Document description:**Exhibit Unreported Cases
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI111305Unreported.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/13/2005] [FileNumber=3357470-1] [0407afbeff15bb924f78d6f2942bedd312a157e9752498b1bdb8fd7ea5c7e0d4b026 71217b7f1b88ee6a8c6ee0835e79cd41292eab6e3a676aaed0a20b74c138]]
**Document description:**Certificate of Service
**Original filename:**C:\Documents and Settings\jgrega\My Documents\Scanner Output\NHI111305COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/13/2005] [FileNumber=3357470-2] [749f300965ccf64fd3c1ed990f47af125594480669512ad7f3fd6bf894285bca2f52 90db9cbbcc1e392e46966fcec2f5e473b21c9ee645d6f5c640ee05eb4dc2]]

**04-52879-PJW Notice will be electronically mailed to:**

Stuart M. Brown    sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft    dkraft@edwardsangell.com

https://ecf.deb.uscourts.gov/cgi-bin/Dispatch.pl?756523795678386                    1/13/2005

**A00743**

Stephen W. Spence    tap@pgslaw.com;th@pgslaw.com

**04-52879-PJW Notice will not be electronically mailed to:**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| A DELAWARE CORPORATION | : | Chapter 11 |
| | : | |
| | : | |
| NHI, INC., | : | |
| Plaintiff | : | |
| | : | Adversary No. 04-52879 |
| v. | : | |
| | : | |
| FLEET BOSTON FINANCIAL | : | |
| COPRORATION, KMR MANAGEMENT, | : | |
| INC., ROBERT RIESNER and WARING | : | |
| S. JUSTIS, JR., | : | |
| | : | |
| Defendants | : | |

## BRIEF OF PLAINTIFF NHI, INC.
## IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL

James C. Sargent, Esquire                      Stephen W. Spence, Esquire (#2033)
PA Attorney I.D. No. 28642                     PHILLIPS GOLDMAN & SPENCE, P.A.
Guy A. Donatelli, Esquire                      1200 North Broom Street
PA Attorney I.D. No. 44205                     Wilmington, DE 19806
Scot R. Withers, Esquire                       (302) 655-4200
PA Attorney I.D. No. 84309                     (302) 655-4210 (fax)
LAMB MCERLANE PC                               Counsel to NHI, Inc.
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000
Of Counsel
January 24, 2004

Dkt. No. 62

Date Filed: 1-25-05

**A00745**

## TABLE OF CONTENTS

TABLE OF CITATIONS ..................................................................................... ii

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS....................1

    A.  Introduction.................................................................................................1

    B.  Procedural Overview ..................................................................................1

II.   DEFENDANTS ARE NOT ENTITLED TO THE RELIEF REQUESTED.......................4

    A.  DEFENDANTS ARE UNLIKELY TO SUCCEED ON THE MERITS
        OF THEIR APPEAL......................................................................................4

    1.  Conversion of Defendants' Motion by the Bankruptcy Court to a Motion for
        Summary Judgment is not Error ...........................................................................5

    2.  Defendants Are Not "Agents" of Mercantile and There were no such Judicial
        Admissions Supporting a Motion to Dismiss .......................................................5

    B.  DEFENDANTS WILL SUFFER NO HARM IN THE ABSENCE OF A
        STAY .........................................................................................................9

    C.  A STAY SUBSTANTIALLY INJURES OTHER PARTIES, SUCH AS THE
        CREDITORS OF NHI ................................................................................10

    D.  A STAY PENDING APPEAL WOULD NOT SERVE THE PUBLIC
        INTEREST..................................................................................................10

    E.  IF A STAY IS GRANTED, A BOND SHOULD BE REQUIRED ......................11

III.  CONCLUSION..................................................................................................11

i

A00746

## <u>TABLE OF CITATIONS</u>

**CASES**

<u>Anderson v. City of Philadelphia</u>, 65 Fed. Appx. 800 (3d Cir. 2003) ...............................4

<u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410 (3d Cir. 1997) ........................5

<u>Chakov v. Outboard Marine Corp.</u>, 429 A.2d 984 (Del. Super. Ct. 1981) ......................8

<u>Coates Int'l, Ltd. v. DeMott</u>, 1994 Del. Ch. LEXIS 20 (Del. Ch. 1994) .........................7

<u>Fisher v. Townsends, Inc.</u>, 695 A.2d 53 (Del. 1997)..................................................5

<u>Glick v. White Motor Company</u>, 458 F.2d 1287 (3d Cir. 1972) ....................................6

<u>National Labor Relations Bd. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 19</u>,
154 F.3d 137 (3d Cir. 1998)...........................................................................6

<u>Ryan Operations G.P. v. Santiam-Midwest Lumber Co.</u>, 81 F.3d 355 (3d Cir. 1996)....................7

<u>Scarano v. Central R. Co. of New Jersey</u>, 203 F.2d 510 (3d Cir. 1953)...........................7

<u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974) ..............................................................5

<u>Seigman v. Palomar Med. Techs., Inc.</u>, 1998 Del. Ch. LEXIS 115 (Del. Ch. 1998) ......................7

<u>Sutter Opportunity Fund 2 LLC v. Cede & Co.</u>, 838 A.2d 1123 (Del. Ch. 2003)..........................6

<u>Tucker v. Albun, Inc.</u>, 1999 Del. Super. LEXIS 468 (Del. Super. Ct. 1999) ..................8

**STATUTES**

11 U.S.C. § 547 ("Preferences").......................................................................9, 10

**RULES**

Federal Rule of Civil Procedure 12(b)(6) .........................................................5

Federal Rule of Civil Procedure 15(a) .............................................................4

A00747

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

### A.    Introduction

Defendants, KMR Management, Inc. ("KMR"), Robert Riesner ("Riesner") and Waring Justis, Jr. ("Justis"), and KMR's parent, Fleet Boston Financial ("Fleet") have filed a Motion for a stay pending their interlocutory appeal. Plaintiff, NHI, Inc. (hereinafter "NHI") opposes this request as it will further delay proceedings that have been systematically delayed by Defendants and because the request lacks any merit whatsoever.

Accordingly, for all the following reasons, Defendants' motion should be denied.

### B.    Procedural Overview

Plaintiff, NHI, formerly known as Nanticoke Homes, Inc., filed a voluntary petition for relief (hereinafter "Petition") with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code on March 1, 2002. Prior to 2002, NHI was engaged in manufacturing customized homes at its plant in Greenwood, Delaware.  NHI is currently maintaining its business as a Debtor-in-Possession.

This adversary proceeding is an action by NHI seeking to recover the losses suffered as a result of the failure of the Defendants, KMR, Reisner and Justis to comply with the terms set forth in a consulting agreement between Plaintiff and Defendants.  Under the consulting

1

agreement, Defendants represented themselves to be highly skilled professionals and agreed to provide NHI with professional management for the purposes of helping to stabilize NHI's financial condition and perpetuating NHI's business. Defendants undertook to act as fiduciaries, assumed positions of responsibility and undertook a duty of loyalty with respect to NHI. They assumed the complete control, responsibility and authority for managing the business of NHI. However, instead of taking actions to improve NHI's position, Defendants undertook a course of conduct designed to assure NHI's insolvency and ultimate dismantlement of NHI.

Defendants responded to NHI's initial and first amended complaint by raising as a defense a release that NHI had given to Mercantile under which they claimed protection as agents of Mercantile. Defendants argued that NHI had admitted that Defendants were agents of Mercantile and that, as agents of Mercantile, Defendants are entitled under the doctrine of judicial estoppel to take advantage of a release that NHI gave to Mercantile. This Court eliminated this "defense" from this case during the conference held before the Court on December 3, 2004. At the December 3, 2004 conference, the Court permitted NHI to amend the first amended complaint to withdraw paragraph 33, the one paragraph that the Court believed supported a finding of an agency relationship. The Second Amended Complaint, removing paragraph 33, was filed on December 10, 2004, thus resolving any issue relating to agency. The whole issue, in any event, was of no moment, as Defendants **admitted** at the December 3, 2004 conference that "it is not [Defendants'] intention to argue that the defendants were agents of Mercantile" to bring themselves within the release.

2

A00749

The Second Amended Complaint sets forth twelve causes of action including theories based upon breach of contract, breach of the covenant of good faith and fair dealing, gross negligence, breach of fiduciary duty, fraud, waste of corporate assets, tortious interference with contract and prospective business advantage, fraudulent transfer, fraudulent conveyance and avoidance of preferences under the Bankruptcy Code.

Despite Defendants' concession that they were not the agents of Mercantile and therefore not protected by the release, on December 27, 2004, Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint based upon the release as agents of Mercantile, even though the issue of agency and release had been determined by the Court on December 3, 2004, and even though Defendants had conceded they were **not** agents of Mercantile. Thereafter, Defendants filed a motion for leave to appeal the December 3, 2004 bench ruling. The motion to appeal purported to raise three issues, each one designed to reintroduce the defense Defendants conceded would not be raised, that of release and agency. The one and only relevant issue, however, the Defendants failed to raise, the discretion of a trial judge to amend the pleadings to eliminate a non-issue in the case.

Now, after three sets of motions to dismiss, Defendants request a further delay in the proceedings while their ill-advised and meritless motion for leave to appeal is decided. For the following reasons, NHI respectfully request that the motion to stay the proceedings be denied.

3

A00750

## II.    DEFENDANTS ARE NOT ENTITLED TO THE RELIEF REQUESTED

Defendants have set forth accurately the four part test to be employed by the Courts when determining whether to enter a stay of an order pending appeal. Defendants, however, can support none of factors necessary for such relief. Their appeal is 1) unlikely to succeed on the merits, 2) the failure to issue a stay will not harm Defendants at all, 3) there will be no injury to any other parties, and 4) there will be no effect on the public interest whatsoever.

### A.    DEFENDANTS ARE UNLIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL.

Defendants in the instant case failed to appeal the only probative issue presented below -- whether the trial court abused its discretion by allowing NHI to amend its pleading to remove any allegation of agency. But even if they had raised this issue, their position would be unavailing. "District courts have substantial discretion to allow plaintiffs to amend complaints, and modern rules of pleading generally counsel in favor such amendments." Anderson v. City of Philadelphia, 65 Fed. Appx. 800, 801 (3d Cir. 2003); see also Fed.R.Civ.P. 15(a) ("leave [to amend] shall be freely given when justice so requires."). In the instant case, the trial court permitted an amendment to avoid a manifest injustice, namely the application of a defense that Defendants themselves concede does not apply. In any event, none of the issues actually raised by Defendants is likely to succeed on the merits.

4

1.    Conversion of Defendants' Motion by the Bankruptcy Court to a Motion for Summary Judgment is not error.

When addressing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure, the court should view the allegations of the complaint in the light most favorable to plaintiff. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In the instant case, the entry of an order dismissing the complaint would have been error without permitting NHI to clarify its pleadings and claims, and the court, in the exercise of its broad discretion in this area, permitted NHI to do so.    The Court, however, did not grant or deny the motion to dismiss or the motion for summary judgment; it simply permitted NHI to amend, thereby mooting the issue.  Accordingly, the issue of whether the court permitted amendment to eliminate the issue of agency in the context of a motion to dismiss or a motion for summary judgment, especially in light of Defendants' position that it would not raise agency, is clearly not error.

2.    Defendants Are Not "Agents" of Mercantile and There were no such Judicial Admissions Supporting a Motion to Dismiss.

NHI does not contend that Defendants are agents of Mercantile. Defendants have admitted they are not agents of Mercantile. This Court has determined that the allegations that make up the Second Amended Complaint are not allegations of agency. "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." Fisher v. Townsends, Inc., 695 A.2d 53, 57-58

5

(Del. 1997); <u>accord</u> <u>National Labor Relations Bd. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 19</u>, 154 F.3d 137, 142-43 (3d Cir. 1998). "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." <u>Sutter Opportunity Fund 2 LLC v. Cede & Co.</u>, 838 A.2d 1123, 1128 (Del. Ch. 2003) (quoting RESTATEMENT (FIRST) OF AGENCY § 1(1) (1933)). Defendants cannot meet this standard and it would have been error for the Court to have granted their motion to dismiss. They admitted they were not agents of Mercantile, and therefore could never establish that they consented to such a status. Any appeal of this issue would be futile.

There has been no admission by NHI to the contrary, and even Defendants' legal authority for such a proposition is not on point. To this extent, Defendants citations to authorities in support of their claim of judicial admission are inapposite. For example, Defendants cite <u>Glick v. White Motor Company</u>, 458 F.2d 1287 (3d Cir. 1972). In <u>Glick</u>, the Third Circuit noted that for a judicial admission to be binding, it must be "unequivocal". <u>Id.</u> at 1291. In the instant case, NHI immediately noted its position that there were no allegations of agency, making the language indicating otherwise anything but unequivocal. Furthermore, in <u>Glick</u>, the trial court addressed whether a third-party litigant was estopped on appeal from disputing the authenticity of certain exhibits when it had taken the position at trial the exhibits were genuine. <u>Id.</u> at 1290. The Third Circuit determined that the litigant could not. However, in the instant case, NHI is not seeking to present evidence of an agency relationship, Defendants will not claim an agency relationship and the doctrine of estoppel simply does not apply.

6

A00753

The doctrine of judicial estoppel is not intended to eliminate all inconsistencies in a pleading, however slight or inadvertent; rather, it is designed to prevent litigants from 'playing 'fast and loose with the courts.'" <u>Ryan Operations G.P. v. Santiam-Midwest Lumber Co.</u>, 81 F.3d 355, 358 (3d Cir. 1996) (quoting <u>Scarano v. Central R. Co. of New Jersey</u>, 203 F.2d 510, 513 (3d Cir. 1953)); <u>accord</u> <u>Seigman v. Palomar Med. Techs., Inc.</u>, 1998 Del. Ch. LEXIS 115, *2 (Del. Ch. 1998) (under the doctrine of judicial estoppel, "a party may be precluded from asserting in a legal proceeding, a position inconsistent with a position previously taken by him in the same or in an earlier legal proceeding.") (quoting <u>Coates Int'l, Ltd. v. DeMott</u>, 1994 Del. Ch. LEXIS 20, *5 (Del. Ch. 1994)). Here, to the extent there were inconsistencies in the prior pleading, the trial court was correct to permit an amendment in the absence of prejudice and before Defendants have even filed an answer to the complaint.

Under <u>Ryan Operations</u>, whether a litigant asserts inconsistent positions within the meaning of the judicial estoppel doctrine entails a two part inquiry: (1) whether the party's present position is inconsistent with a position it asserted in its prior judicial proceeding; and (2) if so, whether the party asserted the inconsistent position in bad faith. <u>Ryan Operations</u>, 81 F.3d at 361. Both prongs must be satisfied to apply judicial estoppel as an appropriate remedy. <u>Id.</u> at 364 (judicial estoppel is an "extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice") (quoting <u>Oneida Motor Freight, Inc. v. United Jersey Bank</u>, 848 F.2d 414, 424 (3d Cir. 1988) (Stapleton, J., dissenting)).

NHI is not attempting to play "fast and loose with the courts." Pursuant to the Cash Collateral Agreement, NHI confirmed the release of Mercantile from any liability arising out of

7

the loans, loan documents, obligations, collateral or the administration of such by Mercantile, which were the subjects of the Cash Collateral Agreement between Mercantile and NHI. This action does not allege wrongdoing by Mercantile and alleges no cause of action against Mercantile. Therefore the Cash Collateral Agreement is of no moment to the issue at bar. The Cash Collateral Agreement, however, did not release Defendants from NHI's claims against Defendants based upon Defendants' independent contractual and fiduciary duties to NHI under theories of contract, tort and bankruptcy law.

Defendants' success on appeal on this issue is remote, if not impossible. NHI repeatedly has denied it has attempted to show agency relating to Defendants' conduct or the release. Delaware Courts recognize the validity of a general release of a party from liability. Chakov v. Outboard Marine Corp., 429 A.2d 984, 985 (Del. Super. Ct. 1981). A release is valid if it meets three requirements: (1) the release must not be ambiguous; (2) the release must not be unconscionable; and (3) the release must not be against public policy. Tucker v. Albun, Inc., 1999 Del. Super. LEXIS 468, *6 (Del. Super. Ct. 1999). Defendants assert on appeal the affirmative defense of release arguing that the Cash Collateral Agreement confirmed a release to Mercantile, which Defendants themselves should be permitted to use as Mercantile's agent. However, the release was not given to Defendants—it was given to Mercantile, and Defendants admit they are not the agents of Mercantile. It is inconceivable that any Court, upon this record, would allow Defendants to take advantage of a defense which even the Defendants themselves know is factually nonexistent.

8

A00755

**B.    DEFENDANTS WILL SUFFER NO HARM IN THE ABSENCE OF A STAY.**

Defendants will suffer no harm in the absence of a stay. To the contrary, they will simply be compelled, as any litigant would, to participate in the reasonable pleading and discovery practice that accompanies disputed claims. In the context of a stay requested during the pendency of an appeal, Defendants' request makes little sense in this case. Even if the case is accepted for an interlocutory appeal by permission, that appeal will not involve Count XII as against KMR. Count XII is a preference count pleading NHI's right to relief under 11 U.S.C. § 547. This Count will survive irrespective of Defendants' chance of success on appeal.

**C.    A STAY SUBSTANTIALLY INJURES OTHER PARTIES, SUCH AS THE CREDITORS OF NHI.**

The claims asserted and the recovery anticipated in the instant adversary action are a substantial asset of NHI's estate and, accordingly, are crucial to the ability of the estate to promptly satisfy claims of creditors of the estate. Defendants' efforts to slow down the ultimate disposition of this dispute, especially in light of the lack of legal merit of the request, is antithetical to the interests of these creditors. And, it is not NHI which has created a dispute over the agency issue being raised, it is Defendants. NHI seeks <u>not</u> to litigate over a non-issue and seeks not to expend time, effort and resources on a defense that Defendants admit is not present. This case should proceed on the defenses which Defendants actually have (if any) rather than waiting for an appellate resolution to defense that will never be raised.

9

**A00756**

D.    A STAY PENDING APPEAL WOULD NOT SERVE THE PUBLIC INTEREST

Defendants admit that "it is not our intention to argue that the defendants were agents of Mercantile" to bring themselves within the release. The trial judge, not surprisingly, noted "this whole agency is a nonissue at this point". Accordingly, it is inconceivable how this issue, or the determination of it on appeal, would serve the public interest in any way. Rather, this is a sideshow borne of legal gamesmanship. It is not designed to resolve an actual dispute, but an effort to continue what appears to be a calculated strategy of delay, designed to take advantage of arguable vagaries in the pleadings even after those vagaries have been sorted out and addressed by the trial court. The grant of a stay under these circumstances would send a message to litigants that a court will condone all-out litigation over issues which are nothing more than detours and which are not even raised as substantive defenses.

E.    IF A STAY IS GRANTED, A BOND SHOULD BE REQUIRED

Count XII of the Second Amended Complaint is a preference count pleading NHI's right to relief under 11 U.S.C. § 547 as against Fleet, KMR, Reisner and Justis. In this Count, NHI seeks to avoid over $1.3 million dollars of preference payments to KMR. Fleet, Reisner and Justis filed motions to dismiss this count; KMR filed no such motion and accordingly, Defendants' appeal will have no affect on this aspect of the claim. NHI is unaware of KMR's ability to pay such a judgment should NHI be successful in its case, and is even less confident that KMR will have the resources to pay such a judgment in the event a stay is entered and NHI is unable to expeditiously prosecute its claim. Under these circumstances, this court should err

10

A00757

on the side of caution and require a bond of $1.3 million for the purposes of assuring that the passage of time occasioned by a stay, if granted, will have no effect on recovery of an judgment that may be entered.

## III.    CONCLUSION

A stay pending appeal is unjustified and Defendants have not established their right to it. Defendants have already conceded that the defenses they attempt to raise improperly in their instant motion, agency and release, are ones that they will not attempt to prove as this action proceeds. NHI has removed the only allegation in the pleadings that could be construed as an allegation of agency. And this Court has already observed that none of the other allegations in the pleadings rise to the level of an assertion of an agency relationship between Defendants and Mercantile. The causes of action set forth in the Second Amended Complaint are separate and distinct from the Cash Collateral Agreement between Mercantile and NHI, and the Cash Collateral Agreement does not encompass any of the claims set forth in the Second Amended Complaint. Accordingly it provides no defense to such claims. Furthermore, Count XII, an avoidance of preference claim against KMR, is not challenged by any motion. For the foregoing reasons, Plaintiff, NHI, Inc., respectfully requests that the United States Bankruptcy Court for the District of Delaware DENY Defendants' Motion for a stay pending appeal, and, if one is granted, impose a bond in the amount of $1.3 million.

11

Respectfully submitted,

PHILLIPS GOLDMAN & SPENCE, P.A.

*Stephen W. Spence by*

By: *Lynn A. Kunnor (#4560)*

Stephen W. Spence, Esquire (#2033)
1200 North Broom Street
Wilmington, DE  19380-0565
(302) 655-4200
(302) 655-4210 (fax)
Counsel to NHI, Inc.

-and-

LAMB MCERLANE PC
GUY A. DONATELLI, ESQUIRE
JAMES C. SARGENT, ESQUIRE
SCOT R. WITHERS, ESQUIRE
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565
(610) 430-8000
Co-counsel to NHI, Inc.

Date:   January 24, 2005

12

A00759

## CERTIFICATE OF SERVICE

I, CELESTE A. HARTMAN, Senior Paralegal, do hereby certify that I am over the age of 18, and that on January 25, 2005, I caused the foregoing *Brief of Plaintiff, NHI< Inc. In Opposition to Defendants' Motion for Stay Pending Appeal* upon those persons listed below via U.S. First Class Mail.

Stuart M. Brown, Esquire
Denise Seastone Kraft, Esquire
Edwards & Angell, LLP
919 Market Street, 14 Floor
Wilmington, DE   19801

Richard Shepacarter, Esquire
Office of the U.S. Trustee
844 King Street, Suite 2313,
Lockbox 35
Wilmington, DE   19801-3519

Morton R. Branzburg, Esquire
Nicole Nigrelli, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers
260 S. Broad Street
Philadelphia, PA 19102-5003

Guy A. Donatelli, Esquire
James C. Sargent, Esquire
Scot R. Withers, Esquire
Lamb McErlane PC
24 East Market Street
Post Office Box 565
West Chester, PA  19381-0565

Under penalty of perjury, I certify the foregoing to be true and correct.

_____
CELESTE A. HARTMAN

## File an answer to a motion:

<u>04-52879-PJW NHI, Inc. v. Fleetboston Financial Corporation et al</u>

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Spence, Stephen W. entered on 1/25/2005 at 3:40 PM EST and filed on 1/25/2005

**Case Name:**       NHI, Inc. v. Fleetboston Financial Corporation et al
**Case Number:**    <u>04-52879-PJW</u>
**Document Number:** <u>62</u>

**Docket Text:**
Reply *Brief of Plaintiff NHI, Inc. in Opposition to Defendants' Motion for Stay Pending Appeal (Certificate of Service)* (related document(s)[58] ) Filed by NHI, Inc. (Spence, Stephen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** _0125153646_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/25/2005] [FileNumber=3384419-0]
[208121fbc3eea4dcbcb58b6b55fa57508607f1d6242212e8f420c3541ed7ad7ea231
7fb342f475436ff3e8f2dc3ec6751187b4ba11a5abce42050491c933d1ad]]

**04-52879-PJW Notice will be electronically mailed to:**

Stuart M. Brown    sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft    dkraft@edwardsangell.com

Stephen W. Spence    tap@pgslaw.com;th@pgslaw.com

**04-52879-PJW Notice will not be electronically mailed to:**

A00761



DEBdb_ECF_Reply@d    To: dummail@deb.uscourts.gov
eb.uscourts.gov       cc:
01/25/2005 03:40 PM   Subject: CH- 04-52879-PJW "Reply (A)" NHI, Inc.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Spence, Stephen W. entered on 1/25/2005 at 3:40 PM EST and filed on 1/25/2005

| | |
|---|---|
| **Case Name:** | NHI, Inc. v. Fleetboston Financial Corporation et al |
| **Case Number:** | 04-52879-PJW |
| **Document Number:** | 62 |

**Docket Text:**
Reply *Brief of Plaintiff NHI, Inc. in Opposition to Defendants' Motion for Stay Pending Appeal (Certificate of Service)* (related document(s)[58] ) Filed by NHI, Inc. (Spence, Stephen)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**_0125153646_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/25/2005]
[FileNumber=3384419-0]
[208121fbc3eea4dcbcb58b6b55fa57508607f1d6242212e8f420c3541ed7ad7ea23
1
7fb342f475436ff3e8f2dc3ec6751187b4ba11a5abce42050491c933d1ad]]

**04-52879-PJW Notice will be electronically mailed to:**

Stuart M. Brown    sbrown@edwardsangell.com, DEbankruptcy@edwardsangell.com

Denise Seastone Kraft    dkraft@edwardsangell.com

Stephen W. Spence    tap@pgslaw.com;th@pgslaw.com

**04-52879-PJW Notice will not be electronically mailed to:**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 02-10651 (PJW) |
| NHI, INC., | : | |
| | : | |
| Debtor. | : | Chapter 11 |
| NHI, INC., | : | |
| | : | |
| Plaintiff | : | Adversary No. 04-52879 |
| | : | |
| v. | : | |
| | : | |
| FLEETBOSTON FINANCIAL | : | |
| CORPORATION, KMR MANAGEMENT, | : | **Hearing Date: TBD** |
| INC., ROBERT RIESNER and | : | **Objection Deadline: TBD** |
| WARING S. JUSTIS, JR., | : | |
| | : | |
| Defendants. | : | |

### BRIEF IN REPLY TO BRIEF OF PLAINTIFF'S NHI, INC IN OPPOSITION
### TO DEFENDANT'S MOTION FOR A STAY PENDING APPEAL

Dated: February 1, 2005

EDWARDS & ANGELL LLP
Stuart M. Brown, Esquire (No. 4050)
Denise Seastone Kraft (No. 2778)
Mark D. Olivere (No. 4291)
919 N. Market Street
Wilmington, DE 19801
Tel: 302.777.7770
Fax: 302.777.7263

Counsel for Defendants
FleetBoston Financial Corporation,
KMR Management Inc.,
Robert Reisner and
Waring S. Justis

Docket# 63
Date: 2-1-05

WLM_501271_1/DKRAFT

A00764

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................ii

TABLE OF AUTHORITIES ...........................................................................................iii

I.      INTRODUCTION ...............................................................................................1

II.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING....................1

III.    ARGUMENT ......................................................................................................2

        A.      PLAINTIFF'S ATTEMPT TO ELIMINATE THE DEFENSE OF
                AGENCY ................................................................................................2

        B.      PLAINTIFF'S ATTEMPT TO RECHARACTERIZE APPEAL...........................3

        C.      ISSUES ON APPEAL ...............................................................................6

                1.      Conversion to Summary Judgment in Error .............................6

                2.      Judicial Admissions of Agency .................................................7

                3.      Agency Allegations throughout the Complaint .........................8

        D.      THE STAY SHOULD BE GRANTED..........................................................9

                1.      Defendants Will Suffer Irreparable Harm if a Stay is
                        Not Granted...............................................................................9

                2.      Granting a Stay Will Not Substantially Injure Other
                        Parties.....................................................................................10

                3.      A Stay Pending Appeal Would Serve the Public
                        Interest....................................................................................10

                4.      No Bond Should be Required ...................................................11

IV.     CONCLUSION..................................................................................................12

WLM_501271_1/DKRAFT

A00765

# TABLE OF AUTHORITIES

## CASES

*Dussouy v. Gulf Coast Investment Corp.,*
  660 F.2d 594, 599 (5th Cir.1981) ................................................................ 5

*Foman v. Davis,*
  371 U.S. 178 (1962) .................................................................................... 4

*Freeman v. Continental Gin,*
  381 F.2d 459 (5th Cir. 1967) ..................................................................... 5

*Giannone v. U.S. Steel Corp.,*
  238 F.2d 544, 547 (3d Cir. 1956) .............................................................. 8

*Gould et. al. v. American-Hawaiian Steamship Co. et. al.,*
  55 F.R.D. 475 (D.Del.1972) ...................................................................... 6

*Gregory v. Mitchell,*
  634 F.2d 199, 203 (5th Cir. 1981) .............................................................. 5

*In re Byrd,*
  172 B.R. 970, 974 (Bankr. W.D. Wash. 1994) ......................................... 12

*In re Farrell Lines, Inc.,*
  761 F.2d 796 (D.C. Cir. 1985) .................................................................. 12

*In re Sphere Holding Corp.,*
  162 B.R. 639, 644-45 (E.D.N.Y. 1994) .................................................... 12

*In re Theatre Holding Corp.,*
  22 B.R. 884, 885-86 (Bankr. S.D.N.Y. 1982) ......................................... 13

*In re United Merchants & Manufacturers, Inc.,*
  138 B.R. 426, 430 (D.Del. 1992) .............................................................. 12

*In re Westwood Plaza Apartments, Ltd.,*
  B.R. 163 (Bankr. E.D. Tex. 1993) ............................................................ 12

*Jackson v. Marion County,*
  66 F.3d 151, 153 (7th Cir. 1995) .............................................................. 8

*Keller v. United States,*
  58 F.3d 1194, 1198 (7th Cir. 1995) .......................................................... 8

*Krantz v. Prudential Investments Fund Management, LLC,*
  305 F.3d 140, 144 (3d Cir. 2002) .............................................................. 4

- iii -

A00766

*Krauss v. State Farm Mutual Automobile Ins. Co.,*
    2004 WL 2830889 (Del. Supr. April 23, 2004) ............................................................... 5

*McCormick v. City of Chicago,*
    230 F.3d 319, 325 (7th Cir. 2000) ....................................................................................... 9

*McQueeney v. Wilmington Trust Co.,*
    779 F.2d 916, 923-28 (3d Cir. 1985) ................................................................................. 11

*Soo Line RR Co. v. St. Louis Southwestern Railway Co.,*
    125 F.3d 481, 483 (7th Cir.1997) ........................................................................................ 8

*Zenith Radio v. Hazeltine Research,*
    401 U.S. 321, 332-33 (1971) ................................................................................................ 5

*Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.,*
    50 F.3d 253, 261 (3d Cir. 1995) ......................................................................................... 11

WLM_501271_1/DKRAFT

A00767

## I.    INTRODUCTION

The Plaintiff's Opposition to the Defendant's Motion For Stay Pending Appeal (the "Opposition Brief") is simply another attempt by the Plaintiff to trample on the rights of the Defendants and obfuscate the issues for the Court. The Appeal will likely resolve all of the issues involved in this adversary proceeding and consequently end this adversary proceeding without burdening both the Defendants and the Debtor's estate with the extensive and costly discovery that will be necessary. The main issue on appeal is not whether there was an agency relationship between the Defendants and Mercantile Bank and Trust ("Mercantile"), but whether the Plaintiff can simply amend a complaint to extricate it from a situation where it had pled itself out of court. The Plaintiff evidently determined that its best causes of actions were intertwined in what they believed to be an agency relationship with Mercantile and continually alleged facts based on an agency relationship until this Court directed that the most egregious instance be removed from their Amended Complaint through further amendment. Despite the liberal policy of amending complaints, a party can not simply allege facts it knows to be baseless and without truth and then be allowed to amend its complaint to change its strategy.

## II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The entire premise of the Plaintiff's Opposition Brief is that the Stay will "further delay proceedings that have been systematically delayed by Defendants" and that the Defendants' request "lacks any merit whatsoever." In actuality, the only delays in this proceeding are delays that the Plaintiff has created. The Defendants have yet to file an answer because the Defendants have been successful in two Motions to Dismiss and have another Motion to Dismiss pending. As a result of the Defendants' first two Motions to Dismiss, the Plaintiff was forced to file two Amended Complaints. There is no reason to believe that the Court will not see the merit in the

WLM_501271_1/DKRAFT

recently filed Motion to Dismiss the Plaintiff's Second Amended Complaint and then either

dismiss this adversary proceeding or require the Plaintiff to amend its complaint once again, for

the third time. Moreover, even though this Court granted the Plaintiff leave to amend, case law

and principles of equity support the Defendant's appeal because a party should not have to

defend itself against a moving target, especially when the Plaintiff alleged facts which pled it out

of court. As set forth in the Motion to Stay and as further explained below, the appeal is well-

founded and justified.

## III.    ARGUMENT

### A.    PLAINTIFF'S ATTEMPT TO ELIMINATE THE DEFENSE OF AGENCY

The Plaintiff craftily attempts to remove a defense from the Defendant's arsenal by

claiming that the "Court eliminated this 'defense' from this case" during the December 3, 2004

Court status conference. The Plaintiff supports this contention by pointing to the fact that the

Court allowed the Plaintiff to amend their complaint and that counsel for the Defendants stated

that the Defendants did not intend to argue that "the Defendants were agents of Mercantile." The

Plaintiff is far off base. First, the Defendant's have yet to file an answer on account of the three

Motions to Dismiss that have pointed out the numerous and continued infirmities in the

Plaintiff's Complaint. The Court cannot rule out defenses before any have been pled. Second,

the Court clearly understood that counsel for the Defendants was only stating that the Defendants

were not going to argue agency at this point of the case, before they have even filed an answer.

At the December 3, 2004 hearing, the Court cut off counsel for the Defendants' explanation of

the agency issue to express the Court's understanding that "this whole agency is a nonissue **at

this point.**" (emphasis added). [See attached hereto as Exh. 1 the December 3, 2004 Hearing

Transcript at p. 6, lines 7-11.]

WLM_501271_1/DKRAFT

A00769

The issue at the December 3, 2004 hearing was whether the case should be dismissed because the Plaintiff pled that the Defendants were agents of Mercantile, despite previously releasing Mercantile and its agents. The Plaintiff can no longer deny its own allegations of agency. The Court stated that it read the complaint in the same way as the Defendants: as alleging that the Defendants were agents of Mercantile. The Court, moreover, bluntly stated that paragraph 33 of the Amended Complaint asserted an agency relationship between Mercantile and Defendants. The exact exchange with the Court and counsel for the Plaintiff is as follows:

> MR. DONATELLI:  . . . The defendants have come in and have said we read plaintiff's complaint as alleging that KMR were the agents of Mercantile.
>
> THE COURT:        And I read it that way too.
>
> MR. DONATELLI:  There is – there is one paragraph Your Honor – I believe it's paragraph 33 or 34 – which could be the only paragraph that alleges an agency relationship, but do we make the allegation that KMR were the agents of Mercantile. What we tried to capture in the – in the complaint –
>
> THE COURT:        Let me put it succinctly. And I tried to be polite in my letter where I said – quoted from paragraph 33 of the complaint, and I said this sure sounds like an agency relationship to me. Let me put it bluntly. **I conclude that that's an assertion of an agency relationship.**

(emphasis supplied.) [See attached hereto as Exh. 1 the December 3, 2004 Hearing Transcript at p. 4, lines 10-25.]

The Plaintiff did not appeal the Court's finding of agency. Accordingly, it is on the record as a judicial admission.

**B.      PLAINTIFF'S ATTEMPT TO RECHARACTERIZE THE APPEAL**

In its discussion of the success on the merits of the appeal, the Plaintiff continues in its attempts to confuse the Court by asserting that the Defendants failed to appeal "the only probative issue presented below- whether the trial court abused its discretion by allowing [the

WLM_501271_1/DKRAFT