IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLEETBOSTON FINANCIAL CORPORATION, KMR MANAGEMENT, INC., ROBERT REISNER and WARING JUSTIS, JR., | Civil Action No. 05-004 (SLR) |
| Appellants/Defendants | |
| v. | |
| NHI, INC., | |
| Appellee/Plaintiff | |

## ANSWERING BRIEF OF THE APPELLEE/PLAINTIFF, NHI, INC.

James C. Sargent
PA Attorney I.D. No. 28642
Guy A. Donatelli
PA Attorney I.D. No. 44205
Scot R. Withers
PA Attorney I.D. No. 84309
LAMB MCERLANE PC
24 East Market Street
Post Office Box 565
West Chester, PA 19381-0565
(610) 430-8000
Of Counsel

Stephen W. Spence, Esquire (#2033)
PHILLIPS GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Counsel to NHI, Inc.

November 16, 2005

## **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................ ii

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ............. 1

II.    SUMMARY OF ARGUMENT ............................................................................... 4

III.    ARGUMENT ......................................................................................................... 5

        A.    THESE APPEALS ARE INTERLOCUTORY AND SHOULD
             BE DISMISSED ........................................................................................ 5

        B.    PLAINTIFF HAS NEVER ALLEGED DEFENDANTS WERE AGENTS
             OF MERCANTILE ................................................................................... 6

        C.    PLAINTIFF HAS NOT ADMITTED ANY AGENCY
             RELATIONSHIP BETWEEN DEFENDANTS AND MERCANTILE ................ 8

        D.    THE BANKRUPTCY COURT DID NOT ERR IN REFUSING TO
             DISMISS PLAINTIFF'S PREFERENCE CLAIMS ........................................ 11

V.    CONCLUSION .................................................................................................... 12

# TABLE OF CITATIONS

## CASES

*Bell Atlantic-Pa., Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337 (3d Cir. 2001) .................6

*Billops v. Magness Constr. Co.*, 391 A.2d 195 (Del. 1978) .................9

*Catlin v. United States*, 324 U.S. 229 (1945) .................5

*Coates Int'l, Ltd. v. DeMott*, 1994 Del. Ch. LEXIS 20 (Del. Ch. 1994) .................10

*Cunningham v. Hamilton County*, 527 U.S. 198, (1999) .................5

*Finnegan Constr. Co. v. Robino-Ladd Co.*, 354 A.12d 142 (Del. Super. Ct. 1976) .................9

*Fisher v. Townsends, Inc.*, 695 A.2d 53 (Del. 1997) .................8

*Guyer v. Haveg Corp.*, 205 A.2d 176 (Del. Super. Ct. 1964) .................9

*In re General DataComm Indus., Inc.*, 407 F.3d 616 (3d Cir. 2005) .................5

*National Labor Relations Bd. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 19*, 154 F.3d 137 (3d Cir. 1998) .................8

*Petroleos Mexicanos Refinacion v. M/T King A (EX-TBILISI)*, 377 F.3d 329 (3d Cir. 2004) .................5

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996) .................10

*Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510 (3d Cir. 1953) .................10

*Seigman v. Palomar Med. Techs., Inc.*, 1998 Del. Ch. LEXIS 115 (Del. Ch. 1998) .................10

*Sutter Opportunity Fund 2 LLC v. Cede & Co.*, 838 A.2d 1123 (Del. Ch. 2003) .................9

*Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988) .................5

*Virgin Islands v. Rivera*, 333 F.3d 143 (3d Cir. 2003) .................5

**STATUTES**

11 U.S.C. § 544 ("State Fraudulent Conveyance") ...................................................................1

11 U.S.C. § 547 ("Preferences") ...............................................................................................1

11 U.S.C. § 548 ("Bankruptcy Fraudulent Conveyance") .........................................................1

28 U.S.C. § 158 ("Appeals") ......................................................................................................5

28 U.S.C. § 1291 ("Final decisions of district courts") ..............................................................5

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................1

Federal Rule of Bankruptcy Procedure 8003(b) .......................................................................5

**TREATISES**

RESTATEMENT (FIRST) OF AGENCY ............................................................................................9

Wright, Miller & Cooper, *Federal Practice and Procedure* .....................................................6

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is an adversary proceeding (No. 04-52879) by Appellee/Plaintiff, NHI, Inc. seeking to recover the losses suffered as a result of the failure of Appellants/Defendants, KMR Management, Inc. ("KMR"), Robert Riesner ("Riesner") and Waring Justis, Jr. ("Justis"), and KMR's parent, FleetBoston Financial ("Fleet"), to comply with the terms set forth in a consulting agreement between Plaintiff and Defendants and for 11 U.S.C. §§544, 547 and 548 avoidance claims.

On August 5, 2004, Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. (*See* Defendants' Appendix at A00208-A00211.) In that their accompanying Memorandum of Law, (*see* Defendants' Appendix at A00212-A00292), Defendants asserted, among other things, that a release given to Mercantile Safe Deposit and Trust Company ("Mercantile") applied to Defendants because Defendants were the agents of Mercantile and certain allegations of the First Amended Complaint, (*see* Defendants' Appendix at A00001-A00038), could be construed as admissions that Defendants were agents of Mercantile. Plaintiff opposed the motion to dismiss. (*See* Defendants' Appendix at A00192-A00313.) The First Amended Complaint did not allege that Defendants were the agents of Mercantile; to the contrary, the First Amended Complaint sought damages based, in part on the failure of Defendants to discharge independent obligations to Plaintiff.

By letter dated October 8, 2004, the Bankruptcy Court for the District of Delaware, per the Honorable Peter J. Walsh, directed that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be treated as a Motion for Summary Judgment. (*See* Defendants' Appendix at A00345-A00347.) The Bankruptcy Court focused on a release provided to Mercantile and

1

whether Defendants could take advantage of that release as agents of Mercantile. The court noted that several allegations of the Complaint sounded like an allegation of an agency relationship and directed that "all parties be given a reasonable opportunity to present material made pertinent" to Defendants' motion. The Bankruptcy Court also directed Plaintiff to file a supplemental response to the motion, after which Defendants would be permitted to file a further reply.

On October 29, 2004, Counsel for Plaintiff filed a certification informing the Bankruptcy Court of the manner in which Plaintiff intended to supplement its response to Defendants' motion to dismiss. (*See* Defendants' Appendix at A00348-A00353.) Plaintiff proposed very limited discovery of the two narrow defenses raised by Defendants—that of the release language contained in the February 26, 2002 agreement and Defendants' assertion of an agency relationship with Mercantile. Defendants were in fact not the agents of Mercantile, nor are they entitled to the protection of any release given to Mercantile. Attached as Exhibit "A" to Plaintiff's Answering Brief to Defendants' Motion to Dismiss was the Affidavit of John M. Mervine, III ("the Mervine Affidavit"), (*see* Defendants' Appendix at A00463-A00469), which supplemented Plaintiff's position that the defense of release pursued by Defendants is unavailing.

At the conclusion of a December 3, 2004 status conference, the Bankrupty Court denied Defendants' motion to dismiss and directed Plaintiff to amend its First Amended Complaint by removing paragraph 33. (Defendants' Appendix at A00963.) Thereafter, on December 13, 2004, Defendants filed a Notice of Appeal from the interlocutory order of the Bankruptcy Court, (*see* Defendants' Appendix at A00532-A00534), and Motion for Leave to Appeal the interlocutory order, (*see* Defendants' Appendix at A00519-A00531). On December 23, 2004, Plaintiff filed

2

its answer to opposition to Defendant's Motion for Leave to Appeal the December 3, 2004 bench order (Defendants' appendix at A00541-A00550).

On December 10, 2004, Plaintiff filed the Second Amended Compliant. (*See* Defendants' Appendix at A00470-A00518.) Thereafter, Defendants filed a motion to dismiss the Second Amended Complaint, which was denied by written opinion of the Bankruptcy Court on February 10, 2005, (*see* Defendants' Appendix at A00807-A00830). Defendants again filed a Notice of Appeal from the interlocutory order of the Bankruptcy Court denying Defendants' motion to dismiss the Second Amended Complaint, (*see* Defendants' Appendix at A00908-A00939), and a Motion for Leave to appeal the interlocutory order, (*see* Defendants' Appendix at A00831-A00871).

To date, this Court has not granted Defendants leave to proceed with either of the interlocutory orders denying Defendants' motions to dismiss. Thus, Defendants have moved forward with their brief on this appeal without the approval of this Court. This is Plaintiff's answering brief.

3

## II. <u>SUMMARY OF ARGUMENT</u>

1.    Because the orders of the Bankruptcy Court denying Defendants' motions to dismiss are not final orders, these appeals should be dismissed.

2.    Plaintiffs have never alleged that Defendants were agents of Mercantile.

3.    Plaintiff's Amended Complaint does not "admit" an agency relationship, or apparent agency relationship, between Defendants and Mercantile. Judicial estoppel therefore does not apply.

4.    The Bankruptcy Court properly refused to dismiss Plaintiff's preference claim because Plaintiff properly provided Defendants with notice regarding Plaintiff's claim and the basis of the claim.

## III. ARGUMENT[1]

### A.   THESE APPEALS ARE INTERLOCUTORY AND SHOULD BE DISMISSED.

Preliminarily, it must be noted that this Court has not decided Defendants' motion for leave to proceed with their appeals of either interlocutory order denying Defendants' motions to dismiss. See 28 U.S.C. §158(a)(2) and Federal Rule of Bankruptcy Procedure 8003(b). Defendants instead have moved forward with these appeals without the approval of the Court.

Defendants assert that this Court has jurisdiction over both appeals pursuant to 28 U.S.C. 158, which gives "district courts of the United States . . . jurisdiction to hear appeals . . . from final judgments and decrees." 28 U.S.C. § 158(a)(1). Defendants are incorrect. No appeal lies from the Bankruptcy Court's orders denying Defendants' motions to dismiss.

The statute which provides the standard for appeals from district court orders, 28 U.S.C. § 1291, applies to appeals from bankruptcy court orders as well. *In re General DataComm Indus., Inc.*, 407 F.3d 616, 619 (3d Cir. 2005). An appeal under Section 1291 "lies only from a 'final decision.'" *Petroleos Mexicanos Refinacion v. M/T King A (EX-TBILISI)*, 377 F.3d 329, 333 (3d Cir. 2004). "[A] decision is not final, ordinarily, unless it '"ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."'" *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))); *see also Virgin Islands v. Rivera*, 333 F.3d 143, 150 (3d Cir. 2003) (quoting *Catlin*, 324 U.S. at 233).

---

[1] No Answering Counter Statement of the Facts is necessary in this case. *See* Delaware District Court Local Rule 7.1.3.(c)(1)E ("The answering counter statement of facts need not repeat facts recited in the opening brief.").

"The denial of a motion to dismiss does not end the litigation and ordinarily is not a final order for § 1291 purposes." *Bell Atlantic-Pa., Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337, 343 (3d Cir. 2001) (citing 15A Wright, Miller & Cooper, Federal Practice and Procedure § 3914.6 at 526 ("Orders refusing to dismiss an action almost always are not final.")).

Because the Bankruptcy Court's denials of Defendants' motions to dismiss have not ended the litigation, those orders are not final. Accordingly, this Court should dismiss Defendants' appeals and/or deny Defendants' motions for leave to appeal.

### B. PLAINTIFF HAS NEVER ALLEGED THAT DEFENDANTS WERE AGENTS OF MERCANTILE.

Assuming *arguendo* that Defendants' motions to dismiss are not interlocutory, and are properly before this Court, Plaintiff has never—not once—alleged that Defendants were the agents of Mercantile, and one will not find such an allegation anywhere in the Second Amended Complaint. Rather, the allegations in the Second Amended Complaint speak to the motivation of Defendants, not to agency.

Mercantile directed Plaintiff to hire Defendants as management consultants. (Second Amended Complaint, ¶¶ 25, 70.)(Defendants' Appendix, A00476, A00485) Presumably at the time it was directed to hire, and did hire, Defendants, Plaintiff reasonably understood that Defendants were hired *for Plaintiff's benefit*. Long afterwards, however, based on its reconstruction of the events that occurred under Defendants' direction, Plaintiff concluded that Defendants had been more interested in paying down the debt to Mercantile, and securing huge fees for KMR, than they were interested in returning Plaintiff to profitability. (Second Amended Complaint, ¶¶ 32, 47, 59, 76, 110.) (Defendants' Appendix A00472, A00478, A00480, A00483,

6

A00486 and A00494.) While Defendants' conduct clearly favored Mercantile, there is no allegation that Mercantile actually controlled Defendants as a *principal* controlling *agents*. Indeed, based upon the assertions of Reisner and Justis, Plaintiff pleaded that Defendants were taking their instructions from Progress Financial Corporation, successor to Defendant Fleet. (Second Amended Complaint, ¶¶ 41, 42.) (Defendants' appendix A00479.)

As set forth in the Mervine Affidavit which was attached to Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Strike Certification of Counsel to Plaintiff (Defendants' Appendix A00437 at A00463), during the course of the events underlying this cause of action, KMR took the position that Defendants were not acting on behalf of Mercantile and none of the Defendants ever took the position that they were the agents of Mercantile; to the contrary, they denied that they worked for or on behalf of Mercantile and continued to confirm that Plaintiff was their client and that they answered to Plaintiff for Plaintiff's benefit. (Mervine Affidavit, ¶ 11.) (Defendants' Appendix A00463, A00465.) However, it appeared to Mr. Mervine that Defendants, particularly KMR Management, Inc., Robert Riesner and Waring S. Justis, Jr., acted in a manner that served Mercantile's and Defendants' interests irrespective of the harm Defendants' conduct was having on Plaintiff. Mr. Mervine questioned Mr. Riesner, President of KMR on who KMR was serving, because it appeared that KMR was more interested in making the Bank happy than it was in looking out for Plaintiff's interests. (Mervine Affidavit, ¶ 8.)

Mr. Riesner denied that KMR was working for Mercantile's benefit, and assured Mr. Mervine that KMR Management was working for Plaintiff and only Plaintiff. (Mervine Affidavit, ¶9.) In fact, by letter dated January 24, 2004, Mr. Riesner confirmed this for Mr. Mervine in writing, as follows:

7

> Further, allow me to reiterate my correction of your understanding of our fee payment. Mercantile Bank never did or would they pay our fees, nor would KMR accept fees from Mercantile. Our client is Nanticoke Homes, as evidenced by various written communications on record. We shall continue to provide the leadership and guidance that we have supplied in the past in an effort to bring the refinancing and asset sale to a successful conclusion so we may settle with the bank and continue the retail side of Nanticoke.

(Mervine Affidavit, ¶ 10 and Exhibit "A" thereto.) (Defendants' Appendix A00465- A00468.)

Accordingly, the release language contained in the February 26, 2002 Agreement with Mercantile was not intended to release Defendants who were not known or understood to be agents of Mercantile, (Mervine Affidavit, ¶ 12), and it did not release Defendants.

## C. PLAINTIFF HAS NOT ADMITTED ANY AGENCY RELATIONSHIP BETWEEN DEFENDANTS AND MERCANTILE.

Defendants assert that Plaintiff has admitted that Defendants were the agents of Mercantile. There is no such admission in the allegations of the Second Amended Complaint, and, even if the allegations were construed in the light most favorable to Defendants (whereas they should be construed in the light most favorable to Plaintiff), no such agency relationship is pleaded.

In order to set forth an agency relationship one must allege that "one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Fisher v. Townsends, Inc.*, 695 A.2d 53, 57-58 (Del. 1997); *accord National Labor Relations Bd. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 19*, 154 F.3d 137, 142-43 (3d Cir. 1998). "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other

8

so to act." *Sutter Opportunity Fund 2 LLC v. Cede & Co.*, 838 A.2d 1123, 1128 (Del. Ch. 2003) (quoting RESTATEMENT (FIRST) OF AGENCY § 1(1) (1933)).

Plaintiff has not alleged that Mercantile *consented to* Defendants acting on its behalf, or that Defendants *consented to* acting on Mercantile's behalf, and Plaintiff has not alleged that Defendants were subject to Mercantile's control. While Plaintiff has alleged that it hired Defendants at the direction of Mercantile (Second Amended Complaint, ¶ 70) (Defendants' Appendix A000047, A00485), Plaintiff was and is unaware of any agency relation between Mercantile and Plaintiff that would entitle Defendants to the benefit of the release.

Moreover, Defendants' allegations of an apparent agency relationship ring hollow. Although Defendants set forth the appropriate standard for apparent agency, (*see* Brief of Defendants at 32 (citing *Billops v. Magness Constr. Co.*, 391 A.2d 195 (Del. 1978); *Finnegan Constr. Co. v. Robino-Ladd Co.*, 354 A.12d 142 (Del. Super. Ct. 1976); *Guyer v. Haveg Corp.*, 205 A.2d 176, 180 (Del. Super. Ct. 1964) (Apparent agency "arises when the principal creates by its words or conduct the reasonable impression in a third party that the agent has authority to act."), *aff'd*, 211 A.2d 910 (Del. 1965))), Defendants' allegation that "[Plaintiff] believed that Mercantile not only consented, but directed, that [Defendants] act for Mercantile", (Brief of Defendants at 34), is belied by the record. While Defendants' conduct clearly favored Mercantile, there is no allegation that Mercantile *actually* controlled Defendants, that Plaintiff believed Mercantile controlled Defendants, or that Mercantile, by its words or conduct, conveyed to Plaintiff or others that Defendants had Mercantile's authority and consent to act on Mercantile's behalf.

To the contrary, the thrust of the Second Amended Complaint is that Plaintiff hired Defendants to act on *Plaintiff's* behalf, to perform services *for Plaintiff*, and to help *Plaintiff* turn

9

around its business, *not* to do these or any other things for Mercantile. Indeed, the Bankruptcy Court properly concluded that "[t]he plain language of the allegations in the Complaint does not support the conclusion that Mercantile in any way controlled Defendants or that any party expressly or impliedly consented to an agency relationship." (Bankr. Ct. slip op., 2/11/05, at 15.) (Defendants' Appendix A00807, A00821.) Defendants present no compelling argument to disturb the Bankruptcy Court's conclusion.

Accordingly, the doctrine of judicial estoppel cannot apply. "Judicial estoppel, . . . prevent[s] a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding. It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from 'playing 'fast and loose with the courts.'" *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (quoting *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir. 1953)); *accord Seigman v. Palomar Med. Techs., Inc.*, 1998 Del. Ch. LEXIS 115, *2 (Del. Ch. 1998) (under the doctrine of judicial estoppel, "a party may be precluded from asserting in a legal proceeding, a position inconsistent with a position previously taken by him in the same or in an earlier legal proceeding.") (quoting *Coates Int'l, Ltd. v. DeMott*, 1994 Del. Ch. LEXIS 20, *5 (Del. Ch. 1994)).

There is nothing inconsistent with Plaintiff's allegations of the Second Amended Complaint and the position that Defendants are not Mercantile's agents. Indeed, the only facts developed to date establish that Defendants were not Mercantile's agents.

10

**D.   THE BANKRUPTCY COURT DID NOT ERR IN REFUSING TO DISMISS PLAINTIFF'S PREFERENCE CLAIMS.**

Finally, Defendants claim that the Bankruptcy Court erred in refusing to dismiss Plaintiff's preference claim, because "the stated allegations fail to show that any of the alleged preferential transfers were 'to or for the benefit of' Riesner and/or Justis, individually." (Brief of Defendants at 36.) This claim is meritless. Plaintiffs properly provided Defendants with notice regarding Plaintiff's preference claim, and the basis of the preference claim.

The Bankruptcy Court properly analyzed Defendants' meritless argument as follows:

> [Plaintiff] is only required at this stage to provide Defendants with notice regarding its claim and the basis of the claim. If the facts are later developed to show that Fleet, Riesner and Justis did not receive any benefit from the payments then obviously [Plaintiff's] requested relief will be denied as to them. But at this point [Plaintiff] has alleged that they did benefit from the payments and [Plaintiff] should be allowed to conduct discovery to determine how such payments benefitted [sic] those defendants, if at all.

(Bankr. Ct. slip op., 2/11/05, at 23.) (Defendants' Appendix A00807, A00829.)

## IV. CONCLUSION

This Adversary Proceeding was initiated by Plaintiff against Defendants who purported to be capable of providing professional management services to assist Plaintiff in improving its business, but who instead ran Plaintiff's business into the ground. Faced with Plaintiff's serious allegations, Defendants have chosen to use every tactic and artifice to prevent the just adjudication of Plaintiff's claims. Their motions in the Bankruptcy Court were a semantic play; their appeal to this Court is utterly baseless. The motions were properly denied. This matter should be remanded to the Bankruptcy Court for proper adjudication on the merits of Plaintiff's claims.

OF COUNSEL:
James C. Sargent, Jr.,
PA Attorney I.D. No. 28642
Guy A. Donatelli
PA Attorney I.D. No. 44205
Scot R. Withers
PA Attorney I.D. No. 84309
LAMB MCERLANE PC
24 East Market Street
Post Office Box 565
West Chester, PA 19381-0565
(610) 430-8000

Date:   November 16, 2005

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ Stephen W. Spence

STEPHEN W. SPENCE, ESQUIRE (#2033)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Counsel to NHI, Inc.