IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLEETBOSTON FINANCIAL CORPORATION, KMR MANAGEMENT, INC., ROBERT RIESNER, and WARING S. JUSTIS, JR., <br><br> Appellants, <br><br> v. <br><br> NHI, INC., <br><br> Appellee. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-004 (SLR) ) ) ) ) ) ) |

**REPLY BRIEF OF APPELLANTS FLEETBOSTON
FINANCIAL CORPORATION, KMR MANAGEMENT, INC.,
ROBERT RIESNER AND WARING S. JUSTIS, JR.**

Stuart M. Brown, Esq. (No. 4050)
Denise Seastone Kraft, Esq. (No. 2778)
EDWARDS ANGELL PALMER & DODGE, LLP
919 N. Market Street, 15th Floor
Wilmington, DE 19801
Telephone (302) 777-7770
Facsimile (302) 777-7263

*Attorneys for FleetBoston Financial
Corporation, KMR Management, Inc.,
Robert Riesner and Waring S. Justis, Jr.*

Dated: December 12, 2005

WLM_503458_2/DKRAFT

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................1

II. THE RULING AND ORDER ARE FINAL ORDERS UNDER THE STANDARDS ESTABLISHED BY THE THIRD CIRCUIT FOR APPEALS FROM BANKRUPTCY COURT ORDERS..........................2

III. APPELLEE'S CHALLENGE TO APPELLATE JURISDICTION IS MOOT ..................................................................................................4

IV. THIS COURT SHOULD EXERCISE ITS DISCRETION TO HEAR INTERLOCUTORY APPEALS............................................................6

V. FAILURE TO RESPOND TO OPENING BRIEF CONSTITUTES WAIVER ..............................................................................................7

VI. APPELLEE ALLEGES THAT APPELLANTS ARE AGENTS OF MERCANTILE........................................................................................7

VII. APPELLEE FAILS TO RESPOND TO ARGUMENT THAT IT MADE JUDICIAL ADMISSIONS..................................................10

VIII. APPELLEE CONTINUES TO ALLEGE ACTUAL AND APPARENT AGENCY ....................................................................12

IX. THE MERVINE AFFIDAVIT FAILS TO NEGATE AGENCY ALLEGATIONS..................................................................................13

X. THE BANKRUPTCY COURT IMPROPERLY REFUSED TO DISMISS THE PREFERENCE CLAIMS AGAINST RIESNER AND JUSTIS..................................................................................................15

XI. CONCLUSION....................................................................................16

# **TABLE OF AUTHORITIES**

## **CASES**

*Billops v. Magness Constr. Co.,*
    391 A.2d 196 (Del. 1978) ............................................................................... 12, 13, 14

*Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV,*
    229 F.3d 245, 250 (3d Cir. 2000) ............................................................................ 3

*Century Glove, Inc. v. First Am. Bank,*
    860 F.2d 94, 98 (3d Cir. 1988) ................................................................................ 4

*Cincinnati Insurance Company v. Eastern Atlantic Insurance Company,*
    260 F.3d 742, 747 (7th Cir. 2001) ..................................................................... 7, 10

*Finnegan Constr. Co. v. Robino-Ladd Co.,*
    354 A.2d 142 (Del. Super. Ct. 1976) .................................................................... 13

*Glick v. White Motor Co.,*
    458 F.2d 1287, 1291 (3rd Cir.1972) ....................................................................... 8

*Gould v. American Hawaiian Steamship Company,*
    55 F.R.D. 475 (D. Del. 1972) ............................................................................... 11

*Guyer v. Haveg Corp.,*
    205 A.2d 176, 180 (Del. Super. Ct. 1964),
    *affd.* 211 A.2d 910 (Del. 1965) ............................................................................ 13

*Herbert Construction Co. v. Continental Ins. Co.,*
    931 F.2d 989, 993 (2d Cir. 1991) ......................................................................... 15

*In re APF Co.,*
    308 B.R. 183, 188 (Bankr. D. Del. 2004) ............................................................ 15

*In re Flor,*
    79 F.3d 281, 283 (2d Cir.1996) .............................................................................. 4

*In re Fugazy,*
    982 F.2d 769, 775 (2d Cir.1992) ............................................................................ 4

*In re Johns-Manville Corp.,*
    824 F.2d 176, 179 (2nd Cir.1987) .......................................................................... 4

*In re Marvel Entm't Group, Inc.,*
    140 F.3d 463, 470 (3d Cir. 1998) ........................................................................... 3

*In re Meyertech,*
　　831 F.2d 410, 414 (3d Cir. 1987) ............................................................................. 4

*In re Owens Corning,*
　　419 F.3d 195, 203-204 (3d Cir. 2005) ................................................................ 3, 4

*In re Valley Media,*
　　288 B.R. 189, 192 (Bankr. D. Del. 2003) ............................................................. 15

*Krauss v. State Farm Mutual Automobile Insr. Co.,*
　　2004 WL 2830889 at *4 (Del. Super. Ct. Apr. 23, 2004) ..................................... 11

*Missouri Housing Dev. Comm'n v. Brice,*
　　919 F.2d 1306, 1315 (8th Cir. 1990) .................................................................... 11

*Pandrol USA, LP v. Airboss Ry. Prods.,*
　　320 F.3d 1354, 1362 (Fed. Cir. 2003) .................................................................... 6

*Pesta v. Warren,*
　　2004 WL 1172996 (Del. Super. Ct. May 13, 2004) ......................................... 8, 11

*Reiss v. Societe Centrale Du Groupe Des Assurs. Nationales,*
　　246 F. Supp. 2d 273, 283 (S.D.N.Y. 2003) .......................................................... 14

*Skunda v. Pennsylvania State Police,*
　　47 Fed. App. 69, 71 (3d Cir. 2002) .................................................................. 7, 10

*State Farm Mutual Automobile Insurance Co. v. Worthington,*
　　405 F.2d 683, 686 (8th Cir.1968) ........................................................................... 8

*United States Trustee v. Gryphon at the Stone Mansion, Inc.,*
　　166 F.3d 552, 556 (3d Cir. 1999) ........................................................................... 3

*Yellow Book USA, LP v. Dearworth,*
　　2002 WL 31999361 (Del. Com. Pl. Oct. 1, 2002) ................................................ 13

## **RULES**

Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
　　Federal Practice & Procedure § 3926.2 ................................................................. 3

Fed.R.Civ.P. 9 ..................................................................................................................... 9

John W. Strong,
　　McCormick on Evidence §§ 254, 257 (5th ed.1999) ............................................. 8

I.  **INTRODUCTION**

FleetBoston Financial Corporation ("Fleet"), KMR Management Inc. ("KMR"), Robert Riesner ("Riesner"), and Waring S. Justis ("Justis" and collectively with Fleet, KMR and Riesner, the "Appellants") hereby reply to the Answering Brief of the Appellee/Plaintiff, NHI, Inc., (the "Answering Brief") dated November 16, 2005, filed in response to the Opening Brief of Appellants, dated October 8, 2005 (the "Opening Brief").[1] Appellants presented five issues on appeal.[2] Appellee responded to only two and presented for the first time a procedural issue.[3] In its Answering Brief Appellee *fails to address* the following issues:

1. Whether the Bankruptcy Court erred by converting Appellants' motion to dismiss the Amended Complaint to a motion for summary judgment.

2. Appellee raises no issue with Appellants' contention that the Bankruptcy Court failed to apply the correct legal standard of review on a motion to dismiss.

3. Appellee does not answer Appellants' argument that Appellee's judicial admissions require the dismissal of this proceeding. Instead, Appellee focuses only on the issue of judicial estoppel, which Appellants presented only in footnote 4 of their Answering Brief.

---

[1] Defined terms used herein and not defined in this Reply Brief have the meaning ascribed to such terms in the Opening Brief.
[2] The five issues raised in the Opening Brief were:
   1) Whether the Bankruptcy Court erred by converting Appellants' motion to dismiss the Amended Complaint to a motion for summary judgment?
   2) Whether the Bankruptcy Court erred in failing to dispose of Appellee's case, because the Bankruptcy Court failed to correctly apply both the standard of review on a motion to dismiss and the standard of review on a motion for summary judgment where the material fact of agency is not at issue due to prior admissions and a Bankruptcy Court finding of agency that Appellee admitted the existence of an agency relationship between Mercantile and Appellants?
   3) Whether the Bankruptcy Court erred in denying Appellants' motion to dismiss the Amended Complaint and Second Amended Complaint, because the Bankruptcy Court ignored Appellee's judicial admissions that an agency relationship between Mercantile, as principal, and Appellants, as agents, existed?
   4) Whether the Bankruptcy Court erred by denying Appellants' motion to dismiss the Second Amended Complaint, because the mere omission of paragraph 33 of the Amended Complaint did not eliminate Appellee's allegations and admissions of agency?
   5) Whether the Bankruptcy Court erred by permitting Appellee's preference claim to proceed against Riesner and Justis despite deficiencies in the prima facie allegations?
[3] The two issues and procedural issue in the Answering Brief were:
   1) The appeals should be dismissed because the Bankruptcy Court's orders were not final.
   2) Appellee never alleged and does not admit the Appellants were agents of Mercantile or that there was an agency relationship so that judicial estoppel does not apply.
   3) The Bankruptcy Court properly refused to dismiss the preference claim because notice was provided of the claim to the Appellants.

Appellee makes absolutely no argument, in fact makes no attempt to explain how its statements in the pleadings are not judicial admissions that bind it. Appellants submit that Appellee's failure to challenge their statement of facts or answer their arguments should give this Court confidence in sustaining Appellants' appeal and reversing the Bankruptcy Court's Ruling and Order.

Moreover, the arguments in the Answering Brief that Appellee make regarding the procedural issue it raises for the first time involving finality and the two substantive issues, are fatally flawed. Appellee fails to recognize that the Third Circuit has established a lower threshold of finality for orders enumerating from bankruptcy cases. Appellee offers no argument how these appeals fail to satisfy the lower threshold of finality. Even if the Ruling and Order are not final orders, Appellee's jurisdictional challenge is moot. Whether this Court viewed the Ruling and Order as final orders or interlocutory orders, the entry of the scheduling orders and briefing of these appeals demonstrates that this Court has exercised its discretion to hear the appeals.

Additionally, Appellee fails to recognize that it continues to allege agency in all of its complaints, further driving home the fact that agency must necessarily be the crux of its case against the Appellants. Were agency not so important an element to develop its case, Appellee would not have failed to remove it from its pleadings. Finally, Appellee fails to recognize that identity of a party simply cannot be *inferred* in a preference complaint.

For all these reasons, as explained more fully below and in the Opening Brief, the Court should continue the appeals, reverse the December 3, 2004 Ruling on which the First Appeal is based and the February 10, 2005 Order on which the Second Appeal is based and grant Appellants' motions to dismiss without further remand needed for any factual findings.

## II. THE RULING AND ORDER ARE FINAL ORDERS UNDER THE STANDARDS ESTABLISHED BY THE THIRD CIRCUIT FOR APPEALS FROM BANKRUPTCY COURT ORDERS

This Court has jurisdiction over these appeals, because the Ruling and Order are final orders of the Bankruptcy Court. The Third Circuit applies "a broader concept of 'finality' when considering bankruptcy appeals under § 1291 than [it does] when considering other civil orders under the same section." *In re Owens Corning*, 419 F.3d 195, 203-204 (3d Cir. 2005) *quoting In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 470 (3d Cir. 1998); *see also Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000) (noting that the Third Circuit imposes a "relaxed standard" of finality because of unique considerations in bankruptcy cases); 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3926.2 at 274 (2d ed. 1996) (describing the "Third Circuit's especially flexible approach to bankruptcy finality"). The Third Circuit applies the relaxed standard of finality because of the "protracted nature of many bankruptcy proceedings, and the waste of time and resources that might result" if a party does not have the opportunity for an immediate appeal. *In re Owens Corning*, 419 F.3d at 204 *quoting United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 556 (3d Cir. 1999).

Appellee argues that because the courts have recognized a general rule that denial of a motion to dismiss is not a final order, the Appellants cannot appeal the Ruling and Order. Appellee, however, fails to address the applicable standard of finality of bankruptcy court orders or to distinguish the *Owens Corning* case recently issued by the Third Circuit or the other authorities relied on by Appellants.[4]

---

[4] As explained in the Opening Brief, the four factors that the *Owens Corning* court employed to determine whether it should exercise jurisdiction weigh heavily in Appellants' favor. *In re Owens Corning*, 419 F.3d at 204 (the four factors are: (1) the impact on the assets of the bankrupt estate; (2) [the] necessity for further fact-finding on remand; (3) the preclusive effect of [the Court's] decision on the merits of further litigation; and (4) the interest of judicial economy.)

3

The reversal of the Ruling, Order or both will result in the dismissal of this proceeding and finally resolve the dispute between the Appellants and Appellee. Since Appellee's bankruptcy case continues to be administered in Chapter 11 and its financial reports filed with the bankruptcy court do not reflect any material assets, it can only be that Appellee intends to fund its bankruptcy plan of reorganization, if at all, from the proceeds of this litigation. It, therefore, behooves this Court to use this opportunity to pursue a speedy resolution of this proceeding and repair the errors made by the Bankruptcy Court. *See In re Owens Corning,* 419 F.3d at 204 *citing Century Glove, Inc. v. First Am. Bank,* 860 F.2d 94, 98 (3d Cir. 1988); *In re Meyertech,* 831 F.2d 410, 414 (3d Cir. 1987) ("issues central to the progress of the bankruptcy petition, those 'likely to affect the distribution of the debtor's assets, or the relationship among the creditors,' should be resolved quickly."). A bankruptcy court's order is viewed as a final decision where, as here, it resolves all of the issues pertaining to a discrete claim. *In re Fugazy,* 982 F.2d 769, 775 (2d Cir.1992); *In re Flor,* 79 F.3d 281, 283 (2d Cir.1996); *accord In re Johns-Manville Corp.,* 824 F.2d 176, 179 (2nd Cir.1987) (bankruptcy court order is final and immediately appealable "if it disposes of discrete disputes within the larger case")(internal quotation omitted). The reversal of the Bankruptcy Court's Ruling and Order will end the entire dispute between the Appellants and Appellee and will, for all practical purposes, precipitate the quick disposal of Appellee's bankruptcy case. Thus, the Ruling and Order are final orders and this Court has jurisdiction to hear these appeals.

### III.   APPELLEE'S CHALLENGE OF APPELLATE JURISDICTION IS MOOT

Should the Court determine that the Ruling and Order are not final orders of the Bankruptcy Court, Appellee's challenge to this Court's jurisdiction is moot nevertheless. On December 13, 2004, Appellants filed their Notice of Appeal of the Ruling (App. at A00532-A00534) and Motion for Leave to Appeal (A00519-A00531.) On or about February 20, 2005,

4

Appellants filed their second Notice of Appeal (App. at A00908-A00939) and Motion for Leave to Appeal (App. at A00831-A00871). The two appeals were consolidated by order of this Court into Civil Action No. 05-004 on September 27, 2005. In response to the first motion for leave to appeal [Bankruptcy Court D.I. 50] and in response to the Appellants' motion to consolidate these appeals [D.I. 8], Appellee implicitly objected to the Court's exercise of jurisdiction over these appeals. Interestingly, Appellee did not object or otherwise respond to Appellants' second motion for leave to appeal the Order denying the motion to dismiss.

Notwithstanding Appellee's responses, the Court entered an Order setting a briefing schedule on September 9, 2005 [D.I. 6] and an Amended Order on September 13, 2005 [D.I. 7]. The Court set the dates for the substantive briefs on the issues on appeal. And the Court disposed of the remaining procedural issue when it granted Appellants' motion to consolidate the two appeals.

Appellants complied with the Amended Scheduling Order by filing their Opening Brief on October 11, 2005 [D.I. 11]. The basis for the Court's jurisdiction over these appeals was set forth in the Opening Brief. Thereafter, Appellee filed a motion seeking an extension of time to file its answering brief [D.I. 17]. Appellee failed to raise any question about the jurisdiction of this Court concerning the appeals in its motion to extend time or otherwise seek any declaration or instruction from this Court concerning such issue, even though the basis for jurisdiction was set forth clearly in the Opening Brief. The Court granted the extension and set forth yet a third briefing schedule in these consolidated appeals [D.I. 20].

Appellee has waited over ten months from the filing of the first appeal to question whether this Court has jurisdiction over the appeals in its Answering Brief. Over these months, the Court, the Appellants and the Appellee have expended great amounts of time, energy and

5

money on the appeals. Every step and indication throughout this consolidated proceeding has pointed to the Court assuming jurisdiction over the appeals. The Court apparently either determined that the Ruling and Order are final orders or granted leave to appeal. The Court set the briefing schedule requiring substantive briefs on the legal issues presented in these consolidated appeals and disposed of the procedural issue of consolidation. Appellee failed to raise the issue of appellate jurisdiction in its motion for extension of time to file its answering brief. The Court disposed of both Appellants' motion to consolidate these appeals and Appellants' motion without mention of this Court's exercise of jurisdiction. Appellee's objection to appellate jurisdiction in the Answering Brief is thus rendered moot as the Court has assumed jurisdiction.

## IV.   THIS COURT SHOULD EXERCISE ITS DISCRETION TO HEAR INTERLOCUTORY APPEALS

In the event this Court determines that the Ruling and Order are not final orders and that Appellee's challenge to this Court's exercise of jurisdiction has not been overruled or somehow has been preserved by Appellee, then this Court should exercise its discretion and grant Appellants' motions for leave to proceed with these consolidated appeals.[5] The Court's actions in this case demonstrate to Appellants its willingness to hear these appeals even if interlocutory. Had the Court doubts as to its appellate jurisdiction, it could have challenged the jurisdiction over the appeals at anytime on its own initiative. *See Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) ("Even though the parties have raised no objection to our

---

[5] Appellants addressed these issues in Section IV of their Opening Brief and incorporate those arguments herein as though set forth at length below. As Appellee did not respond in any material way to these arguments setting forth the discretionary basis for this Court to hear the appeals should the Court view the Ruling and the Order as interlocutory orders, therefore, Appellants believe it is not necessary to reiterate these arguments. Appellee evidently must have no support for an argument to the contrary.

6

jurisdiction over this appeal, we are obligated to consider whether there is a final judgment of the district court.").

## V. FAILURE TO RESPOND TO OPENING BRIEF CONSTITUTES WAIVER

Appellee fails to respond to the second, third and fourth issues raised in the Opening Brief.[6] Appellee's failure to respond constitutes Appellee's acquiescence to Appellants' position and is tantamount to a waiver. *Cincinnati Insurance Company v. Eastern Atlantic Insurance Company*, 260 F.3d 742, 747 (7th Cir. 2001)(failure to respond to arguments in brief constitutes waiver); *Skunda v. Pennsylvania State Police*, 47 Fed. App. 69, 71 (3d Cir. 2002)(same). By its failure to respond, Appellee waives any challenge to, among the other arguments, the Appellants' contention that the Bankruptcy Court improperly converted the Motion to Dismiss to a motion for summary judgment. Still, throughout its arguments in the Answering Brief, Appellee points to documents beyond those included in an appeal of the motions to dismiss. These documents, including the oft-cited Mervine Affidavit, therefore, are not before this Court in these appeals.

## VI. APPELLEE ALLEGES THAT APPELLANTS ARE AGENTS OF MERCANTILE

Appellee makes the outrageous statement that it "has never—not once—alleged that [the Appellants] were agents of Mercantile."[7] Answering Brief, p. 6. Appellee asserts that it did not allege an agency relationship despite the fact that the Bankruptcy Court determined that it did. Appellee alleged in the Amended Complaint that the

---

[6] *See* footnote 2, *supra* and accompanying text.
[7] Appellee states in full: "Assuming *arguendo* that [the Appellants'] motions to dismiss are not interlocutory, and are properly before this Court, [Appellee] has never—not once—alleged that [the Appellants] were the agents of Mercantile, and one will not find such an allegation anywhere in the Second Amended Complaint." Answering Brief, p.6. This is a compound sentence consisting of two independent thoughts. Each clause can stand on its own as a whole sentence. "Assuming *arguendo* that [the Appellants'] motions to dismiss are not interlocutory, and are properly before this Court, [Appellee] has never—not once—alleged that [the Appellants] were the agents of Mercantile." "One will not find such an allegation anywhere in the Second Amended Complaint."

Appellants "served at the direction and pleasure of Mercantile." (Amended Complaint ¶33, App. at A00086). The Bankruptcy Court explained to counsel for Appellee:

> Let me put it succinctly. And I tried to be polite in my [October 8, 2004] letter where I said - - quoted from paragraph 33 of the complaint, and I said this sure sounds like an agency relationship to me. Let me put it bluntly. I conclude that that's an assertion of an agency relationship.

Transcript of Hearing of December 3, 2004 at 4 (App. at A00960.) The "direction and pleasure" allegation is a clear allegation establishing an agency relationship between Mercantile as principal and Appellants as agents. The Bankruptcy Court concluded, in no uncertain terms, that this allegation pled an agency relationship.

Appellee is now estopped from asserting that it never asserted the existence of an agency relationship between Mercantile and Appellants. Appellee never challenged, moved for reconsideration, appealed, or even cross-designated as an issue in these appeals the Bankruptcy Court's finding that Appellee had alleged agency in its Amended Complaint. The Bankruptcy Court's finding and conclusion of law that Appellee pled an agency relationship through a formal statement in its pleadings is final.

An allegation in a complaint is a formal intentional statement by the party asserting the allegation. Such an allegation is a judicial admission that removes an admitted fact from the field of controversy and is binding on the Appellee throughout the proceedings. *Pesta v. Warren*, 2004 WL 1172996 (Del. Super. Ct. May 13, 2004). *See* 2 John W. Strong, McCormick on Evidence §§ 254, 257 (5th ed.1999) (effective pleadings in a case constitute binding and conclusive judicial admissions within such case); *Glick v. White Motor Co.,* 458 F.2d 1287, 1291 (3rd Cir.1972) *citing State Farm Mutual Automobile Insurance Co. v. Worthington,* 405 F.2d 683, 686 (8th Cir.1968) (judicial admissions are binding for the purpose of the case in which the

admission is made including appeals). The Appellee, therefore, has absolutely no basis to state that it has "never—not once" alleged that the Appellants were agents of Mercantile.

Despite Appellee's protestations to the contrary, one does still "find such an allegation" in the Second Amended Complaint. Answering Brief, p.6. A fair reading of the Second Amended Complaint in its entirety draws one to the inescapable conclusion that Appellee intends to establish an agency relationship between Mercantile and Appellants. Appellee relies heavily on allegations of control, dominance and benefit in specifically pleading its allegations of fraud. Essentially, Appellee asserts that notwithstanding the fact that Appellee engaged Appellants, Appellants[8] entered into their engagement and performed their duties as Mercantile's servant, thereby defrauding Appellee from its intended benefit under the agreement with them. The inclusion of allegations establishing an agency relationship is necessary in order for Appellee to plead fraud with specificity as required by Fed.R.Civ.P. 9, made applicable hereto through Fed.R.Bankr.P. 7009. Such allegations also help Appellee present a logical basis for its allegations of Appellants' motivations. The apparent necessity of such allegations to Appellee's case is what has caused Appellee so many problems in trying to remove all such allegations.

The Bankruptcy Court never made a ruling that paragraph 33 of the Amended Complaint was the only place that included allegations of agency. From its colloquy with the Bankruptcy Judge, Appellee apparently assumed that paragraph 33 of the Amended Complaint was the only allegation that needed to be deleted.[9] The Bankruptcy Court told Appellee to remove all allegations of agency and Appellee responded that it would remove paragraph 33 of the Amended Complaint.[10] Still, even without the "direction and pleasure" language of paragraph

---

[8] Appellants assert that only KMR is a party to any agreement with Appellee and does not intend here to admit anything to the contrary or waive such position. Appellants merely point out Appellee's allegations.
[9] See Transcript of December 3, 2004 Hearing at pp. 4-5.
[10] Id.

9

33 of the Amended Complaint, the Second Amended Complaint is still replete with allegations of agency that Appellee hopes this Court will overlook as well.

As such, Appellee did allege and continues to allege that Appellants acted as the agents of Mercantile. It did so in its initial Complaint and repeated such allegations in its Amended Complaint and elsewhere. Appellee continues to allege an agency relationship between Mercantile, as principal, and Appellants, as agents, in its Second Amended Complaint. Each and every one of these allegations, and all such allegations taken together, are judicial admissions and binding on Appellee.

## VII.   APPELLEE FAILS TO RESPOND TO ARGUMENT THAT IT MADE JUDICIAL ADMISSIONS

Appellee ignores Appellants' argument that the Bankruptcy Court erred by its failure to determine that Appellee's judicial admissions are dispositive of the adversary proceeding.[11] Rather, Appellee chooses instead to contend that the doctrine of "judicial estoppel" does not apply.[12]

In the event this Court somehow transmogrifies Appellee's judicial estoppel argument into a response to Appellants' judicial admission argument, the doctrine of judicial admission applies in this matter to require the Bankruptcy Court to dismiss the Amended Complaint and/or the Second Amended Complaint. As set forth above and in the Opening Brief, paragraph 33 of the Amended Complaint constitutes a judicial admission. Paragraph 33 of the Amended Complaint, among the other allegations repeated by Appellee, is a "formal statement by a party in the course of judicial proceedings, which removes an admitted fact from the field of

---

[11] Appellee's failure to address the issue of judicial admission constitutes Appellee's concurrence with Appellants' argument and a waiver by Appellee that it did not make such judicial admissions. *See Cincinnati Insurance Company v. Eastern Atlantic Insurance Company*, 260 F.3d 742, 747 (7th Cir. 2001); *Skunda v. Pennsylvania State Police*, 47 Fed. App. 69, 71 (3d Cir. 2002).

[12] *See* footnote 4 of Appellants' Opening Brief for its response and argument contra Appellee's assertion that judicial estoppel does not apply. Appellants' argument contra is incorporated herein.

10

controversy." *Pesta v. Warren*, 2004 WL 1172996 (Del. Super. Ct. May 13, 2004). "[E]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties." *Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir. 1990).

Both this Court and the Supreme Court of Delaware have ruled that once a party makes a factual judicial admission in its pleadings that party cannot take an alternative factual stance in order to set forth a different legal argument. *Gould v. American Hawaiian Steamship Company*, 55 F.R.D. 475 (D. Del. 1972); *Krauss v. State Farm Mutual Automobile Insr. Co.*, 2004 WL 2830889 at *4 (Del. Super. Ct. Apr. 23, 2004). In both of these cases, the plaintiffs pled themselves out of court. *See id.* The result should be no different in this Court.

Here again, Appellee failed to respond to Appellants' argument, failed to address the issue head on and failed to distinguish the cases cited by Appellant. Appellee did not appeal or otherwise challenge the Bankruptcy Court's finding that it alleged an agency relationship and whether Appellee alleged agency is not before this Court. Before this Court is the issue designated by Appellant, that the Bankruptcy Court having found and determined that Appellee alleged an agency relationship, erred by ignoring Appellee's judicial admissions and directing Appellee to amend its complaint. Compounding this error, the Bankruptcy Court then denied the Appellants' motion to dismiss the Second Amended Complaint, further ignoring the necessary result of Appellee's judicial admissions. Appellee waived any challenge to the Bankruptcy Court's holding that it alleged agency and now waives any argument that the Bankruptcy Court did not commit an error. Essentially, Appellee waives its challenge to these appeals. Although the application of the doctrine of judicial admissions is central to these appeals, Appellee failed to address this issue in its Reply Brief.

11

Appellee pled a set of facts directly establishing the existence of an agency relationship. Appellee admits the existence of an agency relationship between Mercantile, as principal and Appellants, as agents. The existence of the several releases running in favor of Mercantile **and its agents** should have put Appellee out of court with no further ability to amend its pleading, let alone an instruction to do so by the Bankruptcy Court. Appellee's failure now to respond to Appellants' arguments and to distinguish the cases relied on by Appellants constitutes Appellee's acquiescence to Appellants' position and waiver by Appellee of its challenge and opposition.

### VIII. APPELLEE CONTINUES TO ALLEGE ACTUAL AND APPARENT AGENCY

In its Reply Brief, Appellee argues whether it plead actual or apparent agency. Appellee alleged both. Paragraph 33 of the Amended Complaint alleges an actual agency relationship. Assuming *arguendo* that Appellee is not bound by its judicially admitted actual agency allegations in its Amended Complaint and elsewhere and that Appellee is entitled to a fresh start in these proceedings by the filing of its Second Amended Complaint, Appellee still makes allegations of apparent agency throughout the Second Amended Complaint. Appellee refuses to admit that the Second Amended Complaint contains allegations that the Appellants were agents of Mercantile, because Appellee continues to define agency in a limited, crippled context, instead of acknowledging that agency includes apparent agency as recognized under Delaware law. The Second Amended Complaint, read in its entirety, undoubtedly professes an apparent agency relationship between the Appellants and Mercantile.

The concept of apparent agency or authority focuses not upon the actual relation of a principal and agent, but the apparent relationship. *Billops v. Magness Constr. Co.*, 391 A.2d 196 (Del. 1978). Manifestations by the alleged principal that create a reasonable belief in a third party that the alleged agent is authorized to bind the principal, create an apparent agency from

which spring the same legal consequences as those which result from an actual agency. *Finnegan Constr. Co. v. Robino-Ladd Co.*, 354 A.2d 142 (Del. Super. Ct. 1976). Apparent agency or apparent authority "arises when the principal creates by its words or conduct the reasonable impression in a third party that the agent has authority to act." *Guyer v. Haveg Corp.*, 205 A.2d 176, 180 (Del. Super. Ct. 1964), *affd.* 211 A.2d 910 (Del. 1965).

The two elements necessary to establish apparent agency under Delaware are included throughout the Second Amended Complaint. *See Billops v. Magness Constr. Co.*, 391 A.2d 196 (Del. 1978); *see also Yellow Book USA, LP v. Dearworth*, 2002 WL 31999361 (Del. Com. Pl. Oct. 1, 2002) (discussing *Billops v. Magness Constr. Co.*). According to the Second Amended Complaint, Mercantile by its acts and conduct held out the Appellants as being authorized to act on its behalf and, second, Appellee reasonably relied upon what it perceived as Mercantile's representation. *Id.* A close scrutiny, or even a general reading, of the Second Amended Complaint in the light of the law of apparent agency, leads to the inescapable conclusion that the Second Amended Complaint continues to set forth judicial admissions of agency.[13] Accordingly, this Court should apply the doctrine of judicial admission and reverse either or both the Ruling and Order.

## IX    THE MERVINE AFFIDAVIT FAILS TO NEGATE AGENCY ALLEGATIONS

Should the Court disregard Appellee's acquiescence to Appellants' argument that the Bankruptcy Court erred in converting the motion to dismiss to a motion for summary judgment and look to the Mervine Affidavit, the Court will discover the Mervine Affidavit provides no

---

[13] Appellee relies on the Mervine Affidavit in its reply. As stated above, the Mervine Affidavit is not properly before this Court, because it is not part of the pleadings that are the subject of the Motions to Dismiss and Appellee failed to argue contra that the Motions to Dismiss should not have been converted to motions for summary judgment. As it did with many other issues, Appellee waived this issue. Assuming *arguendo* that the Mervine Affidavit is before this Court, Mr. Mervine testifies that it appeared to him that Appellants were acting as Mercantile's agents. (Affidavit at ¶7, App. at A00464.)

support for Appellee's attempt to negate its allegations of agency. In the Mervine Affidavit, Mr. Mervine actually testifies, "[i]t almost appeared to me that [the Appellants]...were simply doing what Mercantile wanted them to do...." (Affidavit at ¶7, App. at A00464.) Moreover, Mr. Mervine raised with Riesner that, in Mr. Mervine's opinion, "it appeared [the Appellants] [were] more interested in making the Bank happy... and [Mr. Mervine] questioned who [the Appellants] were serving." (Affidavit at ¶8, App. at A00464.). Mr. Mervine, therefore, testifies that he, a third party and president of the Appellee believed that Mercantile not only consented, but desired, that Appellants do Mercantile's bidding and, relying on this belief, found it necessary, at a minimum, to confront Riesner with this opinion. *See Billops v. Magness Constr. Co.,* 391 A.2d 196 (Del. 1978) (two elements are necessary to establish apparent agency under Delaware law: 1) by its acts and conduct the principal must hold out the alleged agent as being authorized to act in the principal's behalf; and 2) the third party must reasonably rely upon this representation). The Mervine Affidavit provides additional support of Appellee's confusion over the included allegations of agency its complaints. *See id.*

Appellee engaged Appellants in October 2000. For the next fifteen months, Appellee believed Appellants acted as Mercantile's agents. Not until January 2002 did Mr. Mervine inquire and Appellants deny such a relationship. Notwithstanding such denial, the Second Amended Complaint, especially in light of the Amended Complaint and Paragraph 33, thereof suggests only that Mr. Mervine did not believe Mr. Riesner's denial. For, the Court must judge apparent authority from the third party's perspective during the tenure of the relationship, not at a latter date, such as when a release is being signed. *See Reiss v. Societe Centrale Du Groupe Des Assurs. Nationales,* 246 F. Supp. 2d 273, 283 (S.D.N.Y. 2003) (apparent authority "focuses on the cloak of authority at the time of the transaction"); *see also Herbert Construction Co. v.*

*Continental Ins. Co.*, 931 F.2d 989, 993 (2d Cir. 1991) (apparent authority exists where the agent is "responsible for the appearance of authority in the agent to conduct the transaction in question."). Mr. Mervine evidently believed in the apparent agency of the Appellants to Mercantile at least until the time he confronted Riesner, after the cessation of the Appellants' employment, if not beyond. Rather than disproving agency allegations, the Mervine Affidavit bolsters Appellant's admissions and allegations in the complaints and other pleadings that Appellee continue to impress upon the Courts that the Appellants acted at Mercantile's direction, as its agents.

### X.  THE BANKRUPTCY COURT IMPROPERLY REFUSED TO DISMISS THE PREFERENCE CLAIMS AGAINST RIESNER AND JUSTIS

The Appellants contention that the Bankruptcy Court erred in refusing to dismiss the Appellant's preference claim against individual defendants Riesner and Justis is hardly without merit, as Appellee baldly asserts. Rather than providing any analysis as to how the allegations identify or adequately plead that individuals Riesner and/or Justis received the allege transfers, Appellee simply quotes the Bankruptcy Court's holding. In fact, the correct application of the law validates Appellants' contention. The Bankruptcy Court allowed the identity of a transferee to be *inferred*, rather than specifically identified, as required under the proper application of the law.

The proper pleading of preference actions requires that specific identifying factors be included in an avoidance action, namely: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) *name of transferee* and (iv) the amount of the transfer." *See In re APF Co.*, 308 B.R. 183, 188 (Bankr. D. Del. 2004) quoting *In re Valley Media*, 288 B.R. 189, 192 (Bankr. D. Del. 2003). The Complaint, Amended Complaint and Second Amended Complaint

15

generally plead that KMR, Riesner and Justis allegedly received one or more transfers and that the alleged transfers were to or for their benefit. However, Exhibit B to the Complaint and Second Amended Complaint[14] identifies "KMR Management" as the recipient of each alleged transfer.[15] (Complaint, Exhibit B, App. at A00038; Second Amended Complaint, Exhibit B, App. at A00518.) The stated allegations fail to show that any of the alleged preferential transfers were "to or for the benefit of" Riesner and/or Justis, individually. The allegations further fail to identify or adequately plead that Riesner and/or Justis received the alleged transfers identified in Exhibit B. Accordingly, Count XII must be dismissed as to the individual defendants Riesner and Justis.

## XI. CONCLUSION

For all of the foregoing reasons, the Appellants respectfully reiterate that the Court should reverse the December 3, 2004 Ruling on which the First Appeal is based and the February 10, 2005 Order on which the Second Appeal is based and grant Appellants' motions to dismiss without further remand needed for any factual findings.

Dated: December 12, 2005                EDWARDS ANGELL PALMER & DODGE, LLP

_____
Stuart M. Brown, Esquire (DE No. 4050)
Denise Seastone Kraft (DE No. 2778)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Tel.: 302.777.7770
Fax: 302.777.7263

*Attorneys for FleetBoston Financial Corporation, KMR Management, Inc., Robert Riesner, and Waring S. Justis, Jr.*

---

[14] The Amended Complaint did not attach Exhibit B.
[15] The single exception is the transfer identified as Check No. 8728, which identifies "KMR ???" as the vendor.